<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

| | | |
|---|---|---|
| BRENDA LEWIS, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV2304(MRK) |
| | | |
| V. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION, | | |
| ET AL. | : | |
| *Defendant* | : | January 27, 2004 |

<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>
<u>TO PLAINTIFF'S FOURTH AMENDED COMPLAINT</u>

1.     Admit.

2.     Admit.

3.     The Defendants admit paragraph 3 only to the extent it reflects the appointment of the Commissioner of Correction and her duties as stated in Conn. Gen. Stat. § 18-80 and § 18-81, and to the extent it recognizes that Theresa Lantz replaced John Armstrong on March 11, 2003 as Acting Commissioner.  The Defendants deny the remainder of paragraph 3.

4.     Paragraph 4 is admitted, except that it is denied with regard to effective date of Kruk's reassignment out of Affirmative Action Unit, which occurred on Sept. 1, 2002, and therefore, it is denied that he was at all times relevant to the Complaint the Director of DOC Affirmative Action Unit; and it is further denied that he has authority to punish for claims of discrimination as punishment, i.e., discipline is within the responsibilities of Human Resources, not the Affirmative Action Unit.

5.      Paragraph 5 is denied except to the extent that it alleges Murphy was the Facility Warden at the Hartford CC until his last day there on June 27, 2002, and as such was responsible for administering, coordinating, supervising and controlling the operations of the Hartford CC, and was in certain respects specifically responsible, either directly or in a supervisory capacity, for: (a) the supervision, training, and control of persons working for the Facility.  Furthermore, subparagraph (b) is too vague with regard to what is referred to with regard to policies and practices concerning the fair and equal treatment of facility employees and defendant must leave plaintiff to her proof.

6.      Paragraph 6 is denied except that it is admitted only to the extent it alleges that Erik Sousa was a Lieutenant at all times relevant to the Complaint, as such he is and was responsible for administering, coordinating, supervising and controlling certain operations of the Facility, and is and was in certain respects specifically responsible, either directly or in a supervisory capacity, for: (a) the supervision, training, and control of persons working for the Facility.  Furthermore, subparagraph (b) is too vague with regard to what is referred to with regard to policies and practices concerning the fair and equal treatment of facility employees and defendant must leave plaintiff to her proof.

7.      The Defendants leave the plaintiff to her proof with regard to these jurisdictional allegations, which being conclusory legal allegations rather than factual, do not require an answer.

8.      The Defendants leave the plaintiff to her proof with regard to these conclusory legal allegations.

9.      The Defendants leave the plaintiff to her proof.

10.    The Defendants deny that all the defendants reside in the District of Connecticut, and leave the plaintiff to her proof with regard to establishing proper venue.

11.    The Defendants admit paragraph 11.

12.    Defendants deny paragraph 12.

13.    Defendants deny paragraph 13 except that they admit only that there were some times when Lt. Sousa's shift overlapped by one hour into plaintiff's shift.

14.    Defendants deny paragraph 14.

15.    Defendants deny paragraph 15 except that they admit only that the medical records reflect that the plaintiff suffered an acute myocardial infarction (heart attack) on March 9, 2001.

16.    Defendants deny paragraph 16.

17.    With regard to paragraph 17, Defendants admit only that Plaintiff did not submit her complaint to the Connecticut Commission on Human Rights and Opportunities ("CHRO") until on November 30, 2001 and that by statute, CHRO lack jurisdiction to investigate such a complaint unless it is brought within 180 days of the incident complained of, and that CHRO provided Plaintiff final notice that her case had been dismissed as untimely on February 4, 2002. The defendants deny the remainder of said paragraph.

18.    Defendants admit paragraph 18 except deny that the charge to EEOC was on Jan. 28, 2002 because the EEOC file stamp date reads Feb. 1, 2002.

19.    Defendants admit paragraph 19 to the extent it states that mediation efforts on Sept. 6, 2002 were unsuccessful and that the original court complaint was filed with the U.S. District Court on Dec. 27, 2002, and leaves the plaintiff to her proof with regard to the remainder.

20.    Defendants leave plaintiff to her proof with regard to paragraph 20.

21.     Defendants deny the first and second sentences in paragraph 21.  The defendants leave the plaintiff to her proof with regard to the third sentence in paragraph 21.

22.     Defendants admit paragraph 22.

23.     The Defendants admit only that plaintiff called and spoke with Lt. Dorozko and that plaintiff stated that she did not feel well.  The Defendants further admit that Lt. Dorozko indicated that she would send relief.  The Defendants leave the plaintiff to her proof with regard to the remainder of paragraph 23.

