UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRENDA LEWIS,** | : | CIVIL ACTION CASE NO. |
| *Plaintiff* | : | 3:02CV2304(MRK) |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE OF CONNECTICUT,** | : | |
| **DEPARTMENT OF CORRECTION,** | : | |
| **ET AL.** | : | |
| *Defendants* | : | FEBRUARY 19, 2004 |

**PLAINTIFF'S REQUEST FOR ENLARGEMENT OF TIME**

  Pursuant to the Court's Order On Pending Motions dated November 6, 2003, Hon. Mark R. Kravitz, U.S.D.J., with respect to the captioned matter, all discovery (including Interrogatories, Requests For Production, Requests For Admission and Depositions) is to be completed, not just propounded, by March 15, 2004. At the current state of the proceedings, Defendants' written discovery was served on Plaintiff on July 31, 2003 and Plaintiff answered on August 29, 2003; Plaintiff's written discovery was served on Defendants on October 6, 2003 and Defendants answered on January 27, 2004; Defendants took Plaintiff's deposition on January 21, 2004; and, pursuant to notice to Plaintiff's counsel dated January 21, 2004, Defendants do not at this time intend to depose Plaintiff's expert nor to identify any experts of their own. Thus, to the best of Plaintiff's knowledge and belief, the only discovery remaining prior to a trial of this

matter is Plaintiff's depositions of Erik Sousa, Donald Kruk and Peter Murphy.  As noted above, the Court has requested that these depositions be completed by March 15.

    The undersigned counsel ("Counsel") for Plaintiff represents that it is not possible for him to notice and complete the outstanding depositions by that date for the following reasons:

1. With the exception of today's date and the holiday for President's Day, Counsel has either been on trial, in depositions, in mediation or in receivership hearings, every day in the month of February.  In addition, over this same period of days, Counsel has been required to submit a Fed.R.Civ.P. 26(f) conference report in two other federal district court cases, provide an exhaustive claim for compensatory damages in a federal EEOC discrimination case and complete jury selection in a felony trial.  Of most significance is the fact that the court in the latter trial has advised the parties that trial is expected to last until March 26, 2004.

2. Counsel's good faith intention was to review the voluminous discovery provided by Defendants on January 27 over the first two weeks of February, then notice the three outstanding depositions for the weeks of February 16, February 23 and March 1.

3. Notwithstanding these intentions, Counsel had *no* prior notice that the administrative judge in the federal EEOC case above (altogether unrelated to this matter) was planning to issue summary judgment in his client's favor on January 31 and would require the referenced damage analysis within 15 days; and only *48 hours* advance notice that the criminal trial referenced above was to commence the week of February 9.  In yet another matter, the State Superior Court also ruled in favor of Counsel's clients on a motion to dismiss and a motion to strike in a case that will necessitate Counsel's prompt application for injunctive relief.

4. Counsel for the Plaintiff is a solo practitioner and has no one available to take over any of these various tasks during his absence.

5. Counsel for the Plaintiff has discussed this Request For Enlargement Of Time with counsel for all Defendants. They have indicated that they concur in this request without objection, *provided that* Plaintiff likewise request an extension of the Court's deadline for dispositive motions from April 15 to May 15, and an extension of the filing date for the Joint Trial Memorandum from May 1, 2004 to June 1, 2004 (or 30 days following the Court's decision on dispositive motions, whichever is later).

6. Counsel shall promptly file notices of deposition of the three named Defendants to commence no later than the week of March 29, 2004 (or earlier if the referenced trial concludes prior to March 26), in order to complete all discovery no later than April 15.

FOR ALL THE FOREGOING REASONS, Plaintiff respectfully requests a favorable ruling upon this Request.

                                            FOR THE PLAINTIFF
                                            BRENDA J. LEWIS

                                            By: _____
Lowell L. Peterson – # ct 22165
Community Law Practice, LLC
2065-A Main Street
Hartford, CT 06120
Tel.860) 728-3788
Fax (860) 728-3755
lpeterson@clpllc.com

**CERTIFICATION OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiff's Request For Extension Of Time was served upon the following counsel of record by first class mail, postage prepaid on the 19th day of February 2004:

      Beth Z. Margulies, Esq., AAG
      Office of the Attorney General
      55 Elm Street, P.O. Box 120
      Hartford, CT 06106

      Joseph A. Jordano, Esq., AAG
      Office of the Attorney General
      55 Elm Street, P.O. Box 120
      Hartford, CT 06106

_____
Lowell L. Peterson