*Tel: ( 860 ) 808-5340*
*Fax: (860) 808-5383*

October 22, 2004

The Honorable Mark R. Kravitz
United States District Court Judge
United States District Court
141 Church Street
New Haven, Ct
06510

RE:  **Lewis v. DOC**, **3:02CV2304(MRK)**

Dear Judge Kravitz:

     I am writing to bring to your attention the following cites which address some of the issues discussed at oral argument on Oct. 14, 2004.

*First Prong of Faragher/Ellerth Defense*:

     Faragher v. City of Boca Raton, 524 U.S. 775, 807-808 (1998) and Burlington Industries, inc. v, Ellerth, 524 U.S. 742, 765 (1998) (promulgation of an anti-harassment policy with complaint procedures or a stated policy suitable to the employment circumstances appropriately addressed first element of the defense; demonstration of employee's failure to use complaint procedure will normally suffice re second element).

*Protected Activity As Reference Point For Retaliation Claim:*

     Nichols, J.R. v. Caroline County Bd. of Education, 2004 U.S. Dist. LEXIS 2851 (2004) (where plaintiff claimed retaliation based on filing of EEOC claim and subsequent lawsuit, neither the dismissal of the lawsuit, nor the denial of sanctions can serve as the point of reference for his retaliation claim because neither constitutes protected activity by the plaintiff) (attached hereto).  See also Deravin v. Kerik, 335 F.3d 195 (2d Cir. 2003) (with regard to "participation clause" within anti-retaliation provision, Title VII protects specific acts of participation by plaintiff employee in EEOC investigation, not underlying conduct which is being investigated).

The Honorable Mark R. Kravitz
October 22, 2004
Page 2

*Use of Disparate Treatment Evidence in Hostile Work Environment Analysis*:

    See <u>Raytheon v. Hernandez,</u> 540 U.S. 44, 520-21 (2003) (judgment vacated where court strayed from applying only analytical framework at issue because different discriminatory analytical frameworks exist for different theories under Title VII; improper to apply disparate impact analysis in disparate treatment case).

*Co-worker Testimony Not Directed at Plaintiff and Not Affecting Plaintiff's Employment*:

    <u>Griffith v. City of Des Moines</u>, No. 03-3266, 2004 U.S. App. Lexis 21438 * 8, *14-15 (8th Cir. Oct. 15, 2004) (coworker testimony about other occasions presented no evidence of discrimination against plaintiff and did not affect his employment; and complaining of discrimination in response to a charge of workplace misconduct is an abuse of the anti-retaliation remedy) (attached hereto).

                  Very truly yours,


                    Beth Z. Margulies
                    Assistant Attorney General


cc:    Lowell Peterson, Esq.