UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA LEWIS, | : | CASE NO.  3:02CV2304(MRK) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION, ET AL. | : | |
| *Defendants* | : | JULY 15, 2005 |

**JOINT TRIAL MEMORANDUM**

(1)  <u>TRIAL COUNSEL</u>:

<u>For the Plaintiff</u>:  Attorney Lowell L. Peterson, Fed. Bar # ct-22165, Community Law Practice, LLC, 2065-A Main Street, Hartford, CT  06120, Tel.: 860-728-3788, Fax: 860-728-3755; email: <u>lpeterson@clpllc.com</u>

<u>For the Defendants</u>:  Beth Z. Margulies, Assistant Attorney General, Fed. Bar # ct-08469, 55 Elm Street, P.O. Box 120, Hartford, CT 06141-1020, Tel.: (860) 808-5340, Fax: (860) 808-5383, E-mail: <u>Beth.Margulies@po.state.ct.us</u>;

Joseph Jordano, Assistant Attorney General, Fed. Bar # ct-21487, 55 Elm Street, P.O. Box 120, Hartford, CT 06141-1020, Tel.: (860) 808-5340, Fax:  (860) 808-5383, E-mail: <u>Joseph.Jordano@po.state.ct.us</u>.

(In the event Attorney Jordano is unavailable, another AAG may be substituted.)

(2)  <u>JURISDICTION</u>:  28 U.S. C. § 1331 (federal question) and 42 U.S.C. § 1343 (civil rights) for 42 U.S.C. § 2000e racially hostile work environment claim against DOC under Title VII of the 1964 Civil Rights Act, as amended by 42 U.S.C. § 1981a, and 42 U.S.C. § 1983 claim of violation of 42 U.S.C. § 1981 against Eric Sousa in his individual capacity.

(3)  <u>JURY/NON-JURY</u>:  The case is to be tried to the jury.

(4) <u>LENGTH OF TRIAL</u>:  The parties estimate that the trial should take between two and three weeks depending on the ruling on the Court's rulings on the parties' motions in limine.

(5) <u>FURTHER PROCEEDINGS</u>:

(a)  Plaintiff is filing herewith a motion in limine to exclude witnesses and evidence of statements by Correction Officer Salvatore Pitruzzello regarding alleged knowledge of "reverse discrimination" at HCC and by Correctional Counselor David Patterson regarding alleged knowledge of incidents when plaintiff was overly aggressive and non-professional, as such statements are inadmissible as one or more of irrelevant, prejudicial, improper character evidence, inadmissible lay opinion and/or inadmissible hearsay under F.R.E. 401, 402, 403, 404, 701, 801 and/or 802.  Plaintiff has further objected to the testimony of Major Neal Kearney, Officer David Grant and Officer Lamel L. Smith as improper character evidence and lacking in proper and sufficient foundation; and of Lt. Kyle Godding as irrelevant and immaterial to plaibntiff's claims of hostile work environment or to defendants' affirmative defense.

(b)  Defendants are filing a motion in limine to exclude witnesses and evidence of other DOC employees' opinions and experiences with regard to Lt. Sousa as their opinions and experiences do not relate to plaintiff and are inadmissible under F.R.E. 402, 403, 404(b) and 701.

(c)  The parties may file motion to seal evidence, testimony and exhibits, or take other protective action to prevent disclosure of Administrative Directive 7.7 codes and other confidential information

(d)  The parties agree that it is for a court to rule on the issue of whether Sousa is plaintiff's supervisor, after hearing the evidence and before instructing the jury.

(e)  Defendants request that plaintiff revise her complaint to reflect dismissed causes of action of disparate treatment and retaliation; to remove the names of defendants who are no longer a party to this action; and to abandon any request for injunctive relief.  Plaintiff has agreed to file her motion for leave to file her fifth amended complaint herewith.

 (6)  NATURE OF CASE:

*Plaintiff*:  Plaintiff, an African American Correction Officer employed by the defendant State of Connecticut DOC, claims that she was subjected to a racially hostile work environment by her employer and by its management defendant Sousa.  Plaintiff claims, among several other actions, that defendant Lt. Erik Sousa denied her prompt medical relief in an emergency situation because she was black, and that defendant DOC contributed to or tolerated the hostile work environment created initially by defendant Sousa.  Plaintiff alleges that this and subsequent conduct of Sousa directed toward her, and as experienced by African American co-workers, created both an objectively and subjectively hostile working environment and implicated conditions making it appropriate to attribute such conduct to Plaintiff's employer.  Plaintiff further takes the position, disputed by defendants, that Lt. Sousa's working relationship to Plaintiff does fall within the definition of a direct supervisor for purposes of presumptive employer liability unless defendant DOC can show by a preponderance of the evidence that it maintained a uniformly enforced policy against employment discrimination and that Plaintiff unreasonably failed to avail herself of such policy.  If defendant Sousa is

determined to have been not a supervisor, Plaintiff expects to present evidence that the defendant employer had reason to know of Lt. Sousa's harassing conduct and failed to take appropriate remedial action.  These conditions, together with evidence of disparate treatment of white co-workers, are submitted for the purpose of inferring discriminatory intent (not to support a separate claim of disparate treatment).  As to her Title VII claims against the DOC, Plaintiff seeks compensatory relief and as to her § 1981 claims against Sousa, she seeks both compensatory and punitive damages.

