# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRENDA J. LEWIS,** | : | **CIVIL ACTION CASE NO.** |
| *Plaintiff,* | : | |
| **v.** | : | **302 CV 2304 (MRK)** |
| **STATE OF CONNECTICUT,** | : | |
| **DEPARTMENT OF CORRECTION** | : | |
| *et al.,* | : | |
| *Defendants* | : | **JULY 15, 2005** |

## [PLAINTIFF'S] PROPOSED JURY CHARGE

Good [morning/afternoon], ladies and gentlemen.  I will now instruct you concerning the law that is applicable to the facts in the case you have heard and your duty as you enter upon your deliberations.

### I.      General Principles

### A.      Finding the Facts

As in all cases, you, the jury, and I, the Court, have separate functions.  It is my duty to state the law as it pertains to this case, and it is your duty to find the facts.  You are the sole judges of what the facts are.  You decide the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable conclusions you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their closing arguments and in their objections is not evidence. Questions asked by lawyers are not evidence.  It is a witness' answer that constitutes the evidence.  Evidence also does not include anything I have said during the trial or may say during these instructions with respect to a factual matter.

1

SCHEDULE E

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who produced them, and the physical exhibits relied upon or attested to by those witnesses. The evidence also includes any reasonable conclusions that may be drawn from the testimony and exhibits. When drawing these conclusions, you should use your common sense. Your conclusions must be drawn from the facts that have been established at trial and must be logical and reasonable. Your conclusions must not be the result of a guess or speculation about the evidence. Later, I will tell you more about the different types of evidence and conclusions you may draw from such evidence.

Although the witnesses' answers are evidence, you may not consider any answer that I directed you to disregard or that I directed to be stricken from the record. Such disregarded or stricken answers should be treated as though you never heard them. Likewise, you should disregard any evidence to which an objection was sustained.

Since you are the sole and exclusive judges of the facts, I will not indicate any opinion as to the facts or as to what your verdict should be. You should not use the rulings I made during the trial as indicators of my views concerning the proper outcome of the trial, nor should you infer that I have such an opinion from anything I have said.

As to the facts, ladies and gentlemen, you are the exclusive judges. You must perform the duty of finding the facts without bias or prejudice to any party. You are to perform your duty with an attitude of complete fairness and impartiality. It would be improper for you to consider any personal feelings you may have about any parties' race, religion, national origin, sex, or age. Remember, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

**B.      Rules of Law**

Insofar as I state the law to you, what I say is binding upon you, and it is your duty to follow my instructions and apply the law to the facts as you find them.  You may not single out one instruction of the Court alone as stating the law.  You must consider these instructions as a whole.

If, by chance, you have a different idea of what the law is or what you believe it should be, you must disregard your own notion and conscientiously apply the law *as I state it to you*.  It would be a violation of your sworn duty to base a verdict upon any view of the law other than that stated in the instructions of this Court.

In addition, if the law as I give it to you differs in any way from the claims made by counsel in argument, then you shall disregard any of counsel's contrary statements about the law and apply the law as I state it to you.

**C.      Bench Conferences and Objections**

During the course of this trial there have been occasions for the attorneys to confer with me out of your hearing.  In the interest of justice and in order to expedite a trial, it is perfectly proper that such conferences be held here at the bench.  This serves to avoid the inconvenience of having you, the jury, file out and back in again.  It also serves to prevent the jury from being excused on technical legal matters.  In such situations, you should not feel slighted.  You are not to guess or predict what may have been discussed between the attorneys and myself up here at the bench.  Furthermore, you should not form any judgments regarding the attorney who requested the bench conference or regarding the party represented by that attorney.

There are rules that control what evidence is admitted into the record of a case. Testimony or exhibits are admitted into evidence when they are offered by a party in the course

of the trial and either no objection is raised or, if an objection is raised, it is overruled. Objections are the procedure by which a judge is requested by a lawyer to decide if the Rules of Evidence permit a particular exhibit or testimony to be admitted into evidence. If the judge rules that the testimony or exhibit may not be admitted – that is, if the objection is sustained – then that testimony or exhibit is not admitted into evidence, or is stricken from the record and may not be considered by the jury. Rules on admissibility are intended to present to the jury the most trustworthy, reliable and the highest quality evidence. It is the duty of every attorney to object when another attorney offers evidence that the objecting attorney believes is not properly admissible. You should not show prejudice against any attorney or his client because that attorney has made objections.

