**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BRENDA LEWIS,                      :          *CIVIL NO. 3:02CV2304 (MRK)*
       *Plaintiff,*                :
                       :

STATE OF CONNECTICUT,
DEPARTMENT OF CORRECTION,
ET AL.,                            :
       *Defendants.*                :          JULY 15, 2005

## JURY CHARGE

      Good afternoon, ladies and gentlemen.  I will now instruct you concerning the law which is applicable to the facts in the case you have heard.

**Finding the Facts**

      As in all cases, you, the jury, and I, the Court, have separate functions.  It is my duty to state the law as it pertains to this case, and it is your duty to find the facts.  In this respect, you are the sole judges of what the facts are.  You decide the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable conclusions you decide to draw from the facts as you have determined them.

      In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their closing arguments and in their objections is not evidence.  Questions asked by lawyers are not evidence.  It is a witness' answer which constitutes the evidence.  Evidence also does not include anything I have said during the trial or may say during these instructions with respect to a factual matter.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who produced them. The evidence also includes any reasonable conclusions which may be drawn from the testimony and exhibits. When drawing these conclusions, you should use your common sense. Your conclusions must be drawn from the facts that have been established at trial and must be logical and reasonable. Your conclusions must not be the result of a guess or speculation about the evidence. Later, I will tell you more about the different types of evidence and conclusions you may draw from such evidence.

Although the witnesses' answers are evidence, you may not consider any answer that I directed you to disregard or that I directed stricken from the record. Such disregarded or stricken answers should be treated as though you never heard them. Likewise, you should disregard any evidence to which an objection was sustained.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or as to what your verdict should be. The rulings I made during the trial should not be used by you as indicators of my views concerning the proper outcome of the trial, nor should you infer that I have such an opinion from anything I have said.

As to the facts, ladies and gentlemen, you are the exclusive judges. You must perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your duty with an attitude of complete fairness and impartiality. It would be improper for you to consider any personal feelings you may have about the parties' race, religion, national origin, sex, or age. Remember, your verdict must be based exclusively upon the evidence or lack of evidence in the case.

**Rules of Law**

Insofar as I state the law to you, what I say is binding upon you, and it is your duty to follow my instructions and apply the law to the facts as you find them.  You may not single out one instruction of the Court alone as stating the law; rather, you must consider the charge as a whole.

If, by chance, you have a different idea of what the law is or what is should be, you must disregard you own notion and conscientiously apply the law as I state it to you.  It would be a violation of your sworn duty to base a verdict upon any view of the law other than that stated in the instructions of this Court.

In addition, if the law as I give it to you differs in any way from the claims made by counsel in argument, then you shall disregard any of counsel's contrary statements about the law and apply the law as I state it to you.

**Bench Conferences and Objections**

During the course of this trial there have been occasions for the attorneys to confer with me out of your hearing.  In the interest of justice and in order to expedite a trial, it is perfectly proper that such conferences be held here at the bench.  This serves to avoid the inconvenience of having you, the jury, file out and back in again.  It also serves to prevent the jury from being excused on technical legal matters.  In such situations, you should not feel slighted.  You are not to guess or predict what may have been discussed between the attorneys and myself up here at the bench.  Furthermore, you should not resent the attorney who requested the bench conference.

There are rules that control what evidence is admitted into the record of a case. Testimony or exhibits are admitted into evidence when they are offered by a party in the course

of the trial and either no objection is raised or, if an objection is raised, it is overruled.

Objections are the procedure by which a judge is requested by a lawyer to decide if the Rules of

Evidence permit a particular exhibit or testimony to be admitted into evidence.  If the judge rules

that the testimony or exhibit may not be admitted – that is, the objection is sustained – then that

testimony or exhibit is not admitted into evidence, or is stricken from the record and may not be

considered by the jury.  Rules on admissibility are intended to present to the jury the most

trustworthy, reliable, and the highest quality evidence.  It is the duty of every attorney to object

when another attorney offers evidence that the objecting attorney believes is not properly

admissible.  You should not show prejudice against any attorney or his client because that

attorney has made objections.

