## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRENDA J. LEWIS,** | : | **CIVIL ACTION CASE NO.** |
| *Plaintiff*, | : | |
| v. | : | 302 CV 2304 (MRK) |
| **STATE OF CONNECTICUT,** | : | |
| **DEPARTMENT OF CORRECTION** | : | |
| *et al.*, | : | |
| *Defendants* | : | JULY 15, 2005 |

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff moves for limiting orders prohibiting the introduction of certain evidence and testimony offered by Defendants in the Parties' Joint Trial Memorandum, as follows.

*Defendants' Witnesses:*

    14. Salvatore Pitruzzello – knowledge of reverse discrimination occurring at HCC; Union steward who attended Step III grievance re March 9, 2001 (2 hours); York Correctional Institution, 201 West Main Street, Niantic, CT 06357.

> **PLAINTIFF OBJECTS – This anticipated testimony is irrelevant to the determination of plaintiff's claims or defendants' defenses thereto under Rules 401 and 402; its prejudicial effect clearly outweighs any probative value under Rule 403; it is inappropriate if offered as character evidence under Rule 404; and it is inadmissible hearsay under Rules 801 and 802, without qualifying for the exclusion from the hearsay definition for statements of a co-conspirator under Rule 801(d)(2)(E).**

    15. Correctional Counselor David Patterson – knowledge of 2 incidents when plaintiff was overly aggressive and non-professional, P.O. Box 1025, Presque Isle, ME.

> **PLAINTIFF OBJECTS – This proposed testimony is irrelevant to the determination of plaintiff's claims or defendants' defenses thereto under Rule 401 and 402; its prejudicial effect clearly outweighs its probative value under Rule 403; it is inappropriate as character evidence under Rule 404; it is inadmissible lay opinion under Rule 701; and it lacks sufficient and proper foundation.**

In connection with the proposed testimony of Counselor Patterson, Plaintiff also objects to Defendant's proposed trial exhibits, as follows:

# 535: Counselor Patterson's alleged confrontation with Plaintiff at the Lobby Control Post on 6-20-01 is not relevant to any claims or defenses in this matter and his opinion regarding her motivation for alleged conduct is improper lay opinion.

# 537: Counselor Patterson's alleged confrontation with Plaintiff at the Warden's Corridor Door on 6-7-02, and Plaintiff's subsequent episode of hypertension, are not relevant to any claims or defenses in this matter.

# 538: Counselor Patterson's "experiences" with Plaintiff are not relevant to any claims or defenses in this matter and his "opinion" regarding her allegedly "explosive personality" is highly prejudicial and lacking in probative value.

16. Major Neal Kearney – character witness for Sousa, Enfield CI, 289 Shaker Road, Enfield, CT 06082

> **PLAINTIFF OBJECTS – Evidence of defendant Sousa's character is not admissible under Rule 404(a) where character is not an element of plaintiff's claim or defendant's defense and there is no foundation for this witness' anticipated testimony.**

17. Officer David Grant – character witness for Sousa, Webster CI, 111 Jarvis Street, Cheshire, CT 06410.

> **PLAINTIFF OBJECTS – Evidence of defendant Sousa's character is not admissible under Rule 404(a) where character is not an element of plaintiff's claim or defendant's defense and there is no foundation for this witness' anticipated testimony.**

18. Officer Lamel L. Smith – character witness for Sousa, Hartford, CC, 177 Weston Street, Hartford, CT 06120.

> **PLAINTIFF OBJECTS – Evidence of defendant Sousa's character is not admissible under Rule 404(a) where character is not an element of plaintiff's claim**

**or defendant's defense and there is no foundation for this witness' anticipated testimony.**

29. Kyle Godding – Lieutenant who investigated Nichols incident (1 hour), Hartford CC, 177 Weston Street, Hartford, CT  06120

**PLAINTIFF OBJECTS:  irrelevant and immaterial to plaintiff's claims of hostile work environment or to defendants' affirmative defense, and lack of proper and sufficient foundation.**

In connection with the proposed testimony of Lt. Godding, Plaintiff also objects to Defendant's proposed trial exhibit, as follows:

# 536:  Incident Report # 02-1620 pertaining to unauthorized leave from the facility by Correction Officer Michael Nichols, in connection with a relief for medical purposes granted by Lt. Kyle Godding, is not relevant to any claims or defenses in this matter.

Plaintiff has further objected to Defendants' proposed trial exhibit    # 511:  Unsigned, unattributed and unauthenticated hand-written notes of unidentified person are not relevant to any claims or defenses in this matter.

Plaintiff has separately submitted her memorandum of law in support of this motion in limine to exclude witnesses and evidence offered by the Defendants that she has identified as objectionable and requests a Rule 103(c) hearing outside the presence of the jury requiring the Defendants to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for such evidence or witness' anticipated testimony.

Respectfully Submitted,

PLAINTIFF,
BRENDA LEWIS

By: _____
Lowell L. Peterson, Esq.
Community Law Practice, LLC
Federal Bar ID # ct-22165
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755
E-mail:  lpeterson@clpllc.com

### CERTIFICATION

I certify that a copy of the foregoing Plaintiff's Motion In Limine was delivered by electronic mail transmission to the following counsel of record on July 15, 2005.

Beth Z. Margulies
Assistant Attorney General
Federal Bar # ct08469
55 Elm Street, P.O. Box 120
Hartford, CT 06141-1020
E-mail: Beth.Margulies@po.state.ct.us


_____
Lowell L. Peterson, Esq.
Community Law Practice, LLC
Federal Bar ID # ct-22165
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755
E-mail:  lpeterson@clpllc.com