**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **BRENDA J. LEWIS,** | : | **CIVIL ACTION CASE NO.** |
| *Plaintiff*, | : | |
| v. | : | 302 CV 2304 (MRK) |
| **STATE OF CONNECTICUT,** | : | |
| **DEPARTMENT OF CORRECTION** | : | |
| *et al.*, | : | |
| *Defendants* | : | JULY 15, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff has moved for limiting orders prohibiting the introduction of certain evidence and testimony proposed to be offered by Defendants at trial in the captioned matter. Plaintiff herewith submits her memorandum of law in support thereof.

**ONE:  Correction Officer Salvatore Pitruzzello**

Defendants, in the Parties' Joint Trial Memorandum submitted in this matter, have identified former Union Steward Salvatore Pitruzzello, presently a correction officer at the York Correctional Facility in Niantic, Connecticut, as someone who is expected to testify to "knowledge of reverse discrimination occurring at HCC." It is anticipated that testimony of CO Pitruzzello will be offered to bolster the deposition testimony of Defendant Lt. Sousa that there were certain minority union stewards at the Hartford Correctional Center who were "conspiring against [him] to bring up racial issues against [him]" and filed (presumably) meritless grievances against him. *See* Deposition of Erik Sousa, April 12, 2004, 27: 17 – 32: 16. Plaintiff expects that Defendants are offering this testimony for the purpose of attempting to show that Plaintiff's complaint has been brought in bad faith as a step in advancement of that conspiratorial purpose.

1

Plaintiff objects to this anticipated testimony as irrelevant to the determination of Plaintiff's claims or Defendants' defenses thereto under Rule 401 and 402; because its prejudicial effect clearly outweighs probative value under Rule 403; it is inappropriate if offered as character evidence under Rule 404; and it is inadmissible hearsay under Rules 801 and 802, without qualifying for any exception from the definition of hearsay ; and lacks sufficient and proper foundation. Plaintiff has further requested a Rule 103(c) hearing outside the presence of the jury requiring the Defendants to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for this witness' anticipated testimony.

## I.  OVERVIEW

During the course of his deposition testimony in anticipation of this trial, Defendant Lt. Erik Sousa made the statement that he believed that this lawsuit, as well as a series of complaints brought against him by minority correction officers at the Hartford Correctional Center ("HCC"), was being brought against him as part of a concerted effort of minority union stewards at the HCC to discredit him or have him transferred out of that facility.

Several of Plaintiff's proposed witnesses, including Eunice Smith, Harris Porter, Bruce Denby and Errol Goodison, in support of Plaintiff's Objection To Defendants' Motion For Summary Judgment in this matter, offered affidavits attesting to experiences at the HCC that they believe confirmed their observations that conduct of Defendant Sousa was consistently motivated by racial animus. Their affidavits were also offered for the purpose of countering other testimony offered by Defendant Sousa in connection with events complained of by Plaintiff. *See* Affidavits of Eunice E. Smith, Harris Porter, Errol Goodison, Bruce Denby and Brenda J. Lewis, at Exhibits B, C, D, E and F, respectively, attached to Memorandum Of Law In Support Of Plaintiff's Objection To Defendants' Motion For Summary Judgment.

Plaintiff also expects to rely on the testimony of these witnesses in support of her position that the Defendant DOC, through its management personnel, knew or had reason to know of the racially discriminatory conduct of Defendant Sousa and failed to take prompt, effective remedial action. The testimony of Patricia Gonzales, Jacqueline F. Eady, Carlos Garcia and Elwood Evans, although not previously offered in affidavit form, is expected to corroborate testimony of the foregoing officers. Plaintiff will also expect to testify regarding her knowledge and awareness of these incidents that were proximate in time and location to the incidents of which she has complained and therefore exacerbated the hostile working conditions she experienced.

Defendants, by their motion in limine, have objected to the testimony and supporting exhibits of all the foregoing witnesses. Plaintiff will respond to those objections separately.

This memo is limited, therefore, to the question of the admissibility of the testimony to be offered by C/O Salvatore Pitruzzello.

