UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRENDA LEWIS, : | CASE NO.  3:02CV2304(MRK) |
|    *Plaintiff,* : | |
| : | |
| v. : | |
| : | |
| STATE OF CONNECTICUT, : | |
| DEPARTMENT OF CORRECTION, ET AL. : | |
|    *Defendants* : | JULY 19, 2005 |

## **DEFENDANTS' OBJECTION TO FIFTH AMENDED COMPLAINT**

The defendants move to strike those portions of the Fifth Amended Complaint that are not limited to conforming to the court's rulings on motion practice or which do not waive particular claims.[1]  The plaintiff goes well beyond the necessary editing of the Fourth Amended Complaint by (1) augmenting her basis to support a hostile work environment, which was not included in her four prior complaints, (2) by adding language in support of supervisory vicarious liability, and (3) by adding facts and elements of law not permitted at this late date.  More specifically with regard to the first category, the plaintiff, in the Proposed Fifth Amended Complaint, no longer is alleging only that a hostile work environment was created by conduct of Lt. Sousa towards her, but also by Lt. Sousa's conduct towards allegedly similarly situated African American Correction Officers, which she did not witness.  This new basis for claiming a racially

---

[1] For example, the defendants do not object to the fact that the plaintiff has decided not to pursue injunctive relief (Proposed Fifth Amended Complaint omitted ¶¶ 2 and 3 of Fourth Amended Complaint's Prayer for Relief) and to the fact that plaintiff has conceded she did not suffer any financial or other injuries (Proposed Fifth Amended Complaint omitted ¶ 66 of Fourth Amended Complaint and deleted physical pain and suffering from ¶ 65 of the prior complaint).

hostile work environment goes beyond the scope of the EEOC charge.[2]  This objection is further supported by defendants' motion in limine.  Paragraphs that involve this issue and that are the subject of this objection include:  ¶¶ 8, 26, 28, and 29.

In addition, with regard to the second category of proposed changes,  the plaintiff has inserted allegations of a supervisory role by Lt. Sousa and vicarious liability based on that role.  Paragraphs that involve these issues and that are the subject of this objection include:  2, 3, 31, 35, 37, 39, 41, 43, and 48.  Significantly noteworthy is found in the proposed ¶ 31, which incorrectly asserts that the Title VII action is brought against Defendant Sousa in his official capacity, rather than recognizing that the Title VII cause of action is brought only against the agency, DOC.  See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) (no individual supervisory liability countenanced under Title VII).  In addition, it should be noted that although ¶¶ 35, 37, 39, 41, and 43 have been amended in part to delete Kruk's name, they continue to include Murphy's name, and his name should be omitted because he has been dismissed out of the case.  Similarly inappropriate is the insertion of the substitute words "management personnel" in place of Kruk's name, which enlarges the scope of alleged wrongdoing to unidentified persons, when plaintiff has admitted that her distress is only aimed at Lt. Sousa's conduct.

The defendants also object to the changing of facts in the Fifth Amended Complaint that are not required to conform with court rulings, but rather represent either

---

[2] See original and amended EEOC charges attached.  The original EEOC charge referred only to the March 9, 2001 medical relief delay incident. The amended EEOC charge included factual support for the dated incidents comprising the federal complaint, and in its last sentence, referenced only a disparate treatment claim.  In support of that disparate treatment claim, the plaintiff referred only generally to other black officers' grievances, without supporting facts, seeking to draw an inference of discriminatory intent in support of her disparate treatment claim.  The disparate treatment claim is no longer viable in this case. See Court's Ruling on Defendants' Motion for Summary Judgment.

plaintiff's desire to nuance the facts in a more beneficial light, state more conclusory allegations, set forth more details relating to elements of law, or make arguments of law. The paragraphs that have been so edited include:  9, 15, 19, 20, 21, 24, 25, 27, 30, 32, 33, 35, 37, 39, 41, 48 and 53.  The plaintiff should not be provided the opportunity on the eve of trial to allege different facts and law than what was in her prior federal and administrative complaints.  To the extent plaintiff has created these proposed amendments with the intention of requesting the Judge to read the complaint to the jury or otherwise make it available to the jury, this is highly prejudicial to the defendants, and they strongly object.  Even in the absence of making these changes for that purpose, the defendants note their objection to plaintiff's pleading new evidence at this last stage. Furthermore, the plaintiff has augmented some of her pleadings with regard to the main alleged incidents with portions of the stipulations that the parties have arrived at for use as evidence at the trial.  Such evidentiary stipulations should not entitle plaintiff to modify her complaint to incorporate such changes.

      Lastly, plaintiff has failed to conform some of her pleadings to the court's rulings with regard to dismissing disparate treatment and retaliation causes of action.  In particular, the court has dismissed a retaliation claim, and yet the plaintiff still alleges retaliation in the last sentence of par. 32 of the proposed Fifth Amended Complaint. Also, the last sentence of par. 32 of the Fifth Amended Complaint includes language describing a particular conduct of Lt. Sousa's as alleging a "pretext" for discipline which is no longer a relevant pleading as the court has dismissed the disparate treatment cause of action, which is the only cause of action involving an analysis of whether defendants' conduct was a pretext.  (Moreover, such an allegation does not even conform to the

parties' stipulations which recognize that there has been no adverse tangible employment action in this case.)  The defendants specifically request that the last sentence of par. 32 be omitted.   In addition, par. 45 of the Fifth Amended Complaint should be deleted as it involves solely a disparate treatment allegation, which cause of action has been dismissed from this case.  Furthermore, there should be deleted any mention of different treatment of males (¶ 45 of proposed Fifth Amended Complaint) or other reference to sex discrimination (¶ 36, 38 of proposed Fifth Amended Complaint reference to Directive 2.2) as this case does not involve a sex harassment claim.

 

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Beth Z. Margulies  (ct 06482)
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
email: Beth.Margulies@PO.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 19th day of July, 2005, a true and accurate copy of the foregoing, Defendants' Objection to Plaintiff's proposed Fifth Amended Complaint was sent by United States mail, first class postage prepaid, to the following:

Lowell L. Peterson, Esq.
Community Law Practice, LLC
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755

_____
Beth Z. Margulies
Assistant Attorney General