24.     The Defendants leave plaintiff to her proof with regard to the first and third sentences in paragraph 23 and deny the second sentence in paragraph 24.

25.     The Defendants admit the first sentence of paragraph 25. The defendants leave plaintiff to her proof with regard to the second sentence.   The Defendants admit the third sentence with regard to the fact an ambulance was called and plaintiff was transported to St. Francis Hospital, Hartford, but as to the remainder admits only that the medical records reflect that she had suffered acute inferior myocardial infarction (a heart attack).

26.     The Defendants admit paragraph 26.

27.     The Defendants deny paragraph 27.

28.     The Defendants leave the plaintiff to her proof with regard to paragraph 28.

29.     The Defendants deny paragraph 29 to the extent it alleges that Lt. Sousa engaged in discriminatory and retaliatory practices toward the Plaintiff.  The Defendants admit that Lt. Sousa has never received any form of discipline.

30.     The Defendants deny paragraph 30.

31.     The Defendants deny the preliminary clause in paragraph 31.  The Defendants deny the subparagraphs relating to June 20, 2001 and March 29, 2002.  With regard to subparagraph relating to April 22, 2002, the Defendants admit only that Sousa made a tour of Plaintiff's work unit and entered her "bubble," engaged in a conversation regarding the original incident complained of, relating back to March 9, 2001, that plaintiff asked why Sousa lied at the Step III grievance, that upon leaving, Sousa turned back and accused Plaintiff of "assaulting" him by hitting him with the door as he left, that the nurse noted no marks or bruises from when she examined him in Medical, that Sousa called the State Police to investigate this incident, that the Connecticut State Police investigated the incident, including viewing the videotape which proved to be inconclusive and that the State Police determined that charges for assault were unsubstantiated**,** that the incident was thoroughly investigated as a possible incident of workplace violence and the "Central Intelligence Unit" prepared a report on June 12, 2002 concluding that "due to lack of evidence and/or witnesses this investigator is unable to prove or disprove the claims made by LT. Sousa," that no disciplinary action was taken against Sousa and that it was duly reported to responsible officials.  The defendants deny the remainder of said paragraph.

With regard to subparagraph relating to July 24, 2002, the Defendants, other than Murphy, admit only that plaintiff was denied overtime and the call record book was marked "NC."  The Defendants deny the fifth sentence in said paragraph.  The Defendants, other than Murphy, leave plaintiff to her proof with regard to the remainder of said paragraph.  Defendant Murphy left Hartford CC as of June 27, 2002, so he has no knowledge and leaves plaintiff to her proof with regard to the whole paragraph.

With regard to subparagraph relating to August 13, 2002, Defendants, other than Murphy, admit only sentences three, four, five and six, leaves plaintiff to her proof with regard to sentences one, two, and seven, and deny sentence eight.   Defendant Murphy left Hartford CC as of June 27, 2002, so he has no knowledge and leaves plaintiff to her proof with regard to whole paragraph.

32.     The Defendants deny paragraph 32.

33.     The Defendants deny paragraph 33.

34.     The Defendants admit paragraph 34 to the extent that it means to reflect the actual wording of DOC's Administrative Directive 2.1 which states:

5.  Affirmative Action Unit.  The Affirmative Action Unit responsibilities shall, include but not be limited to: … D. Conduct and oversee the investigation and resolution of discrimination complaints from the Connecticut Commission on Human Rights and Opportunities (CHRO), Equal Employment Opportunities Commission (EEOC), other federal and state agencies and complaints made under the Department's Affirmative Action Grievance Procedure….G.  Provide training to all employees concerning equal employment opportunity and affirmative action….L. Review annually personnel actions to determine if there has been an adverse impact, and recommend appropriate steps to alleviate any identified disparity…."  The remainder of said paragraph is denied.

35.     With regard to paragraph 35, the Defendants admit only the contents of Administrative Directive 2.22 as speaking for itself and deny the remainder of the paragraph.

36.     The Defendants deny paragraph 36.

37.     With regard to paragraph 37, the Defendants admit only the contents of Administrative Directives 2.1 and 2.2 as speaking for themselves and that 2.2 relates only to Sexual Harassment (not part of this complaint) and deny the remainder.