*Defendants*:  Defendants deny plaintiff worked under a racially hostile work environment.  More specifically, Defendants deny that plaintiff was subjected to verbal or physical conduct of a racial nature; that defendants' conduct was severe or pervasive enough to create a hostile work environment; that defendants' conduct was directed at her because of her race; and that there is a basis for imputing employer liability.  Defendants assert that Lt. Eric Sousa does not fall within the definition of a supervisor for purposes of presumptive employer liability and that there was no tangible employment action.  Even if he were to be considered a supervisor, the employer asserts the affirmative defense that it exercised reasonable care to prevent and correct promptly any racially harassing behavior by having an effective anti-harassment policy in place, and the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.  If defendant Sousa is not considered a supervisor, the employer provided a reasonable avenue for complaint and it did not know of any racial harassment and did not fail to take appropriate remedial action.

(7)  <u>TRIAL BY MAGISTRATE JUDGE</u>:  The parties do not consent to the

referral to a Magistrate Judge for trial.

(8)  <u>EVIDENCE</u>:

(a) <u>Witnesses</u>:

*Plaintiff's* – Plaintiff expects to call the following witnesses to testify at trial and sets

forth for each witness, their name, last known address, a brief summary of their

anticipated testimony and the expected duration of testimony:

> Correction Officer Brenda J. Lewis
> 16 Willow Lane
> Bloomfield, CT 06002
>
>> Officer Lewis is the Plaintiff in the case and is expected to testify at length regarding the continuity of her hostile treatment by Lt. Erik Sousa, her awareness and the effect upon her of similar treatment of black co-workers by Lt. Sousa and the real or perceived futility of her efforts to have the matter addressed by appropriate authorities within the DOC.  Duration: two to three days.
>
> Correction Officer Richard Hebert
> 179 Laske Road
> Beacon Falls, CT 06403
>
>> Officer Hebert was the relief officer directed by Lieutenant Erik Sousa to relieve C/O Lewis when she called in for medical assistance and is expected to testify regarding directions given him by Lt. Sousa.  Duration: one-half day.
>
> Correction Officer Frank Morelli, Jr.
> 1129 Wolcott Street, Apt. 1-8
> Waterbury, CT 06705
>
>> Officer Morelli was on duty with Officer Lewis during the third shift of March 9, 2001 during the incident involving medical relief and can testify to his observations.  Duration:  one-half day.
>
> Ms. Eunice Smith
> P.O. Box 975
> Hartford, CT 06143

Former C/O Smith is expected to testify regarding her observations of racially discriminatory or harassing conduct on the part of Lieutenant Sousa.  Duration:  one-half day.

DEFENDANTS OBJECT – Inadmissible lay opinion under Rule 701; inappropriate character evidence under Rule 404; prejudicial effect clearly outweighs probative value under Rule 403; irrelevant to plaintiff's claims under Rules 401 and 402; lacks sufficient and proper foundation, causal connection, and is incompetent.  The defendants request a Rule 103(c) hearing outside the presence of the jury requiring the plaintiff to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for these witnesses' testimony.  Defendants submit hereto a brief in support of a motion in limine.

Correction Officer Harris Porter
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

C/O Porter is expected to testify regarding his observations of racially discriminatory or harassing conduct on the part of Lieutenant Sousa.  Duration:  one-half day.

DEFENDANTS OBJECT – Inadmissible lay opinion under Rule 701; inappropriate character evidence under Rule 404; prejudicial effect clearly outweighs probative value under Rule 403; irrelevant to plaintiff's claims under Rules 401 and 402; lacks sufficient and proper foundation, causal connection, and is incompetent.  The defendants request a Rule 103(c) hearing outside the presence of the jury requiring the plaintiff to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for these witnesses' testimony.  Defendants submit hereto a brief in support of a motion in limine.

Mr. Bruce Denby
32 Westborn Parkway
Hartford, CT 06112

Former C/O Denby is expected to testify regarding his observations of racially discriminatory or harassing conduct on the part of Lieutenant Sousa.  Duration:  one-half day.

DEFENDANTS OBJECT – Inadmissible lay opinion under Rule 701; inappropriate character evidence under Rule 404; prejudicial effect clearly outweighs probative value under Rule 403; irrelevant to plaintiff's claims under Rules 401 and 402; lacks sufficient and proper foundation, causal connection, and is incompetent.  The defendants request a Rule 103(c) hearing outside the presence of the jury requiring the plaintiff to make an offer of proof establishing the basis for admissibility, including relevancy

and foundation for these witnesses' testimony.  Defendants submit hereto
a brief in support of a motion in limine.