If the Court decides to permit the introduction of evidence over the objection of an attorney – that is, if the objection is overruled – this does not, unless expressly stated, indicate any opinion on my part as to the weight or effect of such evidence. It merely means that you will be permitted to consider the evidence objected to, but you should not give that evidence any more or less value than evidence to which no objection has been raised. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**D.     Direct and Circumstantial Evidence**

There are two types of evidence that you may properly rely upon in reaching your verdict in this case.

One type of evidence is called direct evidence. Direct evidence is evidence presented by a witness who testified as to what that witness saw, heard, or observed. In other words, when a witness testifies about what is known to that witness by virtue of the witness's own senses – what the witness saw, felt, touched or heard – that is called direct evidence.

SCHEDULE E

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. When we employ circumstantial evidence to reach a conclusion, we often say that we "infer" one fact from another or that we "draw an inference." There is a simple example of circumstantial evidence that is often used in the courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that was also dripping wet. Now, you cannot look outside the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. In other words, the fact of rain is an inference that can be drawn from the wet umbrella and raincoat.

That is the essence of circumstantial evidence. You take an established fact and conclude, on the basis of reason, experience, and common sense, that another fact exists or does not exist.

In this case specifically, you will be required to determine whether plaintiff's race was a motivating factor of conduct by the defendants that plaintiff claims was discriminatory in character. Later, I will give you further instructions regarding the evaluation of circumstantial evidence as it applies to the claims made by the plaintiff.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence. In deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense,

and experience.  After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

**E.    Witnesses**

The credibility of the witnesses who testified in this case and the weight to be accorded to their testimony will be determined entirely by you.

No fact may be determined merely by the number of witnesses before you or the volume of the evidence.  You are interested primarily in the quality of the testimony and evidence offered and not in its quantity.  No statement of fact must be taken as true simply because it was stated to be true.  It is part of your task to exercise your powers of judgment and sense of observation, in the light of all the testimony presented, to determine whether you consider any particular testimony to be credible or trustworthy.

There is no magic formula by which one may evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you by others.  The same tests that you use in your everyday dealings are the tests you should apply in your deliberation as jurors.

You should carefully scrutinize all the testimony, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness's testimony is worthy of belief.  Consider your estimation of each witness's sincerity, judgment, motive, state of mind and demeanor while on the stand.  Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Consider also any possible bias that the witness might have, either for or against the plaintiff or for or against one of the defendants; the manner

SCHEDULE E

in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.  In short, you should test the evidence by your own knowledge of human nature and the motives that influence and control human beings.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of one witness and others, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident may see or hear it differently.  You need to consider, therefore, whether a contradiction is an innocent lapse of memory, a difference of perception or an intentional falsehood, and that may depend on whether it involves an important fact or only a small detail.

Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind when scrutinizing the whole testimony of that witness.  If, however, you conclude that a witness has not only testified falsely but has done so intentionally, this fact casts a very serious doubt on all of that witness's testimony, and you may conclude that you cannot accept any of it.

The significance you attach to an inaccuracy may vary due to the particular fact at issue or the surrounding circumstances that, in your mind, should have impressed it upon the memory of the witness and caused a correct retention of it to be made.

A witness may be discredited (or "impeached") by contradictory evidence, by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness's present testimony.  If you believe that any witness has been

discredited or impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You are not required to accept testimony – even if the testimony is uncontradicted and the witness is not impeached.  You may decide, due to the witness's bearing and demeanor, or due to the inherent improbability of the witness's testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.  On the other hand, the testimony of a single witness may be sufficient to convince you of the existence of an essential element or elements of the claim made.

**F.      Standard of Proof**

In civil actions, such as this one, the plaintiff bears the burden of proving each essential element of her claims by a "preponderance of the evidence."  This is a legal term that has particular meaning.  The burden of proof differs in civil cases from the burden of proof in criminal cases.  In criminal cases, the burden of proof is proof beyond a reasonable doubt.  That is not the standard here.  In civil cases, the burden of proof is proof by a preponderance of the evidence.  It is a less demanding standard of proof than that which is required when the government is acting as the prosecutor and a defendant is in jeopardy of losing life, freedom or property.

To prove by a preponderance of the evidence means to prove that something is more likely true than not true.  If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance.  Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's evidence on the other side of

the scale.  If the scales tip ever so slightly in favor of the plaintiff, then her evidence

preponderates, and she has sustained her burden of proof.  If the scales tip the other way, ever so

slightly in favor of the defendant, then, the plaintiff has not sustained her burden of proof.

Should you feel that the scales are evenly balanced, that neither party's evidence outweighs the

other, then the plaintiff has failed to meet her burden of proving her case by a preponderance of

the evidence and the defendant must prevail.