If the Court decides to permit the introduction of evidence over the objection of an

attorney, this does not, unless expressly stated, indicate any opinion on my part as to the weight

or effect of such evidence.  As stated before, you are the sole judges of the credibility of all

witnesses and the weight and effect of all evidence.

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict in

this case.

One type of evidence is called direct evidence.  Direct evidence is evidence presented by

a witness who testified as to what that witness saw, heard, or observed.  In other words, when a

witness testifies about what is known to that witness by virtue of the witness's own senses –

what the witness sees, feels, touches, or hears – that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other

facts.  When we employ circumstantial evidence to reach a conclusion, we often say that we

"infer" one fact from another or that we "draw an inference."  There is a simple example of circumstantial evidence which is often used in this courthouse.  Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Somebody else then walked in with a raincoat that was also dripping wet.  Now, you cannot look outside the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  In other words, the fact of rain is an inference that can be drawn from the wet umbrella and raincoat.

That is all there is to circumstantial evidence.  You take an established fact and conclude, on the basis of reason, experience, and common sense, that another fact exists or does not exist.

In this case, you will be required to determine whether the employees of the defendant knew of the existence of certain facts, intended to do certain things, or acted out of certain improper motivations.  This will require a decision about the state of mind of these individuals, which obviously cannot be proven by any direct evidence.  You cannot look into a person's mind to see what his or her state of mind is or was.  But a wise and intelligent consideration of all the facts and circumstances shown by the evidence will enable you to infer with a reasonable degree of accuracy the extent of these individuals' knowledge and the motives behind the actions taken. In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is.  Therefore, you may well rely on circumstantial evidence in determining the state of the Defendants' employees' minds.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence. In deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience. After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

**Witnesses**

Now, the credibility of the witnesses who testified in this case and the weight to be accorded to their testimony will be determined entirely by you.

No fact, of course, may be determined merely by the number of witnesses before you or the volume of the evidence. You are interested primarily in the quality of the testimony and evidence offered and not in its quantity.

There is no magic formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests you should apply in your deliberations as jurors.

You should carefully scrutinize all the testimony, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor while on the stand. Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any possible bias which the witness might have, either for or against the plaintiff or for or against the defendant; the manner in which each witness might be affected by

the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. In short, you should test the evidence by your own knowledge of human nature and the motives that influence and control human beings.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it involves an important fact or only a small detail.

Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind in scrutinizing the whole testimony of that witness. If, however, you conclude that a witness has not only testified falsely but has done so intentionally, this fact casts a very serious doubt on all of that witness's testimony, and you might well conclude that you cannot accept any of it.

The significance you attach to an inaccuracy may vary due to the particular fact at issue or the surrounding circumstances which, in your mind, should have impressed it upon the memory of the witness and caused a correct retention of it to be made.

A witness may be discredited or impeached by contradictory evidence, by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness's present testimony. If you believe that any witness has been discredited or impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, due to the witness's bearing and demeanor, or due to the inherent improbability of the witness's testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. On the other hand, the testimony of a single witness may be sufficient to convince you of the existence of an essential element or elements of the claim made.

**Standard of Proof**

In civil actions, such as this one, the plaintiff bears the burden of proving each essential element of her claims by a preponderance of the evidence. I should point out that the burden of proof differs in civil cases from the burden of proof in criminal cases. In criminal cases, the burden of proof is proof beyond a reasonable doubt. That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence.

To prove by a preponderance of the evidence means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's evidence on the other side of the scale. If the scales tip ever so slightly in favor of the plaintiff, then her evidence preponderates, and she has sustained her burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then, obviously, the plaintiff has not sustained her burden of proof. Should you feel that the scales are evenly balanced, that neither party's evidence

outweighs the other, then the plaintiff has failed to meet her burden of proving her case by a preponderance of the evidence, and the defendant prevails.

I will now discuss with you the elements of the plaintiff's claim.