## II. ARGUMENT

### A. THE ANTICIPATED TESTIMONY OF C/O PITRUZZELLO IS IRRELEVANT TO THE DETERMINATION OF PLAINTIFF'S CLAIMS OR DEFENDANTS' DEFENSES THERETO UNDER RULES 401 AND 402

To meet the threshold standard for admissibility of relevance, proffered testimony must "make the existence of any fact that *is of consequence* to the determination of the action more probable or less probably than it would be without the evidence." F.R.E. 401, *emphasis added*.

Even if the testimony of C/O Pitruzzello were not otherwise inadmissible and even if Defendants were successful, through that testimony, in demonstrating that Plaintiff, acting or alone or in concert with other minority union stewards, had determined that they wanted Lt. Sousa fired or transferred and therefore expected to file unwarranted grievances against him, Plaintiff challenges Defendants to demonstrate how such testimony is relevant to the question

whether Sousa did or did not subject Plaintiff to harassing conduct motivated by race under circumstances that make his conduct imputable to his employer. Defendants have not raised an affirmative defense to the effect that Plaintiff has fabricated her complaints against Sousa for some malicious purpose. It is not relevant to any question before the jury whether Plaintiff held animosity toward Lt. Sousa or, if so, whether such animosity was warranted or unwarranted, or even whether Plaintiff may have wished for Lt. Sousa to be fired or otherwise disciplined. The burden is on the Defendants to demonstrate that any claims made by Plaintiff against Lt. Sousa are not credible. Merely offering a putative motive for fabrication does not, without more, give any evidence whatsoever that such fabrication in fact occurred.

Unless Defendants can produce evidence to the effect that Plaintiff ever falsified the information contained in any complaint made against the conduct of Defendant Sousa, then her motive for making such complaint (whether a noble desire to see the DOC purged of racial prejudice or personal animosity or some unnamed motivation) is simply not relevant to this case.

### B. THE PREJUDICIAL EFFECT OF C/O PITRUZZELLO'S ANTICIPATED TESTIMONY CLEARLY OUTWEIGHS PROBATIVE VALUE UNDER RULE 403

Defendants' apparent purpose in presenting the testimony of C/O Pitruzzello is to create in the minds of the jury the implication that Plaintiff and her colleagues set out on a malicious campaign to have Lt. Sousa fired from his job (or relocated) and manufactured complaints against him in order to achieve their nefarious aim, but without offering a single shred of evidence that Plaintiff ever in fact did submit any kind of untrue or fabricated report.

To create merely the illusion of improper motivation on the part of Plaintiff without an iota of evidence that she ever *behaved* improperly by reporting false allegations against Lt. Sousa unduly prejudices her case by diminishing her credibility in the eyes of the jury without

4

providing her any means to refute C/O Pitruzzello's statements regarding what he claims was stated by minority union stewards.

### C.  C/O PITRUZZELLO'S ANTICIPATED TESTIMONY IS INAPPROPRIATE AS CHARACTER EVIDENCE UNDER RULE 404

Under Rule 404 of the Federal Rules of Evidence, it is permissible for a party to present evidence of past misconduct for the purpose of demonstrating motive or intent with respect to conduct that is under question in the case before the jury.  There is, however, a vast difference between that and introducing evidence of putative motive or intent as a way to merely suggest conduct in conformity with such motive or intent.  Defendants have the burden, first, of proving to a preponderance of reliable evidence that Plaintiff ever did fabricate allegations or claims against Sousa.  Then, having done that, attributing to her a motive for such conduct may be done in the proper case where motive is an issue.  *See Krieger v. Gold Bond Bldg. Products*, 863 F.2d 1091 (2nd Cir. 1988).