38.     The Defendants deny paragraph 38.

39.     With regard to paragraph 39, the Defendants admit only the contents of Administrative Directive 2.2 as speaking for itself and relating only to Sexual Harassment (not part of this complaint) and denies the remainder.

40.     The Defendants deny paragraph 40.

41.      With regard to paragraph 41, the Defendants admit only the contents of Administrative Directive 2.2 as speaking for itself and relating only to Sexual Harassment (not part of this complaint) and deny the remainder.

42.     The Defendants deny paragraph 42.

43.     The Defendants admit paragraph 43.

44.     The Defendants deny paragraph 44.

45.     The Defendants admit paragraph 45.

46.     The Defendants deny paragraph 46.

47.     The Defendants admit paragraph 47 only to the extent it refers to the filing of three unsubstantiated allegations of racial discrimination; otherwise it is denied.

48.     The Defendants admit paragraph 48 only to the extent it recognizes that Defendant Sousa has never acted so as to deprive any officers of their privileges, benefits and immunities of their employment.  The Defendants deny the remainder of said paragraph.

49.     The Defendants deny this paragraph as vague and leave the plaintiff to her proof.

50.    The Defendants reallege and incorporate herein by reference each and every answer responsive to allegations of paragraphs 1 through 49 as though restated entirely in this paragraph 50.

51.    The Defendants leave plaintiff to her proof with regard to paragraph 51.

52.    The Defendants deny paragraph 52.

53.    The Defendants reallege and incorporate herein by reference each and every answer responsive to allegations of paragraphs 1 through 49 as though restated entirely in this paragraph 53.

54.    The Defendants deny paragraph 54.

55.    The Defendants deny paragraph 55.

56.    The Defendants reallege and incorporate herein by reference each and every answer responsive to allegations of paragraphs 1 through 49 as though restated entirely in this paragraph 56.

57.    With regard to paragraph 57, the Defendants deny the clause "except as otherwise stated herein," and admit the clause "the Individual Defendants Kruk, Murphy and Sousa were acting in the course and scope of their employment" only to the extent the latter clause refers to conduct admitted by defendants.  Otherwise, the defendants leave the plaintiff to her proof.

58.    The Defendants admit paragraph 58.

59.    The Defendants deny paragraph 59.

60.    The Defendants deny paragraph 60.

61.    The Defendants deny paragraph 61.

62.    The Defendants deny paragraph 62.

63.     The Defendants deny paragraph 63.

64.     The Defendants deny paragraph 64.

65.     The Defendants deny paragraph 65.

66.     The Defendants deny paragraph 66.

67.     The Defendants reallege and incorporate herein by reference each and every answer responsive to allegations of paragraphs 1 through 49 as though restated entirely in this paragraph 67.

68.     The Defendants deny paragraph 68.

69.     The Defendants deny paragraph 69.

The Defendants deny that any relief is due the plaintiff.

<strong>AFFIRMATIVE DEFENSES</strong>

<strong><u>FIRST AFFIRMATIVE DEFENSE</u></strong>

The complaint fails to state a claim upon which relief can be granted.

<strong><u>SECOND AFFIRMATIVE DEFENSE</u></strong>

Some of plaintiff's claims are barred by the Eleventh Amendment and sovereign immunity.

<strong><u>THIRD AFFIRMATIVE DEFENSE</u></strong>

The defendants are protected by qualified immunity.

<strong><u>FOURTH AFFIRMATIVE DEFENSE</u></strong>

Defendant Sousa is protected by immunity provided by Conn. Gen. Stat. § 4-165.

<strong><u>FIFTH AFFIRMATIVE DEFENSE</u></strong>

The plaintiff has failed to exhaust her administrative remedies.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

The defendants exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior and the plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the defendants or to avoid harm otherwise.

DEFENDANT,
STATE OF CONNECTICUT,
DEPT. OF CORRECTION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Beth Z. Margulies
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax:  (860) 808-5383
E-Mail Address:
Beth.Margulies@po.state.ct.us
Federal Bar No.: ct 08469

## CERTIFICATION

I hereby certify that a copy of the foregoing **Answer with Affirmative Defenses** was

mailed this 27th day of JANUARY, 2004 first class postage prepaid to:

**Lowell Peterson, Esq.**
**Community Law Practice, LLC**
**2065-A Main Street**
**Hartford, CT 06120**
**Tel:  860-728-3788**
**Fax:  860-728-3755**
**lpeterson@clpllc.com**
Federal bar # ct-22165

_____
Beth Z. Margulies
Assistant Attorney General