Correction Officer Errol Goodison
6 Warbler Circle
Bloomfield, CT 06002

> C/O Goodison is expected to testify regarding his observations of racially
> discriminatory or harassing conduct on the part of Lieutenant Sousa.
> Duration:  one-half day.
>
> DEFENDANTS OBJECT – Inadmissible lay opinion under Rule 701;
> inappropriate character evidence under Rule 404; prejudicial effect clearly
> outweighs probative value under Rule 403; irrelevant to plaintiff's claims
> under Rules 401 and 402; lacks sufficient and proper foundation, causal
> connection, and is incompetent.  The defendants request a Rule 103(c)
> hearing outside the presence of the jury requiring the plaintiff to make an
> offer of proof establishing the basis for admissibility, including relevancy
> and foundation for these witnesses' testimony.  Defendants submit hereto
> a brief in support of a motion in limine.

Correction Officer Patricia Gonzales
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

> C/O Gonzales is expected to testify regarding her observations of racially
> discriminatory or harassing conduct on the part of Lieutenant Sousa, and
> regarding her experience with respect to request for medical relief.
> Duration:  one-half day.
>
> DEFENDANTS OBJECT – Inadmissible lay opinion under Rule 701;
> inappropriate character evidence under Rule 404; prejudicial effect clearly
> outweighs probative value under Rule 403; irrelevant to plaintiff's claims
> under Rules 401 and 402; lacks sufficient and proper foundation, causal
> connection, and is incompetent.  The defendants request a Rule 103(c)
> hearing outside the presence of the jury requiring the plaintiff to make an
> offer of proof establishing the basis for admissibility, including relevancy
> and foundation for these witnesses' testimony.  Defendants submit hereto
> a brief in support of a motion in limine.

Lieutenant Jacqueline F. Eady
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

Lt Eady is expected to testify regarding her observations of racially discriminatory or harassing conduct on the part of Lieutenant Sousa. Duration: one-half day.

DEFENDANTS OBJECT – Inadmissible lay opinion under Rule 701; inappropriate character evidence under Rule 404; prejudicial effect clearly outweighs probative value under Rule 403; irrelevant to plaintiff's claims under Rules 401 and 402; lacks sufficient and proper foundation, causal connection, and is incompetent. The defendants request a Rule 103(c) hearing outside the presence of the jury requiring the plaintiff to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for these witnesses' testimony. Defendants submit hereto a brief in support of a motion in limine.


C/O Stephen Mannette
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

C/O Mannette is expected to testify regarding his experience with respect to request for medical relief. Duration: one-half day.

DEFENDANTS OBJECT - irrelevant and immaterial as to plaintiff's medical delay

C/O David Milewski
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

C/O Milewski is expected to testify regarding his experience with respect to request for medical relief. Duration: one-half day.

DEFENDANTS OBJECT - irrelevant and immaterial as to plaintiff's medical delay

C/O Garland May
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

C/O May is expected to testify regarding his experience with respect to request for medical relief. Duration: one-half day.

DEFENDANTS OBJECT - irrelevant and immaterial as to plaintiff's medical delay

C/O Marion Baker
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

      C/O Baker is expected to testify regarding his experience with respect to
request for medical relief.  Duration:  one-half day.

      DEFENDANTS OBJECT  - irrelevant and immaterial as to plaintiff's
medical delay

C/O Debra Sholes
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

      C/O Sholes is expected to testify regarding her experience with respect to
request for medical relief.  Duration:  one-half day.

      DEFENDANTS OBJECT  - irrelevant and immaterial as to plaintiff's
medical delay;

Correction Officer Carlos Garcia
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

      C/O Garcia is expected to testify regarding her observations of racially
discriminatory or harassing conduct on the part of Lieutenant Sousa.
Duration:  one-half day.

      DEFENDANTS OBJECT – Inadmissible lay opinion under Rule 701;
inappropriate character evidence under Rule 404; prejudicial effect clearly
outweighs probative value under Rule 403; irrelevant to plaintiff's claims
under Rules 401 and 402; lacks sufficient and proper foundation, causal
connection, and is incompetent.  The defendants request a Rule 103(c)
hearing outside the presence of the jury requiring the plaintiff to make an
offer of proof establishing the basis for admissibility, including relevancy
and foundation for these witnesses' testimony.  Defendants submit hereto
a brief in support of a motion in limine.

Lieutenant Anna Dorozko
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

      Lt. Dorozko was the desk lieutenant on duty on the third shift of March 9,
2001 and was in a position to respond to calls from C/O Lewis and can
testify as to the content of such calls.  Duration:  one-half day.

Warden Peter Murphy
Enfield Correctional Institution
289 Shaker Road
Enfield, CT   06082

> Warden Murphy was the Unit Administrator for the Hartford Correctional
> Center at times relevant to C/O Lewis' Complaint.