I will now discuss with you the elements of the plaintiff's claims in her complaint.

## II.    <u>Substance of Claims</u>

Plaintiff has brought her case against the defendants, the State of Connecticut Department

of Correction and Lt. Erik Sousa, under two separate theories of liability for which the facts and

the law, and the remedies available to the plaintiff, are quite similar.  However, there are certain

distinctions that it will be necessary for you to bear in mind.

Plaintiff's first claim is brought against the agency defendant, the State of Connecticut

Department of Correction, and is based upon a federal statute known as Title VII of the Civil

Rights Act of 1964, as amended.  One of the purposes of Title VII is to prohibit discrimination in

the work place on the basis of race, color, sex, religion or national origin.  The statute prohibits

public and private employers from refusing to hire, discharging from employment, or

discriminating against individuals on the basis of these categorical distinctions.

Pertinent to this case, Title VII makes it illegal for an employer to create, *or allow to*

*exist*, a hostile work environment based on racial discrimination.  Although this claim is brought

solely against the agency employer, and not against individuals, supervisory individuals may be

characterized as agents of the employer.  Management personnel may be regarded as acting on

behalf of the defendant department in circumstances that I will explain in more detail.

Plaintiff's second claim is brought against the individual defendant, Erik Sousa, and is based upon a federal statute known as Section 1981 of the Civil Rights Act of 1866, as amended. This law prohibits racial discrimination in the making and enforcement of contracts, which has been defined to include "the enjoyment of all benefits, privileges, terms and conditions" of the employment relationship. 42 U.S.C. § 1981(a) and (b); *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 607 (1987).   Although this claim is brought solely against the individual defendant Sousa, and requires a showing of his "personal involvement," there may be instances where an employer may be liable for damages as an indemnifier of the employee.

Section 1981 provides for recognition of the right of people of color to enjoy the same benefits, privileges, terms and conditions as white people enjoy in similar working situations. However, § 1981 does not provide a mechanism for enforcing that right if it is violated.  Section 1983 of the same Civil Rights of 1866, as amended in 1871, is used to enforce the rights of § 1981 when the employer accused of depriving a person of color of such employment rights is a state or other governmental actor.  In this case, § 1983 has been invoked for the purpose of allowing plaintiff Lewis to bring her complaint against a person who she claims was acting with the authority of the State of Connecticut when he allegedly violated her right to a workplace free of discrimination.  I will explain more about the rights created by § 1981 and the rules created for their enforcement under § 1983 at a later point in these instructions.

## A.    <u>Title VII – Hostile Work Environment (as to Defendant DOC)</u>

Plaintiff's first claim is that the defendant Department of Correction either created or allowed to exist a racially hostile work environment in violation of Title VII.  To prevail on a racially hostile work environment claim, plaintiff must initially prove that she is a member of a

protected class.  I will instruct you that, as a matter of law, plaintiff Lewis meets that threshold qualification.

As a member of a protected class, plaintiff must also prove the following additional elements by a preponderance of the evidence:

(1) That she was subjected to verbal or physical conduct of a harassing nature that was sufficiently severe or pervasive to unreasonably interfere with her work performance, to alter the conditions of her employment and to create an abusive working environment; and that she subjectively perceived the working environment as abusive or harassing [DEFENDANTS WISH TO ADD LANGUAGE IN THIS ELEMENT TO THE EFFECT THAT THE HARASSMENT WAS BASED ON RACE.  THAT, HOWEVER DISTORTS THE ANALYSIS BECAUSE <u>ALFANO</u> AND OTHER CASES MAKE IT CLEAR THAT CONDUCT WHICH IS SUFFICIENTLY HARASSING, EVEN THOUGH RACIALLY NEUTRAL ON ITS FACE, MAY NEVERTHELESS SUPPORT A RACIAL HARASSMENT CLAIM SO LONG AS MEETS THE NEXT ELEMENT OF SHOWING BY INFERENCE FROM THE TOTALITY OF CIRCUMSTANCES THAT RACE WAS A MOTIVATING FACTOR];

(2) That her race was a motivating factor in subjecting her to this conduct; and

(3) That there is a basis for imputing the conduct at issue to her employer.

Adapted from *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2d. Cir. 1998); *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).