**Title VII – Hostile Work Environment**

Plaintiff has brought this case under a federal statute known as Title VII. The purpose of Title VII is to prevent discrimination in the work place. The statute prohibits employers from refusing to hire, discharging from employment, or discriminating against individuals on the basis of race, sex, national origin or religion. Title VII makes it illegal for an employer to create, or to allow to exist, a hostile work environment based on racial discrimination.

Plaintiff's first claim is that the defendant maintained a racially hostile work environment in violation of Title VII. To prevail on a racially hostile work environment claim, plaintiff must prove (1) that she was subjected to verbal or physical conduct of a racial nature; (2) the conduct was severe or pervasive enough to create  hostile work environment; (3) the conduct was directed at her because of her race; and (4) there is a basis for imputing the conduct at issue to her employer. <u>Alfano v. Costello</u>, 294 F.3d 365, 373 (2d Cir. 2002). A workplace is considered hostile when the harassment was sufficiently severe or pervasive as to alter the conditions of one's employment and create an abusive working environment. <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S 57, 67 (1986) quoting <u>Henson v. Dundee</u>, 682 F.2d 897, 904 (11th Cir. 1982). A hostile work environment is not simply offensive; it is so severe or pervasive that, considering all the circumstances, a reasonable person would consider the environment abusive or hostile. Factors to be considered by you include, but are not limited to, frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating; whether it unreasonably interferes with an employee's work performance; and/or whether it affects the employee's

psychological well-being. If you find that the incidents at issue were merely isolated or occasional episodes, or utterances, then the plaintiff has not established her claim and you must find for the defendant.

Analysis of a racially objectionable work environment claim, as charged in this case, involves both a subjective and objective assessment. The plaintiff must establish both that she personally considered the environment hostile and that the environment rose to some objective level of hostility. That is, you must ask yourselves whether a reasonable person would find the environment to be racially objectionable and hostile. In determining whether Ms. Lewis was subjected to a racially hostile working environment, you must look at all the circumstances surrounding the conduct at issue.

Generally the plaintiff must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment. The more severe the harassing conduct, the less frequent it must be for you to find that the conduct amounted to unlawful sexual harassment.

See Cruz v. Coach Stores, Inc. 202 F.3d 560, 570 (2d Cir. 2000); Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998); Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993); Sasaki v. Class, 92 F.3d 232 (4th Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1467, 1482 (3rd Cir. 1990). See also Crowe v. Wiltel Communications Sys., 103 F.3d 897 (9th Cir. 1996); Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995); Ellison v. Brandy, 924 F.2d 872, 878 (9th Cir. 1991); Lipsett v. University of Puerto Rico, 864 F.2d 881, 898 (1st Cir. 1988); Presley v. Pepperidge Farms, Inc., 2005 U.S. Dist. LEXIS 1695.

Title VII does not protect employees from hostile conduct that is not based on their protected status; there can be many reasons why people do not get along in the workplace that do not implicate unlawful conduct.  In short, the conduct must be race based.  <u>Alfonso</u>, 294 F.3d at 374; <u>Farpella-Crosby v.Horizon Health Case</u>, 97 F.3d 803, 806 (5th Cir. 1996).

<u>Employer Liability Under Title VII</u>

As I noted earlier, the plaintiff must show a specific basis for imputing the hostile work environment to her employer.  Employers are not automatically liable for a racially hostile work environment  perpetrated by their employees.  <u>See</u> <u>Burlington Indust., Inc. v. Ellerth</u>, 524 U.S. 742 (1998); <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998).  Where an employee is the victim of a racially hostile work environment by non-supervisory co-workers, an employer's vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action.  <u>See</u> <u>Faragher v. City of Boca Raton</u>, 524 U.S. at 789; <u>accord</u> <u>Whidbee v. Garzarelli Food Specialties, Inc</u>, 223 F.3d 62, 72 (2d cir. 2000).  An employer will be liable when the harasser is a co-worker only when the employer either did not provide a reasonable avenue for complaint or knew of the harassment but did nothing about it.  Once an employer has knowledge of a racially objectionable or hostile work environment, that employer has a duty to take reasonable steps to eliminate it.  The employer's response should be evaluated to determine how prompt, appropriate, and adequate it was.  If you find the plaintiff has proven that a hostile work environment existed but you then find that the defendant took measures which were both feasible and reasonable to remedy the situation, your verdict must be for the defendant on the Title VII hostile work environment claim.  If, on the other hand, you find that the plaintiff was subjected to a racially hostile environment and the defendant knew about it and did not take reasonable