### D.  C/O PITRUZZELLO'S ANTICIPATED TESTIMONY IS INADMISSIBLE HEARSAY UNDER RULES 801 AND 802 WITHOUT QUALIFYING FOR THE EXCLUSION FROM THE HEARSAY DEFINITION FOR STATEMENTS OF A CO-CONSPIRATOR UNDER RULE 801(d)(2)(E)

Rule 802 makes hearsay inadmissible unless such evidence qualifies for one of the exceptions under Rules 803 through 807, or is in fact defined as "not hearsay" under 801(d).  Clearly, any testimony by C/O Pitruzzello regarding comments he may or may not have overheard being made by minority union stewards asserting their intention to have Lt. Sousa fired or reassigned fits the definition of hearsay prohibited by Rule 801(c).  Furthermore, even if this were deemed admissible as a "not hearsay" statement by a co-conspirator under 801(d)(2)(E), the contents of such a statement are alone not sufficient to establish the existence of such a purported conspiracy or the participation of the Plaintiff in it.

### TWO:  Correctional Counselor David Patterson

Defendants, in the Parties' Joint Trial Memorandum submitted in this matter, have identified present or former Correctional Counselor David Patterson, as someone who is expected to testify to "knowledge of 2 incidents when Plaintiff was overly aggressive and non-professional." At proposed Exhibits ## 535 and 537, they have offered incident reports ostensibly supporting their version of these events and, at Exhibit # 538, they have offered a statement dated November 20, 2002, made "for Lt. Erik Sousa" containing Patterson's "opinion that C/O Brenda Lewis has an explosive personality."

Plaintiff objects to this anticipated testimony as irrelevant to the determination of Plaintiff's claims or Defendants' defenses thereto under Rule 401 and 402; because its prejudicial effect clearly outweighs probative value under Rule 403; it is inappropriate if offered as character evidence under Rule 404; it is inadmissible lay opinion under Rule 701; and it lacks sufficient and proper foundation.  Plaintiff has further requested a Rule 103(c) hearing outside the presence of the jury requiring the Defendants to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for this witness' anticipated testimony.

### I.  OVERVIEW

Plaintiff professes ignorance as to how Counselor Patterson's name surfaced as a witness or the relationship of these two alleged incidents to claims that Plaintiff has made against Defendant Sousa.  One of the incidents occurred at the same point in time as Plaintiff's complaint regarding her inappropriate recuperative assignment to the Lobby Control Post, but her claims did not implicate Counselor Patterson and there is no obvious probative connection.

## II.  ARGUMENT

### A.  THE ANTICIPATED TESTIMONY OF COUNSELOR PATTERSON IS IRRELEVANT TO THE DETERMINATION OF PLAINTIFF'S CLAIMS OR DEFENDANTS' DEFENSES THERETO UNDER RULES 401 AND 402

Even if the testimony of Counselor Patterson were not otherwise inadmissible and even if Defendants were successful, through that testimony, in demonstrating that Plaintiff behaved toward Counselor Patterson in a manner that was "overly aggressive" or "non-professional," such conduct bears no probative relationship whatsoever to the question whether Defendant Sousa conducted himself in a manner toward Plaintiff that was racially discriminatory or created a hostile working environment.  It is not relevant to any question before the jury whether Plaintiff held animosity toward Counselor Patterson or behaved in any improper manner toward him..  The burden is on the Defendants to demonstrate the significance of Counselor Patterson's anticipated testimony.

### B.  THE PREJUDICIAL EFFECT OF COUNSELOR PATTERSON'S ANTICIPATED TESTIMONY CLEARLY OUTWEIGHS PROBATIVE VALUE UNDER RULE 403

Defendants' apparent purpose in presenting the testimony, and documentary evidence, of Counselor Patterson is to create in the minds of the jury the implication that Plaintiff has, in some way, exhibited an unstable or erratic personality and thereby to impeach her credibility with the panel.  The effect of such purpose would be to prejudice members of the jury against the Plaintiff without demonstrating how such testimony assists the triers of fact in their obligation to determine whether either Defendant is liable for the conduct of Defendant Sousa.

### C.  COUNSELOR PATTERSON'S ANTICIPATED TESTIMONY  IS INAPPROPRIATE AS CHARACTER EVIDENCE UNDER RULE 404

Under Rule 404 of the Federal Rules of Evidence, it is permissible for a party to present evidence of past misconduct for the purpose of demonstrating motive or intent with respect to

7

conduct *that is under question in the case before the jury*. There is no aspect of Plaintiff's conduct, either toward Counselor Patterson or otherwise, that is part of the question raised for this jury to consider.