> DEFENDANTS OBJECT – not relevant and material to certain incidents
> before and after his tenure at HCC

Plaintiff's Possible Witnesses:

Captain S. VanOudenhove
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

> Knowledge regarding incidents alleged to have occurred with respect to
> the confrontation between Lt. Sousa and C/O Lewis on April 22, 2002.
> Duration:  2 hours.

Captain Michael Madden
Corrigan/Radgowski Correctional Institute
986 Norwich-New London Tpke.
Uncasville, CT   06382

> Knowledge regarding June 7, 2002 staff conflict involving Counselor
> David Patterson.  Duration:  2 hours

> DEFENDANTS OBJECT:  irrelevant and immaterial to plaintiff's claim
> of hostile work environment in complaint

Lieutenant James Wilkins
Hartford Correctional Center
177 Weston Street
Hartford, CT  06120

> Knowledge regarding June 20, 2001 staff conflict involving Counselor
> David Patterson.  Duration:  2 hours

> DEFENDANTS OBJECT:  irrelevant and immaterial to plaintiff's claim
> of hostile work environment in complaint

C/O Teresa Stewart
Hartford Correctional Center
177 Weston Street

Hartford, CT  06120

> Knowledge regarding June 20, 2001 staff conflict involving Counselor David Patterson.  Duration:  2 hours

> DEFENDANTS OBJECT:  irrelevant and immaterial to plaintiff's claim of hostile work environment in complaint

C/O Elwood Evans
Hartford Correctional Center
177 Weston Street
Hartford, CT 06120

> C/O Evans is expected to testify regarding his experiences with respect to discriminatory or abusive conduct on the part of Lt. Sousa.  Duration: one-half day.

> DEFENDANTS OBJECT – Inadmissible lay opinion under Rule 701; inappropriate character evidence under Rule 404; prejudicial effect clearly outweighs probative value under Rule 403; irrelevant to plaintiff's claims under Rules 401 and 402; lacks sufficient and proper foundation, causal connection, and is incompetent.  The defendants request a Rule 103(c) hearing outside the presence of the jury requiring the plaintiff to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for these witnesses' testimony.  Defendants submit hereto a brief in support of a motion in limine.

<u>Plaintiff's Experts:</u>

Steven M. Horowitz, M.D.
Cardiac Care Associates
85 Seymour Street
Hartford, CT 06106

Exhibits at Schedule A, number 44 attached include:  the initial request from the Workers' Compensation administrator for an independent medical evaluation; the response of Dr. Horowitz to that request (Dr. Horowitz states that he does not have a copy of the signed response, but will ratify this letter on examination); a further request from the administrator for a definitive answer regarding Plaintiff's medical improvement and degree of disability; the response of Dr. Horowitz to that inquiry; a letter to Plaintiff's counsel in response to a request for the witness's opinion and qualifications; curriculum vitae; statement of fees for expert testimony; and a statement indicating his lack of recall regarding other cases.

> DEFENDANTS OBJECT  - Defendants do not dispute that plaintiff suffered a myocardial infarction on March 9, 2001.  It is irrelevant and immaterial and highly prejudicial to place before the jury the degree of any disability resulting from that

infarction.  It is inadmissible under F.R.E. 402 and 403; also inadmissible speculative opinion.

Further objection is based on non-conformance with Rule 26a(2) disclosure of expert statement including, but not limited to, that supporting documents were not attached, a curriculum vitae was not attached,  missing pages 2 and 3 of letter dated June 19, 2001 with no signature page.

Robert B. Cohen, M.D.
675 Tower Avenue, Suite 312
Hartford, CT 06112

Exhibits at Schedule A, number 45 include:  opinions stated in the form of a letter dated September 2, 2003; curriculum vitae; a letter dated February 13, 2003 pertaining to Plaintiff's experience of anxiety and hypertension and its relationship to her working environment (this letter refers to an earlier letter that Dr. Cohen claims not presently to have on file); a statement reflecting activity from March 9, 2001 through April 18, 2001; an invoice for preparation of the report (Dr. Cohen represents that his fee for expert testimony will be $500 per hour); and records pertaining to his attendance to the Plaintiff at St. Francis Hospital.

DEFENDANTS OBJECT  - Defendants do not dispute that plaintiff suffered a myocardial infarction on March 9, 2001.  It is irrelevant and immaterial and highly prejudicial to place before the jury the degree of any disability resulting from that infarction.  It is inadmissible under F.R.E. 402 and 403; inadmissible speculative opinion; opinion related to June 7, 2002 incident not involving Lt. Sousa is irrelevant and immaterial to plaintiff's hostile work environment in complaint.

Further objection is based on non-conformance with Rule 26a(2) disclosure of expert statement including, but not limited to, that Dr. Cohen does not disclose what he is getting paid, any publications, any prior testimony, supporting exhibits regarding June 7, 2002 not attached.

Defendants have attached a Motion in Limine in support of their objections to witnesses and exhibits.