11

SCHEDULE E

1.    **Objective and Subject Test of Harassment**

As to the first of these three elements, a workplace is considered hostile when the harassment was sufficiently severe or pervasive as to alter the conditions of one's employment and to create an abusive working environment. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S 57, 67 (1986), *quoting Henson v. Dundee*, 682 F.2d 897, 904 (11th Cir. 1982). A hostile work environment is not simply offensive; it is so severe or pervasive that, considering all the circumstances, a reasonable person would consider the environment abusive or hostile. Factors to be considered by you include, but are not limited to: frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; whether it unreasonably interfered with the employee's work performance; and/or whether it affected the employee's psychological well being. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 793 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 764-65 (1998); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993).

Analysis of a racially hostile work environment claim, as charged in this case, involves both a subjective and objective assessment. The plaintiff must establish *both* that she personally considered the environment hostile and that the environment conformed to the standard for an objective level of hostility. That is, you must ask yourselves whether a reasonable person would find the environment to be racially objectionable and hostile. In determining whether plaintiff Lewis was subjected to a racially hostile working environment, you must look at all the circumstances surrounding the conduct at issue.

Although isolated incidents or episodic conduct *not sufficiently severe* will not support a hostile work environment claim, a single incident *that is sufficiently egregious* may alter the conditions of an employee's work environment and create an abusive environment. Generally,

the plaintiff must demonstrate either that a single incident was extraordinarily severe or that a series of incidents was sufficiently continuous and concerted to have altered the conditions of her working environment. The more severe the harassing conduct, the less frequent it must be for you to find that the conduct amounted to unlawful harassment.

*See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993); *Cruz v. Coach Stores, Inc.* 202 F.3d 560, 570 (2d Cir. 2000); *Richardson v. New York State Dep't of Correctional Service*, 180 F.3d 426, 436-37 (2d. Cir. 1999); *Sasaki v. Class*, 92 F.3d 232 (4th Cir. 1996); *Crowe v. Wiltel Communications Systems*, 103 F.3d 897 (9th Cir. 1996); *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995); *Ellison v. Brandy*, 924 F.2d 872, 878 (9th Cir. 1991); *Andrews v. City of Philadelphia*, 895 F.2d 1467, 1482 (3rd Cir. 1990); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 898 (1st Cir. 1988); *Presley v. Pepperidge Farms, Inc.*, 2005 U.S. Dist. LEXIS 1695; *Dean v. Westchester County Dist. Attorneys' Office*, 119 F. Supp. 2d 424, 428 (S.D.N.Y. 2000).

## 2.      Race a Motivating Factor

As to the second prong of the test, Title VII does not protect employees from hostile conduct that is not based on their protected status. There can be many reasons why people do not get along in the workplace that do not implicate unlawful conduct. In short, in the instant case, race must have been a motivating factor in the conduct at issue. *Alfonso*, 294 F.3d at 374; *Farpella-Crosby v. Horizon Health Case*, 97 F.3d 803, 806 (5th Cir. 1996).

I previously discussed with you the difference between direct and circumstantial evidence. In this case specifically, you will be required to determine whether plaintiff's race was a motivating factor of conduct by the defendants that plaintiff claims was discriminatory in

character.  Because an employer who discriminates is unlikely to leave a "smoking gun" attesting to discriminatory intent, a victim of discrimination is seldom able to prove his or her claim by direct evidence, and is usually constrained to rely on circumstantial evidence. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d. Cir. 1994).  This will require you to make a decision about the state of mind of these individuals.  In the absence of such an employee's personal statement regarding his or her state of mind, such state of mind cannot be proven by direct evidence.  You cannot look into a person's mind to see what his or her state of mind is or was.  But a wise and intelligent consideration of all the facts and circumstances shown by the evidence will enable you to infer with a reasonable degree of accuracy the extent of these individuals' knowledge and the motives behind actions taken.

**3.     Conduct Attributable to the Defendant DOC**

Finally, in regard to third part of the test, the plaintiff must show a specific basis for imputing the hostile work environment to her employer, the defendant DOC.  In other words, regardless of who the individual actor may have been that subjected plaintiff Lewis to the racially hostile work environment, is there a reason we can say that the defendant DOC is liable for the conduct of that person.?

The legal status of defendant Sousa's working relationship to the plaintiff is critical to the determination whether the defendant DOC may be held liable for his conduct under the Title VII claim against the DOC.  For that purpose you are being instructed, as a matter of law, that defendant Sousa **was** a supervisor of plaintiff Lewis at all times relevant to her complaint.  You must accept that this is the case and you may not conclude otherwise.

An employer is irrebuttably *presumed* absolutely liable for the conduct of management personnel when the harasser is the victim's supervisor *and* there has been a tangible employment

action (such as a demotion, termination or adverse change of work assignment).  Where, as in

this case, there has been no tangible employment action, but the actor is a supervisor, the

presumption of employer liability is rebuttable by the presentation of an "affirmative defense."