steps to remedy the situation, your verdict must be for the plaintiff on this claim.  Faragher, 524

U.S. 775 (1998);  Burlington Industries v. Ellerth, 524 U.S. 742 (1998); See Mack v. Otis

Elevator Co., 326 F.23d 116, 122 (2d Cir. 2003); see also Harris v. Forklift Sys., Inc., 510 U.S.

17, 21 (1993).

When a supervisor creates the racially hostile work environment, the employer will be

held vicariously liable where the supervisor's behavior 'culminate[d] in a tangible employment

action' against the employee, Burlington Indus., Inc. v. Ellerth, 524 U.S. at 765; Mack v. Otis

Elevator Co., 326 F.3d at 124.  The parties agree that the plaintiff has not experienced any

tangible employment action.   In the absence of such tangible action, an employer will still be

liable for a hostile work environment created by its supervisors unless it successfully establishes

as an affirmative defense by a preponderance of the evidence that (a) it 'exercised reasonable

care to prevent and correct promptly any [racially] harassing behavior,' and (b) 'the plaintiff

employee unreasonably failed to take advantage of any preventive or corrective opportunities

provided by the employer or to avoid harm otherwise.'  Burlington Indus., Inc. v. Ellerth, 524

U.S. at 765; accord Faragher v. City of Boca Raton, 524 U.S. at 807; Mack v. Otis Elevator Co.,

326 F.3d at 125; Petrosino v. Bell Atlantic, 2004 U.S. App. LEXIS 20513 (2d Cir. 2004).  The

existence of an employer's anti-harassment policy is an important factor to be considered in

satisfying the first element of the defense. Ellerth., 524 U.S. at 807; Caridad v. Metro North

Commuter Railroad, 191 F.3d 283, 295 (2d Cir. 1999) citing see also Fiero v. Saks Fifth Ave., 13

F. Supp.2d 481, 491 (S.D. N.Y. 1998).  A plaintiff's fears that her claims would not be taken

seriously are insufficient to overcome an employer's burden under the second element of the

defense.  Caridad, 191 F.3d at 295 citing Faragher, 524 U.S. at 807.  An employee experiencing

discrimination has a duty to use an employer's preventive or remedial mechanism for reporting

and resolving discrimination complaints to avoid or minimize the damages that result from

violations of the statute.  She should not recover damages that could have been avoided if she

had done so.  Faragher, 524 U.S. at 807.

    *The court in this case has decided as a matter of law that the limited nature of Eric*

*Sousa's authority over the plaintiff is insufficient to require the defendant to invoke the*

*affirmative defense under Ellerth and Faragher.  Therefore, you, the jury, should apply the co-*

*worker vicarious liability analysis stated above to the facts of this case and decide whether the*

*employer either did not provide a reasonable avenue for complaint or knew of the harassment*

*but did nothing about it.*

    **OR**

    *The court in this case has decided as a matter of law that the nature of Eric Sousa's*

*authority over the plaintiff is sufficient to permit the defendant to invoke the affirmative defense*

*under Ellerth and Faragher.  Therefore, you, the jury, should determine whether the employer*

*has satisfied its affirmative defense as set forth above by a preponderance of the evidence.*


## INSTRUCTIONS ON 42 U.S.C. § 1983 AND § 1981

## (THIS CLAIM IS AGAINST ERIC SOUSA ONLY)

**The Statute**

    The plaintiff claims that Eric Sousa violated her rights under 42 U.S.C. § 1981, which

prohibits race discrimination in the creation and enforcement of contracts.  This federal statute

reads:

**(a) Statement of equal rights** All persons within the jurisdiction of the United States shall have
the same right in every State and Territory to make and enforce contracts, to sue, be parties, give
evidence, and to the full and equal benefit of all laws and proceedings for the security of persons

and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(b) "Make and enforce contracts" defined** For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**(c) Protection against impairment** The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

The same standards relating to establishing a racially hostile work environment under Title VII apply with regard to establishing a racially hostile work environment under § 1981.  Alexander v. Wisconsin Dept. of Health and Family Services, 263 F.3d 673 (7th Cir. 2001).  However, a § 1981 violation is remedied through the application of  the federal civil rights statute, 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Purpose of Statute**

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court.  In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.  Authority:  Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482

(1982); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); <u>Mitchum v. Foster</u>, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); <u>Monroe v. Pape</u>, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

**Burden of Proof**

I shall shortly instruct you on the elements of plaintiff's § 1983 claim, and on the elements of defendant's affirmative defenses. The plaintiff has the burden of proving each and every element of her § 1981 and § 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's § 1981 and § 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant. The defendant has the burden of proving each element of his affirmative defenses. I shall shortly instruct you on the elements of these defenses. If you find that any one of the elements of defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

Authority**:** <u>Gomez v. Toledo</u>, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

**Requirement of Personal Involvement**

In order to prove that Eric Sousa is liable for racial discrimination against the plaintiff under 42 U.S.C. § 1983, the plaintiff must prove that he was personally involved in the alleged discriminatory conduct. This is because a state official may not be held liable under § 1983 for a violation of a person's rights unless the official was personally involved in the violation. In cases under § 1983 involving claims against supervisory personnel, such personal involvement can be proven in a number of ways. A supervisor may be held personally liable for a federal violation if he (1) participated directly in the federal violation; (2) failed to remedy the violation after learning of it; (3) created a policy or custom of unconstitutional practices under which the violation occurred or allowed such a policy or custom to continue; or (4) was deliberately

indifferent to the constitutional rights of the victim in that he knew or had reason to know that a violation was likely to occur but failed to take reasonable steps to prevent it from occurring.

The plaintiff has the burden of proving that Eric Sousa was personally involved in the alleged violation of her § 1981 rights in one or more of these ways or she cannot recover against him even if her federal rights were violated by someone else.

**Elements of a Section 1983 Claim**

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements: first, that the conduct complained of was committed by a person acting under color of state law; second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. I shall now examine each of the three elements in greater detail.

Authority**:** Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

**First Element - Action Under Color of State Law Definition**

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of § 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state

law where the actor misuses power that he possesses by virtue of state law.  An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

**Authority:**  Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880).

The plaintiff claims that the defendant Sousa was acting under color of the law of the State of Connecticut when he allegedly deprived the plaintiff of her constitutional rights. In order for an act to be under color of law, the act must be of such nature and committed under such circumstances that it would not have occurred except for the fact that the defendant was clothed with the authority of the state - that is to say, the defendant must have purported or pretended to be lawfully exercising his official power while in reality abusing it.  The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state officer.

**Authority:**  Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Pitchell v. Callan, 13 F.3d 545, 547-48 (2d Cir. 1994); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); cert. dismissed, 429 U.S. 118 (1976).

**Second Element - Deprivation of Right**

The second element of plaintiff's claim is that she was deprived of a federal right by the defendant. In order for the plaintiff to establish the second element, she must show these things by a preponderance of the evidence: first, that the defendant committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that in performing the acts alleged, the defendant acted intentionally or maliciously.

**Authority:** Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980; Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**State of Mind - General**

I instruct you that, to establish a claim under § 1983, the plaintiff must show that the defendant acted intentionally. An act is intentional if it is done knowingly, that is to say, if it was done voluntarily and deliberately, not because of mistake, accident, negligence or some other innocent reason. If you find that the challenged conduct on the part of Eric Sousa was merely negligent, then the plaintiff cannot recover on her § 1983 claim, even if you find that the plaintiff was injured as a result of those acts. You must return a verdict for the defendant.