### D. COUNSELOR PATTERSON'S ANTICIPATED TESTIMONY IS INADMISSIBLE LAY OPINION UNDER RULE 701

Under F.R.E. 701, opinion from a lay witness is permissible if it is rationally based on perceptions that reasonable people would conclude are within the capacity of the witness to make *and* if it would help the trier of fact to understand the witness's testimony as it relates to a fact in issue in this lawsuit. *Hester v. Bic Corporation*, 225 F.3d 178, 181 (2nd Cir. 2000)

The proferred testimony of Counselor Patterson with respect to Plaintiff's personality type fails both these tests. Defendants have not demonstrated the qualifications of Counselor Patterson to observe whether Plaintiff has an "explosive personality." More importantly, however, even if such an observation does fall within the scope of permissible lay opinion otherwise, it remains wholly unrelated to any fact in issue in this case. Whether Plaintiff has a sanguine or irascible personality or disposition is not pertinent to any fact in question.

<u>Defendants' Exhibits</u>

In connection with the proposed testimony of Counselor Patterson, Plaintiff also objects to Defendant's proposed trial exhibits, as follows:

# 535: Counselor Patterson's alleged confrontation with Plaintiff at the Lobby Control Post on 6-20-01 is not relevant to any claims or defenses in this matter and his opinion regarding her motivation for alleged conduct is improper lay opinion.

# 537: Counselor Patterson's alleged confrontation with Plaintiff at the Warden's Corridor Door on 6-7-02, and Plaintiff's subsequent episode of hypertension, are not relevant to any claims or defenses in this matter.

8

# 538: Counselor Patterson's "experiences" with Plaintiff are not relevant to any claims or defenses in this matter and his "opinion" regarding her allegedly "explosive personality" is highly prejudicial and lacking in probative value.

### THREE: Character Evidence in Support of Defendant Sousa

Defendants, in the Parties' Joint Trial Memorandum submitted in this matter, have identified Major Neal Kearney, Correction Officer David Grant and Correction Officer Lamel L. Smith as "character witnesses" for Defendant Sousa.

Plaintiff objects to this anticipated testimony as inappropriate under Rule 404. Plaintiff has further requested a Rule 103(c) hearing outside the presence of the jury requiring the Defendants to make an offer of proof establishing the basis for admissibility, including relevancy and foundation for this witness' anticipated testimony.

### I. OVERVIEW

Plaintiff assumes that Defendants' purpose in offering the proferred testimony is to establish that Defendant Sousa is a person of reputable character or of such personal attributes that make it unlikely he acted in a discriminatory manner. One of the most fundamental rules of evidence, and that preserved by F.R.E. 404 is that evidence of particular attributes of a person's character cannot be used to prove conduct in accordance with such attributes on particular occasions in question. *Michelson v. United States*, 335 U.S. 469 (1948); *Sparks v. Gilley Trucking Co., Inc.*, 992 F.2d 50, 52 (4th Cir. 1993).

## II.  ARGUMENT

### A.  THE ANTICIPATED TESTIMONY OF THESE WITNESSES IS INAPPROPRIATE AS CHARACTER EVIDENCE UNDER RULE 404

Character of the Defendant is not a matter in issue in either a Title VII or a § 1983 case. Under F.R.E. 404, "evidence of a person's character or a trait of character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion," except in certain limited instances defined in 404(b), none of which apply here (use of prior crimes or bad acts as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident).  "Under the 'character in issue' doctrine, character evidence is admissible where character itself is 'an element of a crime, claim, or defense.'" *Zubulake v. UBS Warburg, LLC*, No. 02 Civ. 1243(SAS) (S.D.N.Y., March 16, 2005), p. 4, *citing* Fed.R.Evid. 404(a), Notes of Advisory Committee on Proposed Rules.

### <u>FOUR</u>:  Lt. Kyle Godding

Defendants, in the Parties' Joint Trial Memorandum submitted in this matter, have identified Lt. Kyle Godding as the Lieutenant who investigated the "Nichols incident."