Defendants expect to call the following witnesses to testify at trial and set forth for each

witness, their name, address, a brief summary of their anticipated testimony and the

expected duration of testimony:

*Defendant's Witneseses–*

1.  Lieutenant Eric Sousa, – personal and professional relationship with plaintiff;

knowledge or lack thereof regarding incidents claimed to constitute hostile work

environment; (1.5 days), Webster Correction Institution, 111 Jarvis Street, Cheshire, CT
06410.

    2.  Warden Peter Murphy, – personal and professional relationship with plaintiff;
knowledge or lack thereof regarding incidents claimed to constitute hostile work
environment; knowledge of rules of procedure and practice at Hartford Correctional
Center (half day), Enfield Correctional Institution, 289 Shaker Road, Enfield, CT   06082.

    3.  Lieutenant Anna Dorozko – knowledge of March 9, 2001 incident and
practices and procedures of Hartford Correctional Center (2 hours), Hartford CI, 177
Weston Street, Hartford, CT 06120.

    4.  Officer Frank Morelli, Garner CI, 50 Nunnawauk Road, Newtown, CT 06470
– knowledge of March 9, 2001 incident (2 hours); 1129 Wolcott Street., Apt. 1-8,
Waterbury, CT 06705

    5.  Captain Michael Madden, – knowledge of June 20, 2001 assignment (1 hour),
Corrigan/Radgowski, 986 Norwich-New London Tpke., Uncasville, CT  06382.

    6.  Nora Ryan,  – knowledge of April 5, 2001 memo, personnel matters,
recuperative post assignments, workers' compensation, and grievances. (half-day),
personnel officer, Central Office HR, DOC, 24 Wolcott Hill Road, Wethersfield, CT
06109.

    7.  Sandy Milholen – knowledge of Step II and Step III re March 9, 2001
grievance (2 hours.); Dept. of Revenue Services 25 Sigourney Street, Hartford, CT
06106-5032.

8.  Don Kruk –  Director of Affirmative Action knowledge of initial CHRO complaint and amendment filings; knowledge of all DOC discrimination claims, policies and procedures (half day); CORE-CT, 101 East River Dr., E. Hartford, CT

9.  Correction Officer James Robinson – knowledge and role of March 9, 2001 incident. (2 hours),  Hartford CC, 177 Weston Street, Hartford, CT  06120.

10. Captain Stuart Mendelson,– knowledge and investigation of April 22, 2001 incident (2 hours), 163 Wakely Road, Southbury, CT  06488.

11.  Lt. Greg Barnette – knowledge of March 9, 2001 incident (2 hours), Northern CI, 287 Bilton Road, Somers, CT  06071.

12.  Officer Angel Medina Jr. - knowledge of Aug. 13, 2002 buzzer incident. (1 hour), Hartford CC, 177 Weston Street, Hartford, CT  06120.

PLAINTIFF OBJECTS:  irrelevant and immaterial to plaintiff's claims of hostile work environment or to defendants' affirmative defense.

13. Lt. Jeffrey Devore, – knowledge of July 24, 2002 second shift overtime opportunity (1 hour), DOC Central Office, 24 Wolcott Hill Road, Wethersfield, CT 06109.

PLAINTIFF OBJECTS:  irrelevant and immaterial to plaintiff's claims of hostile work environment or to defendants' affirmative defense.

14.  Salvatore Pitruzzello –  Union steward – knowledge regarding Step III grievance re March 9, 2001 (2 hours); knowledge of reverse discrimination occurring at HCC and knowledge of another incident in which 3 second video delay did not capture action; York Correctional Institution, 201 West Main Street, Niantic, CT 06357.

PLAINTIFF OBJECTS:  this anticipated testimony is irrelevant to the determination of plaintiff's claims or defendants defenses thereto under Rules 401 and 402; its prejudicial effect clearly outweighs any probative value under rule 403; it is inappropriate if offered as character evidence under Rule 404; and it is inadmissible

hearsay under Rules 801 and 802, without qualifying for the exclusion from the hearsay definition for statements of a co-conspirator under Rule 801(d)(2)(E).

15.   Correctional Counselor David Patterson – knowledge of 2 incidents when plaintiff was overly aggressive and non-professional, P.O. Box 1025, Presque Isle, ME.

PLAINTIFF OBJECTS:  This proposed testimony is irrelevant to the determination of plaintiff's claims or defendants' defenses thereto under Rule 401 and 402; its prejudicial effect clearly outweighs its probative value under Rule 403; it is inappropriate as character evidence under Rule 404; it is inadmissible lay opinion under Rule 01; and it lacks sufficient and proper foundation

16.   Major Neal Kearney – personal experiences with and observations of Lt. Sousa indicating no racial bias, Enfield CI, 289 Shaker Road, Enfield, CT 06082

PLAINTIFF OBJECTS:  Evidence of defendant Sousa's character is not admissible under Rule 404(a) where character is not an element of plaintiff's claim or defendant's defense and there is no foundation for this witness' anticipated testimony.