*Faragher v. City of Boca Raton*, 524 U.S. 775, 870-08 (1998).

The effect of this burden on the defendant DOC is that you ***must*** find it liable for the

harassing conduct of defendant Sousa *unless* you find by a preponderance of the evidence that

(a) the employer had exercised reasonable care to prevent and correct promptly any

discriminatory conduct *and* (b) plaintiff unreasonably failed to take advantage of any preventive

or corrective opportunities provided by the employer, or otherwise, to avoid the discriminatory

harm.

When an employer has the duty to adopt and enforce policies that prohibit racially

discriminatory employment practices, they must be regularly and uniformly enforced.  If they are

not, it may be reasonable for a complainant to lack confidence in such procedures.  In such a

case, an employee's failure to use procedures that he or she reasonably believes to be ineffective

is not unreasonable.

You should consider all the evidence and circumstances in this case to determine:

whether the defendant DOC has proved by a preponderance of the evidence that it had an

effective and uniformly enforced policy in place for the prevention of workplace discrimination;

*and* whether defendant DOC has proved by a preponderance of the evidence that plaintiff failed

to take advantage of the opportunities provided to her to protect herself from discrimination; and,

if so, whether defendant has proved by a preponderance of the evidence that her failure to do so

was unreasonable.  If you find (1) that the plaintiff was subjected to a racially hostile

environment *and* (2) that defendant DOC had no effective, uniformly enforced policy in place

SCHEDULE E

for its prevention, *or* that defendant DOC *did* have such a policy in place but plaintiff's failure to implement or rely on such policy was reasonable, your verdict must be for the plaintiff on this claim.

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998); *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) and *Mack v. Otis Elevator Co*., 326 F.23d 116, 122 (2d Cir. 2003).

## 4.    Damages under Title VII

I will now turn to the proper assessment of damages on the Title VII claim, should you determine to award them.  The fact that I am instructing you to as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find in favor of plaintiff Lewis in accordance with the other instructions that I have given you.

If you find that the defendant DOC subjected the plaintiff to, or tolerated, a racially hostile work environment, then you must determine the amount of damages that she has proved that she has sustained as a result of that discrimination.  You should bear in mind that the plaintiff has the burden of proving both that she was damaged and the extent of those damages.

This kind of damages is known as compensatory damages and is to be assessed in an amount that would put the plaintiff in the same place she would have been, absent the defendants' discriminatory conduct.  In this case, compensatory damages are meant to cover emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses.  No evidence of the precise monetary value of such intangible injuries is available or needs to be introduced into evidence.  There is no exact standard for fixing the

compensation to be awarded for these elements of damage.  Even though it is difficult to establish a standard of measurement for these damages, that difficulty does not justify denying the plaintiff a fair and just recovery.  The award you make should be fair and equitable in light of the evidence presented and from an impartial point of view.  Adapted from *Standing Orders, Jury Instructions – Title VII Discrimination*, Magistrate Judge John M. Facciola, U.S.D.C., District of Columbia.

If you return a verdict for plaintiff Lewis, you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct result of the conduct of defendants.  If you find that the defendants caused her injury, you must remember, in calculating the damages, that she is entitled to be compensated only once for injuries she actually suffered.  Adapted from 4 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 87-91 (April 1996).

If you find that the defendant DOC is liable to plaintiff for having created or allowed a hostile working environment, but find that her intangible damages have little or no monetary value, you may award such compensatory damages in a nominal amount of $1.00 or some other comparable figure.

If you find that plaintiff is entitled to damages for losses that will occur in the future, you will have to reduce that amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

Title VII does not permit punitive damages to be assessed against a government agency, such as the defendant DOC in this case.  Accordingly, an award of money damages calculated

SCHEDULE E

solely as a punishment may only be considered against defendant Sousa under the § 1983 claim discussed below.

**B.    Sections 1981 & 1983 – Deprivation of Employment Rights  (as to Defendant Sousa)**

**1.    42 U.S.C. § 1983**

The law to be applied to plaintiff's second claim in this case is the federal civil rights law that provides a remedy for any person who has been deprived of his or her constitutional (or statutory) rights under "color of state law."

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The phrase "under color of state law" means that a person is acting with either the real or the apparent authority of a lawful power conferred upon that person by the state or one of its agencies or departments.