**Authority:** Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

In determining whether a defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to

depend on what was done and what the people involved said was in their own minds and your

belief or disbelief with respect to those facts.

**Authority:**  Modern Federal Jury Instructions § 87.03, Instruction 87-76.

### State of mind – Recklessness

An act is reckless if done in conscious disregard of its known probable consequences.  In

determining whether the defendant acted with the requisite recklessness, you should remember

that while witnesses may see and hear and so be able to give direct evidence of what a person

does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to

depend on what was done and what the people involved said was in their own minds and your

belief or disbelief with respect to those facts.

**Authority:**  Modern Federal Jury Instructions, § 87-03, Instruction 87-77.

### State of Mind - Negligence

An act is negligent if the defendant was under a duty or obligation, recognized by law,

that required him to adhere to a certain standard of conduct to protect others against

unreasonable risks, and he breached that duty or obligation.

**Authority:**  Modern Federal Jury Instructions, § 87-03, Instruction 87-78.

### Third Element:  Causation; Proximate Cause – Generally

The third element which plaintiff must prove is that the defendant's acts were a proximate

cause of the injuries allegedly sustained by the plaintiff.  Proximate cause means that there must

be a sufficient causal connection between the act or omission of the defendant and any injury or

damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a

substantial factor in bringing about or actually causing injury, that is, if the injury or damage was

a reasonably foreseeable consequence of each defendant's act or omission, it was proximately

caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of each of the defendants. In this case there is only one defendant in regard to the § 1981 claim – Eric Sousa. If you find that a defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

**Authority:**  Givhan v. Western Line Consolidated School District, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

**Qualified Immunity**

Even if you find that defendant did deprive the plaintiff of her federal statutory rights, the defendant Sousa still may be entitled to what is called a qualified immunity. If you find that he is entitled to such an immunity, you may not find him liable.

Each defendant will be entitled to a qualified immunity if, at the time he deprived the plaintiff of her federal rights as described above, he neither knew nor should have known that his actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity. Nor is the fact that the defendant was unaware of the federal law. The defendant is entitled to a qualified immunity if he did not know what he did was in violation of federal law **and** if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of defendant's conduct, you may consider the nature of the defendant's official duties, the character of his official position, the information which was known to the defendant or not known to him, and the events which confronted him. You must ask yourself what a reasonable official in the defendant's situation would have believed about the legality of defendant's conduct. You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in each defendant's situation would believe his conduct to be lawful, then this element will be satisfied.

Each defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law. If a defendant convinces you by a preponderance of the

evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant in fact violated the plaintiff's rights under color of state law.

**Authority:** Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

**Damages**

I will now turn to the proper assessment of damages, should you determine to award them. The fact that I am instructing you to as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find in favor of Ms. Lewis in accordance with the other instructions that I have given you.

If you find that the defendants subjected the plaintiff to a racially hostile work environment, then you must determine the amount of damages that she has proved that she has sustained as a result of that discrimination. You should bear in mind that the plaintiff has the burden of proving both that she was damaged and the extent of those damages.

This kind of damages is known as compensatory damages and are to be assessed in that amount which would put the plaintiff in the same place she would have been, absent the defendant's discriminatory conduct. In this case, compensatory damages are meant to cover emotional suffering.

**No Double Recovery**

If you return a verdict for Ms. Lewis, you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct result of the conduct of defendants.  If you find that the defendants caused her injury, you must remember, in calculating the damages, that she is entitled to be compensated only once for injuries she actually suffered.  Authority:  Adapted from 4 L. Sand, et al., Modern Federal Jury Instructions, Instruction 87-91 (April 1996).