### I.  OVERVIEW

Based on proposed Defendant Exhibit # 536, Plaintiff anticipates that testimony of Lt. Godding will be related to an incident that occurred at the Hartford facility on or about August 22, 2002, in which Correction Officer Michael Nichols requested to be relieved from his post in order to check his blood sugar for irregularity due to diabetes.  A first and second request were made to Lt. Godding who shortly after the second request directed that C/O Nichols was to be relieved by a C/O Eric Perry.  Apparently, in his second request for relief, C/O Nichols used words to the effect that he "needed to get out of here."  Nichols, according to his statement,

interpreted these words to mean that he was requesting permission to leave the facility for the remainder of the shift. Godding's understanding was only that Nichols was being relieved briefly for the purpose of taking his blood sugar count. Incident reports were written for the purpose of documenting that Nichols had left the facility without proper authorization.

Plaintiff objects to this anticipated testimony as irrelevant to the determination of Plaintiff's claims or Defendants' defenses thereto under Rule 401 and 402.

## II.  ARGUMENT

### A.  THE ANTICIPATED TESTIMONY OF LT. GODDING IS IRRELEVANT TO THE DETERMINATION OF PLAINTIFF'S CLAIMS OR DEFENDANTS' DEFENSES THERETO UNDER RULES 401 AND 402

The proffered testimony must assist the trier of fact in her or his determination of the action in order to be admissibly relevant. F.R.E. 401.

Plaintiff respectfully requests, in the course of a F.R.E. Rule 103(c) hearing of this matter, for Defendants to demonstrate the relevance of Lt. Godding's anticipated testimony, or the incident report relating thereto, to any matter that is in question before the jury. Although, like Plaintiff, C/O Nichols was granted a relief for medical purposes, unlike Plaintiff his condition was not so severe that he collapsed at work and was delivered by ambulance to a local hospital. No question has been raised in these proceedings whether Plaintiff had authorization to leave the facility following her heart attack. The Godding testimony and the Nichols incident are simply irrelevant to any matter presently in question.

<u>Defendants' Exhibits</u>

In connection with the proposed testimony of Lt. Godding, Plaintiff also objects to Defendant's proposed trial exhibits, as follows:

  # 536: Incident Report # 02-1620 pertaining to unauthorized leave from the facility by Correction Officer Michael Nichols, in connection with a relief for medical purposes granted by Lt. Kyle Godding, is not relevant to any claims or defenses in this matter.

  Plaintiff has further objected to Defendants' proposed trial exhibit # 511: Unsigned, unattributed and unauthenticated hand-written notes of unidentified person are not relevant to any claims or defenses in this matter.

## CONCLUSION

  For the foregoing reasons, Plaintiff respectfully requests that the testimony of C/O Salvatore Pitruzzello, Counselor David Patterson, Major Neal Kearney, C/O David Grant, C/O Lanel Smith and Lt. Kyle Godding, together with the documentary evidence submitted in conjunction therewith and trial exhibit # 511, be excluded from the trial of this matter.

  Respectfully Submitted,

          PLAINTIFF,
          BRENDA LEWIS


    By: _____
       Lowell L. Peterson, Esq.
       Community Law Practice, LLC
       Federal Bar ID # ct-22165
       2065-A Main Street
       Hartford, CT  06120
       Tel.: 728-3788
       Fax: 728-3755
       E-mail:  lpeterson@clpllc.com

**CERTIFICATION**

I certify that a copy of the foregoing Memorandum Of Law In Support Of Plaintiff's Motion In Limine was delivered by electronic mail transmission to the following counsel of record on July 15, 2005.

> Beth Z. Margulies
> Assistant Attorney General
> Federal Bar # ct08469
> 55 Elm Street, P.O. Box 120
> Hartford, CT 06141-1020
> E-mail: Beth.Margulies@po.state.ct.us

_____
> Lowell L. Peterson, Esq.
> Community Law Practice, LLC
> Federal Bar ID # ct-22165
> 2065-A Main Street
> Hartford, CT  06120
> Tel.: 728-3788
> Fax: 728-3755
> E-mail:  lpeterson@clpllc.com