17.   Officer David Grant – personal experiences with and observations of Lt. Sousa indicating no racial bias, Webster CI, 111 Jarvis Street, Cheshire, CT  06410.

PLAINTIFF OBJECTS:  Evidence of defendant Sousa's character is not admissible under Rule 404(a) where character is not an element of plaintiff's claim or defendant's defense and there is no foundation for this witness' anticipated testimony.

18.   Officer Lamel L. Smith – personal experiences with and observations of Lt. Sousa indicating no racial bias, Hartford, CC, 177 Weston Street, Hartford, CT  06120.

PLAINTIFF OBJECTS:  Evidence of defendant Sousa's character is not admissible under Rule 404(a) where character is not an element of plaintiff's claim or defendant's defense and there is no foundation for this witness' anticipated testimony

19.   Brenda Lewis – knowledge regarding all elements of her complaint (1 day), 16 Willow Lane, Bloomfield, CT 06002

*Possible Witnesses*:

20.   John Nord – knowledge of grievance re March 9, 2001 filed by plaintiff (1 hour), 5 Geraldine Drive, South Ellington, CT  06029.

21.  Phil Margeson – knowledge of grievance filed by plaintiff re overtime issue (1 hour), 580 Water Street, Celebration, FL  34747.

22.  Art Rodriguez – knowledge as union rep re: grievance March 9, 2001 Step III. (1 hour), AFSCME, Local 1565, 90 Court Street, Suite 200, Middletown, CT 06457

23.  Warden Nelvin Levester – replaced Warden Murphy; knowledge of HCC as of 6/28/02; knowledge of August buzzer door delay incident (2 hours), 9 Skyline Drive, East Longmeadow MA  01028.

24.  Nurse L. Ridley – knowledge of March 9, 2001 incident (1 hour), UConn Health Center, 263 Farmington Avenue, Farmington, CT 06030

25.  C/O Theresa Trainor – knowledge and role in June 2001 recuperative assignment (1 hour), Bergen CC, 251 Middle Turnpike, Storrs, CT  06268.

26.  Central Intelligence Unit Director Wm. Huckabey – knowledge of April 22, 2002 South Block incident (1 hour), 430 West Woods Road, Hamden, CT  06518.

27.  Principal Personnel Officer Mitch Drabik for Workplace Violence – knowledge of April 22, 2002 (1 hour), Department of Economic/Community Development, 505 Hudson Street, Hartford, CT 06106.

28.  Chief Union Steward Farrar – knowledge re: delay in returning papers regarding March 9, 2001 workers' comp claim (1 hour) AFSCME, Local 1565, 90 Court Street, Suite 200, Middletown, CT 06457

29.  Kyle Godding – Lieutenant who investigated Nichols incident (1 hour), Hartford CC, 177 Weston Street, Hartford, CT  06120

PLAINTIFF OBJECTS:  irrelevant and immaterial to plaintiff's claims of hostile work environment or to defendants' affirmative defense, and lack of proper and sufficient foundation.

30. Carl Jordan – Affirmative Action Program Manager knowledge of DOC Affirmative Action practices and incidents (2 hours), Central Office, 24 Wolcott Hill Road, Wethersfield, CT 06109.

31. Officer Richard Hebert, – knowledge of March 9, 2001 incident (2 hours); 179 Laske Road, Beacon Falls, Ct 06403

Plaintiff has separately submitted her brief in support of a motion in limine to exclude witnesses and evidence offered by the defendants that she has identified as objectionable and requests a Rule 103(c) hearing outside the presence of the jury requiring the defendants to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for such evidence or witness' anticipated testimony.

Witnesses may rely on any of the exhibits listed in List of Exhibits.

Rebuttal Witnesses as needed

(b) Exhibits: See attached Schedule A for plaintiff's List of Exhibits and Schedule AA for Defendants' List of Exhibits attached hereto. See attached Motions in Limine in support of each party's respective objections to witnesses and exhibits.

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS:

Δ # 511: Unsigned, unattributed and unauthenticated hand-written notes of unidentified person are not relevant to any claims or defenses in this matter.

Δ # 535: Counselor Patterson's alleged confrontation with Plaintiff at the Lobby Control Post on 6-20-01 is not relevant to any claims or defenses in this matter and his opinion regarding her motivation for alleged conduct is improper lay opinion.

Δ # 536:  Incident Report # 02-1620 pertaining to unauthorized leave from the facility by Correction Officer Michael Nichols, in connection with a relief for medical purposes granted by Lt. Kyle Godding, is not relevant to any claims or defenses in this matter.

Δ # 537:  Counselor Patterson's alleged confrontation with Plaintiff at the Warden's Corridor Door on 6-7-02, and Plaintiff's subsequent episode of hypertension, are not relevant to any claims or defenses in this matter.