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and/or federal statutes.  Before Section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. By enacting this statute Congress created a remedy as broad as the protection provided by the fourteenth amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct 2744, 73 L.Ed.2d 482 (1982); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Mitchum v. Foster*, 407 U.S. 225 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Monroe v. Pape*, 365 U.S. 167m 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

As mentioned previously, the specific statutory right that plaintiff is seeking to protect and enforce by relying on the provisions of § 1983 is the right of contract guaranteed by § 1981. Section 1981 reads, in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts … as is enjoyed by white citizens. 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

42 U.S.C. § 1981(a) and (b), as amended by the 1991 amendments to the Civil Rights Act.

This law has been applied to entitle persons of color to equal opportunity and treatment in all aspects of employment. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 607 (1987); *Runyon v. McCrary*, 427 U.S. 160, 168 (1976); *Federal Jury Practice & Instructions*, § 104.01 (1987 & Supp. 1998)

To establish a claim under § 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

(1) That the conduct complained of was committed by a person (in this case, defendant Sousa) acting "under color of state law;"

(2) That the alleged conduct deprived the plaintiff of rights, privileges or immunities secured by § 1981 of the Civil Rights Act, as amended, to the benefits, privileges, terms or conditions of employment;

19

(3) That defendant Sousa acted with the necessary state of mind of intent to deprive plaintiff of her rights *or* with reckless disregard for the consequence of his conduct; and

(4) That defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

*Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

The plaintiff has the burden of proving each and every element of her § 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's § 1983 claim has not been proved by a preponderance of the evidence, you must return a verdict for the defendant.

I shall now examine each of these four elements in greater detail.

## 2.     Action Under Color Of State Law

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of § 1983, which includes within its scope action taken under the apparent authority of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or departments or a county or city agency. You are instructed in this case that the State of Connecticut Department of Correction is comprehended within the term "state."

Action under color of state law means action that is made possible only because the actor is clothed with the apparent authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law whether or not his acts violate state law. What is important is that the defendant was clothed with the authority of state law and that the defendant's actions were made possible by virtue of state law. *Adickes v.*

*S.H. Kress Co*., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); *Hague v. C.I.O.*, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); *Home Telephone & Telegraph Co. v. City of Los Angeles*, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); *Ex parte Virginia*, 100 U.S. 339, 25 L.Ed. 676 (1880).

The plaintiff claims that defendant Sousa was acting under color of the law of the State of Connecticut when he allegedly deprived the plaintiff of her rights to the privileges, benefits, terms and conditions of her employment rights guaranteed by § 1981.

In order for an act to be under color of law, the act must be of such nature and committed under such circumstances that it would not have occurred except for the fact that the defendant was clothed with the apparent authority of the state - that is to say, the defendant must have purported or pretended to be lawfully exercising his official power while in reality abusing it. The act of a state official in pursuit of his or her personal aims, unrelated to his official duties or powers, is not conduct accomplished by virtue of his or her state authority and is, therefore, not action under color of state law. The mere fact that a defendant happens to be a state officer is not, alone, sufficient to show that he was acting with the state's authority. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Stengel v. Belcher*, 522 F.2d 438 (6th Cir. 1975); *cert. dismissed*, 429 U.S. 118 (1976).

## 3.     Deprivation Of Right

The second element of plaintiff's claim is that she was deprived by the defendant Sousa of her federal right to the privileges, benefits, terms and conditions of employment guaranteed to her by § 1981. In order for the plaintiff to establish the second element, she must show the

following things by a preponderance of the evidence:  first, that the defendant committed the

acts alleged by plaintiff and second, that those acts caused the plaintiff to suffer the loss of her

federal right.  *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980; Martinez

v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); *Baker v. McCollan*, 443 U.S.

137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Monell v. Department of Social Services of the City

of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**4.  State Of Mind**

Thirdly, plaintiff must prove to a preponderance of the evidence that, in performing the

acts alleged, the defendant acted intentionally *or* recklessly.  If you find that the acts of the

defendant were merely negligent, and even if you find that the plaintiff was injured as a result of

those acts, you must return a verdict for the defendant.  *Daniels v. Williams*, 474 U.S. 327, 106

S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d

677 (1986).

An act is intentional if it is done knowingly, that is if it is done voluntarily and

deliberately and not because of mistake, accident, negligence or innocent reason.  In determining

whether the defendant acted with the requisite knowledge, you should remember that, while

witnesses may see and hear and so be able to give direct evidence of what a person does or fails

to do, there is no way of looking into a person's mind. Therefore, you have to depend on what

was done and what the people involved said was in their minds and your belief or disbelief with

respect to those facts.  *Modern Federal Jury Instructions* § 87.03, Instruction 87-76.