It is for you alone to determine whether Ms. Lewis has proven, by a preponderance of the evidence, that she suffered compensable injury.  It is then for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proven by the plaintiff.  There is no fixed formula for you to apply.  However, you may not speculate or guess as to damages, nor may they be the result of sympathy, bias or prejudice.  Just keep in mind that a plaintiff need not prove her damages with mathematical precision but only with the degree of accuracy permitted by the circumstances.

**No Punitive Damages Under Title VII**

There are no punitive damages allowed under Title VII against a governmental entity.  42 U.S.C. § 1981a(b)(1).  Therefore, you cannot award punitive damages against the Department of Correction even if you find that a racially hostile work environment existed.

**Instruction On Punitive Damages Under § 1983**

Punitive damages are never awarded as of right, but rather are awarded in the jury's discretion "to punish the defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future."  Smith v. Wade, 461 U.S. 30, 52, 56 (1983) quoting Restatement (Second) of Torts § 908(1) (1979).   Punitive damages under 42 U.S.C. § 1981 should only be afforded if the jury finds that Eric Sousa engaged in racial discrimination and was

motivated "by evil motive or intent" or behaved in a manner that showed "reckless or callous indifference" to such discrimination.  Smith v. Wade, 461 U.S. at 56.  Punitive damages can only be assessed as a punishment against Lt. Sousa in this case and not the agency.

**Mitigation of Damages**

If you find in favor of the plaintiff on her race discrimination claims, you must consider the defendant's argument regarding mitigation of damages.  The defendant contends that the plaintiff has failed to mitigate any damages she might have sustained as a result of a racially hostile work environment.  The defendant has the burden of proving that the plaintiff has failed to mitigate her damages.

A person who is damaged as a result of wrongful conduct by another has a duty under the law to use reasonable efforts to mitigate or minimize her damages.  A plaintiff may not recover for any item of damage she could have avoided through reasonable effort.  If an injured party unreasonably fails to take advantage of an opportunity to lessen her damages, she may not recover for any damages she would have avoided had she taken advantage of the opportunity.

**Concluding Remarks**

In order to return a verdict, it is necessary that each juror agree to it.  Your decision, in other words, must be unanimous.  Consistent with that duty as jurors, you are to consult one another and deliberate with a view to reaching an agreement, if you can do so without doing violence to your own individual judgment.  Each of you must decide the case for yourself.  You should not surrender your honest conviction as to the weight and effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You must keep in mind that you are not partisans.  You are the sole judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

In your deliberations, determine the facts on the basis of the evidence as you have heard it, and apply the law as I have outlined it to you.

When you retire to the jury room, you will elect one of your members as a foreperson, and he or she will preside over your deliberations and will be your spokesperson here in court. You will be given a form which sets out the questions you must answer and the order in which I suggest that you decide matters. Please do not begin your deliberations until you have with you in the jury room the exhibits in the case.

If you have a question, or wish certain testimony to be read back to you, kindly have the foreperson write out the question or request and hand it to the marshal. The marshal will deliver it to me, and I shall attempt to answer as soon as possible.

Render your decisions fairly, uprightly, and without a scintilla of prejudice. When you have reached your decision, please inform the marshal, who will be outside the door of your room. Then you will return to the courtroom and announce your verdict. You may now retire to the jury room.

ADDITIONAL REQUESTS

The parties respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach its verdict.

DEFENDANTS, DOC et al.

BY:   RICHARD BLUMENTHAL
         ATTORNEY GENERAL

_____

Beth Z. Margulies
Assistant Attorney General
55 Elm Street, P.O. 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax:  (860) 808-5383
Federal Bar No. #ct08469
Beth.Margulies@po.state.ct.us


### CERTIFICATION

I hereby certify that the foregoing was mailed this 15th day of July 2005, first class postage prepaid, to:

Lowell Peterson, Esq.
Community Law Practice, LLC
2065-A Main Street
Hartford, CT 06120
Tel: 860-728-3788
Fax: 860-728-3755
Email: lpeterson@clpllc.com


_____

Beth Z. Margulies
Assistant Attorney General