Δ # 538:  Counselor Patterson's "experiences" with Plaintiff are not relevant to any claims or defenses in this matter and his "opinion" regarding her allegedly "explosive personality" is highly prejudicial and lacking in probative value

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS:

Pl's 1:  relevancy – not complete report; Dorozko's statement not part of initial report

Pl's 2:  lack of foundation, authentication, hearsay, improper opinion, unfairly prejudicial; not dated, no incident report #, not part of official report, created after fact by plaintiff

Pl's 4:  impermissible hearsay (not business record); not part of official incident report, created after fact at plaintiff's request

Pl's 6:  not relevant, hearsay

Pl's 11:  lack of foundation, irrelevant, not filed as official dispute, hearsay, improper opinion, unfairly prejudicial

Pl's 13:  irrelevant – what date/incident does this pertain to?

Pl's 18:  irrelevant and immaterial to plaintiff's hostile work claim; no foundation of race claim in either set of documents; claim in 2/3/02 incident report is against a white and a black supervisor, claim in 4/27/00 letter does not claim race discrimination; unsubstantiated complaint of wrongdoing by Lt. Sousa; hearsay; motion in limine bases incorporated herein; prejudicial effect outweighs probative value

Pl's 19:  motion in limine bases incorporated herein; hearsay; not relevant and material to plaintiff's hostile work environment claim, unsubstantiated complaint of wrongdoing by Lt. Sousa; prejudicial effect outweighs probative value

Pl's 20:  irrelevant and immaterial to plaintiff's hostile work claim because no race claim made therein; grievance not based on non-discrimination provision; unsubstantiated claim of wrongdoing by Lt. Sousa; motion in limine bases incorporated herein; hearsay; prejudicial effect outweighs probative value

Pl's 21:  motion in limine bases incorporated herein; hearsay, not relevant and material to plaintiff's hostile work environment claim; unsubstantiated claim against Lt. Sousa of retaliation for filing a claim (no retaliation claim in Lewis suit);  prejudicial effect outweighs probative value; hearsay, improper opinion

Pl's 22:  irrelevant and immaterial to plaintiff's hostile work claim because no race claim made therein; grievance not based on non-discrimination provision; unsubstantiated claim of wrongdoing by Lt. Sousa; motion in limine bases incorporated herein; hearsay; improper opinion, prejudicial effect outweighs probative value

Pl's 23:  irrelevant and immaterial to plaintiff's hostile work claim because no race claim made therein; unsubstantiated claim of wrongdoing by Lt. Sousa; improper

opinion; motion in limine bases incorporated herein; hearsay; prejudicial effect outweighs probative value; lack of foundation as to whether and with whom it was ever filed

Pl's 24:  irrelevant and immaterial to plaintiff's hostile work claim because no race claim made therein; unsubstantiated claim of wrongdoing by Lt. Sousa; improper opinion; motion in limine bases incorporated herein; hearsay; prejudicial effect outweighs probative value; lack of foundation as to whether and with whom it was ever filed

Pl's 25:  all pages are irrelevant and immaterial to plaintiff's hostile work environment claim; does not relate to actions by Lt. Sousa as alleged in complaint; does not claim race discrimination by virtue of Patterson's conduct; motion in limine bases incorporated herein; hearsay; prejudicial effect outweighs probative value; lack of foundation as to whether and with whom it was ever filed

Pl's 27:  irrelevant and immaterial to plaintiff's hostile work environment claim, no foundation, hearsay, outside scope of complaint – no claim of race discrimination herein, relates to unsubstantiated food service workplace violent claims not involving Lt. Sousa;

Pl's 30:  irrelevant and immaterial – w/in wrong effective date

Pl's 31:  irrelevant and immaterial to a race claim

Pl's 32:  irrelevant and immaterial to plaintiff's hostile work environment claim; no race based claim re Mingo incident; disparate treatment analysis not appropriate for hostile work environment claim; lack of foundation – not whole report

Pl's 33:  irrelevant and immaterial to plaintiff's hostile work environment claim; not similarly situated employee; – disparate treatment analysis not appropriate for hostile

work environment claim nothing to do with Lt. Sousa; requires redaction or motion to seal in document and description in index

Pl's 36:  irrelevant and immaterial to plaintiff's case as no discipline occurred to plaintiff

Pl's 37:  irrelevant and immaterial to plaintiff's case as no discipline occurred to plaintiff

Pl's 41:  irrelevant and immaterial - no "injury" occurred, reporting procedure occurs after delay in receiving relief and cannot pertain to or be probative of reason for delay;

Pl's 43:  irrelevant and immaterial to plaintiff's hostile work environment claim; plaintiff did not participate or witness such incident, not similarly situated – disparate treatment analysis not appropriate for hostile work environment claim; official enforcement of rule violation cannot establish discrimination

Pl's 44:  doctor's records prejudicial effect outweighs probative value as defendants do not contest that plaintiff suffered myocardial infarction on March 9, 2001; any materials relating to June 7 hospitalization not relevant or material to plaintiff's claims; not relevant and material to claim, opinion is speculative; failure to comply completely with Rule 26(a)(2).