An act is reckless if it is done in conscious disregard of its known probable consequences.

In determining whether the defendant acted with the requisite recklessness, you should

remember that, while witnesses may see and hear and so be able to give direct evidence of what

a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you

have to depend on what was done and what the people involved said was in their minds and your

belief or disbelief with respect to those facts.  *Modern Federal Jury Instructions*, § 87-03,

Instruction 87-77.

### 5.  Causation

The fourth element that plaintiff must prove is that one or more of defendant's acts were a

"proximate" cause of the injuries allegedly sustained by the plaintiff.  Proximate cause means

that there must be a sufficient causal connection between the act or omission of the defendant

and any deprivation or damage allegedly sustained by the plaintiff.  An act or omission is a

proximate cause if it was a substantial factor in bringing about or actually causing the

deprivation.  That is, if the deprivation or damage was a reasonably foreseeable consequence of

the defendant's act or omission, it was proximately caused by such act or omission.  In other

words, if the defendant's act or omission had such an effect in producing the injury that

reasonable persons would regard it as being a cause of the injury, then the act or omission is a

proximate cause.

In order to recover damages for her claims, the plaintiff must show by a preponderance of

the evidence that her alleged deprivations would not have occurred without the conduct of the

defendant.  If you find that the defendant has proved, by a preponderance of the evidence, that

the plaintiff complains about an injury that would have occurred even in the absence of the

defendant's conduct, then you must find that the defendant did not proximately cause the

plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space.  In

addition, there may be more than one proximate cause of an injury or damage.  Many factors or

the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

The defendant is not liable if plaintiff's alleged injuries were caused because a new or independent source, or if the plaintiff's own actions, intervened or superseded the defendant's acts or omissions and the plaintiff's injury was not reasonably foreseeable by the defendant. *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

On the other hand, the defendant *is* liable if plaintiff's deprivation of rights was a reasonably foreseeable consequence of his conduct and he chose to act with reckless disregard for her rights.

**5.      Affirmative Defense Of Qualified Immunity**

Even if you find that defendant did deprive the plaintiff of her federally guaranteed rights, the defendant Sousa may still be entitled to present what is called the "affirmative defense" of qualified immunity. If you find that he is entitled to such immunity, you may not find him liable. The fact this is an "affirmative defense" means it is his burden to prove that he qualifies for the immunity.

The defendant will be entitled to a qualified immunity only *if* he can prove by a preponderance of the evidence that, at the time he deprived the plaintiff of her federal rights, he neither knew nor should have known that his actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity. Nor is the fact that the defendant was unaware of the federal law. The defendant is entitled to a qualified immunity *only* if he did not know that what he did was in

violation of federal law **and** a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of defendant's conduct, you may consider the nature of the defendant's official duties, the character of his official position, the information that was known to the defendant or not known to him and the events that confronted him. You must ask yourself what a reasonable official in defendant's situation would have believed about the legality of defendant's conduct. You may also use your common sense. If you find that a reasonable official in defendant's situation would have believed his conduct to be lawful, then this element will be satisfied.

Defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law. If the defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant in fact violated the plaintiff's rights under color of state law. *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Defendant Sousa has the burden of proving each element of his affirmative defense. If you find that any one of the elements of defendant's defenses has not been proved by a preponderance of the evidence, you must disregard the defense. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

## 6.    Damages Under § 1983

I will now turn to the proper assessment of damages applicable to the § 1983 claims made against defendant Sousa, should you determine to award them. The fact that I am instructing you

SCHEDULE E

as to the proper measure of damages should not be considered as suggesting any view of mine as to whether any party is entitled to your verdict on this claim.  Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find in favor of plaintiff Lewis in accordance with the other instructions that I have given you.

If you find that the defendant, acting under color of state law, intentionally or recklessly deprived the plaintiff of her federally guaranteed right to a workplace free of racial discrimination and that his acts were the proximate cause of her injuries, and that he does not qualify for the defense of qualified immunity, then you must determine the amount of damages that she has proved that she has sustained as a result of that discrimination.  The plaintiff has the burden of proving *both* that she was damaged *and* the extent of those damages.

This kind of damages is known as compensatory damages and are to be assessed in that amount which would put the plaintiff in the same place she would have been, absent the defendants' discriminatory conduct.  In this case, compensatory damages are meant to cover emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-economic losses.  No evidence of the precise monetary value of such intangible injuries is available or needs to be introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Even though it is difficult to establish a standard of measurement for these damages, that difficulty does not justify denying the plaintiff a fair and just recovery.  The award you make should be fair and equitable in light of the evidence presented and from an impartial point of view.  Adapted from *Standing Orders, Jury Instructions – Title VII Discrimination*, Magistrate Judge John M. Facciola, U.S.D.C., District of Columbia.