Pl's 45:  doctor's records prejudicial effect outweighs probative value as defendants do not contest that plaintiff suffered myocardial infarction on March 9, 2001; any materials relating to June 7 hospitalization not relevant or material to plaintiff's claims as they relate to Patterson not Sousa; not relevant and material to claim, opinion is speculative; failure to comply completely with Rule 26(a)(2).

Pl's 46: same as objection to Exh. 33 because relates to that incident.

Pl's 47:  irrelevant and immaterial, does not relate to plaintiff's claim of racially hostile work environment; relates to incident in 2000 before the scope of this complaint; relates to 5/01 incident; not similarly situated employee; motion in limine incorporated

Pl's 48:  irrelevant and immaterial, does not relate to plaintiff's claim of racially hostile work environment, no information as to timeliness or communication requesting relief; not similarly situated – disparate treatment analysis not appropriate for hostile work environment

Pl's 49:  irrelevant and immaterial to plaintiff's hostile work environment claim, not similarly situated employee - disparate treatment analysis not appropriate for hostile work environment claim; no involvement by Lt. Sousa

Pl's 50:  irrelevant and immaterial to plaintiff's hostile work environment claim, not similarly situated employee – disparate treatment analysis not appropriate for hostile work environment claim; requires redaction or motion to seal

Pl's 51:  irrelevant and immaterial to plaintiff's hostile work environment claim, not similarly situated employee; requires redaction or motion to seal

Pl's 52:  irrelevant and immaterial to plaintiff's hostile work environment claim, not similarly situated employee - disparate treatment analysis not appropriate for hostile work environment claim; no involvement by Lt. Sousa; requires redaction or motion to seal

Pl's 53:  irrelevant and immaterial to plaintiff's hostile work environment claim, not similarly situated employee - disparate treatment analysis not appropriate for hostile work environment claim; does not involve Lt. Sousa; requires redaction or motion to seal

Pl's 54:  irrelevant and immaterial to plaintiff's hostile work environment claim, not similarly situated employees - disparate treatment analysis not appropriate for hostile work environment claim; outdated incidents from 1992 and 1993 not related to plaintiff or defendant Sousa

Pl's 55:  irrelevant and immaterial to plaintiff's hostile work environment claim, not similarly situated employee - disparate treatment analysis not appropriate for hostile work environment claim; enforcement of agency rule cannot establish discrimination

Pl's 56:  hearsay, hearsay within hearsay, irrelevant, improper opinon, improper character evidence, improper impeachment, calling for speculation, foundation

(c) <u>Deposition Testimony</u>:

Use of depositions as needed in rebuttal.

(9)  STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

<u>Stipulation of Uncontroverted Facts:</u>  see attached Schedule C

<u>Agreed Statement of Contested Issues of Fact and Law:</u>

See Schedule C attached hereto**.**

(a) <u>Bench Trial</u>: N/A

(b) <u>Jury Trial:</u>

(1) <u>Proposed Voir Dire Questions</u>: see attached Schedule D

(2) <u>Proposed Jury Instructions</u>:  see attached Schedules E and EE

(3) <u>Proposed Verdict Form</u>: see attached Schedule F and FF (1 and 2)

(4) <u>Brief Description of Case and Parties</u>:

The plaintiff, an African American Correction Officer for the Connecticut Department of Correction, claims that she suffered a racially hostile work environment based on actions by Eric Sousa.

(10) <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>:

The Defendants have filed herewith a Motion in Limine requesting exclusion of any evidence from plaintiff's co-workers reflecting their opinions and/or experiences of alleged discrimination.  The Defendants have requested a 103 hearing.  May also include section on irrelevant and immaterial incidents of other's medical relief and leaving post.


PLAINTIFF,
BRENDA LEWIS


By:    _____
Lowell L. Peterson, Esq.
Community Law Practice, LLC
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755

DEFENDANTS,
DEPARTMENT OF CORRECTION,
ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____

Beth Z. Margulies
Assistant Attorney General
Federal Bar # ct08469
55 Elm Street, P.O. Box 120
Hartford, CT 06141-1020
Tel.: (860) 808-5340
Fax:  (860) 808-5383
E-mail: Beth.Margulies@po.state.ct.us

The foregoing Joint Trial Memo was prepared in collaboration by the following counsel of record and each has concurred in its final submission:

> Lowell L. Peterson, Esq.
> Community Law Practice, LLC
> 2065-A Main Street
> Hartford, CT  06120
> Tel.: 728-3788
> Fax: 728-3755
> lpeterson@clplls.com

> and

> Beth Z. Margulies, Esq.
> Assistant Attorney General
> Federal Bar # ct 08469
> 55 Elm Street, P.O. Box 120
> Hartford, CT 06141-1020
> Tel: 860 808 5340
> Fax: 860 808 5383
> Beth.Margulies@PO.state.ct.us

_____
Lowell L. Peterson, Esq.
Attorney for Plaintiff


_____
Beth Z. Margulies
Assistant Attorney General