Even if you find that defendant is liable to plaintiff for injuries she sustained because of his conduct, you may award damages referred to as "nominal damages." This type of damages recognizes that plaintiff has suffered a legal wrong, but she has proven no or only minimal damages arising from the wrong she suffered. In such a case, nominal damages of $1.00 or other comparable amount may be awarded.

If you find that plaintiff is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

If you return a verdict for plaintiff Lewis, you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct result of the conduct of defendant. If you find that the defendant caused her injury, you must remember, in calculating the damages, that she is entitled to be compensated only once for injuries she actually suffered. Adapted from 4 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 87-91 (April 1996).

Even nominal compensatory damages may also support a punitive damage award. Unlike Title VII's application to the defendant DOC, § 1983 *does* permit punitive damages to be assessed against an individual defendant under certain circumstances. These are damages calculated to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. Accordingly, if you find that defendant Sousa is liable for injuries to plaintiff caused by his conduct and that the defendant was motivated by malice or a careless indifference to plaintiff's rights, then, in addition to

compensatory damages, you may award plaintiff such an additional amount of money damages that will most justly penalize him for his conduct. Adapted from *Patterson v. McLean Credit Union*, 491 U.S. 164, 182 n. 4 (1989); *Smith v. Wade*, 461 U.S. 30 (1983); *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 921-22 (8th Cir. 1986); *Model Jury Instructions (Civil) Eighth Circuit* § 5.24 (2001).

It is for you alone to determine whether plaintiff Lewis has proven, by a preponderance of the evidence, that she suffered a compensable violation of her federally guaranteed employment right. It is then for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proven by the plaintiff, and to determine what, if any, is a fair and appropriate measure of punitive damages. There is no fixed formula for you to apply. However, you may not speculate or guess as to damages, nor may they be the result of sympathy, bias or prejudice. Just keep in mind that a plaintiff need not prove her damages with mathematical precision but only with the degree of accuracy permitted by the circumstances.

### III.     Concluding Remarks

In order to return a verdict, it is necessary that each juror agree to it. Your decision, in other words, must be unanimous. Consistent with that duty as jurors, you are to consult one another and deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment. Each of you must decide the case for yourself. You should not surrender your honest conviction as to the weight and effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You must keep in mind that you are not partisans. You are the sole judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

In your deliberations, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it to you.

When you retire to the jury room, you will elect one of your members as a foreperson, and he or she will preside over your deliberations and will be your spokesperson here in court. You will be given a form that sets out the questions you must answer and the order in which I suggest that you decide matters.  Please do not begin your deliberations until you have the exhibits from the case with you in the jury room.

If you have a question, or wish certain testimony to be read back to you, kindly have the foreperson write out the question or request and hand it to the marshal.  The marshal will deliver it to me, and I shall attempt to answer as soon as possible.

Render your decisions fairly, uprightly and without prejudice.  When you have reached your decision, please inform the marshal, who will be outside the door of your room.  Then you will return to the courtroom and announce your verdict.  You may now retire to the jury room.

[ADDITIONAL REQUEST OF THE PLAINTIFF]

The plaintiff respectfully requests leave to supplement her proposed jury instructions after the evidence and prior to the charging conference.  This request is made in an abundance of caution and on the theory that the parties cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach its verdict.

Respectfully Submitted,

PLAINTIFF,
BRENDA LEWIS

By:   _____
Lowell L. Peterson
Community Law Practice, LLC
Federal Bar # ct-22165
2065-A Main Street
Hartford, CT 06120
Tel:  (860) 728-3788
Fax:  (860) 728-3755
Email:  lpeterson@clpllc.com

**<u>CERTIFICATION</u>**

I certify that a copy of the foregoing [Plaintiff's] Proposed Jury Charge was delivered by

electronic mail transmission to the following counsel of record on July 13, 2005.

Beth Z. Margulies
Assistant Attorney General
Federal Bar # ct08469
55 Elm Street, P.O. Box 120
Hartford, CT 06141-1020
E-mail:  Beth.Margulies@po.state.ct.us

_____
Lowell L. Peterson, Esq.
Community Law Practice, LLC
Federal Bar ID # ct-22165
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755
E-mail:  lpeterson@clpllc.com