UNITED STATES
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building, Room 475
Boston, MA 02203

| | |
|---|---|
| BRENDA J. LEWIS, | Charge No. 16A-A2-00439 |
| Complainant | |
| -v- | |
| STATE OF CONNECTICUT, DEPARTMENT OF CORRECTIONS, | |
| Respondent | SEPTEMBER 30, 2002 |

### AMENDED CHARGE

Pursuant to Procedural Regulations of the Commission, at 29 C.F.R. Ch. XIV § 1601.12, the Complainant hereby amends her Affidavit of Illegal Discriminatory Practice originally filed with the State of Connecticut, Commission on Human Rights and Opportunities ("CCHRO") on November 30, 2001 as Case No. 0210229, and subsequently, by its notice dated January 28, 2002, received by the Commission and assigned Charge No. 16A-A2-00439.

The Complainant reaffirms and incorporates by reference all information contained in the original Charge.

1

EXHIBIT D

In addition, Complainant adds the following chronology of events for the purpose of alleging additional acts that constitute unlawful employment practices related to or growing out of the subject matter of the original Charge. These incidents are supported, in part, by the attached documentation. Complainant alleges that additional documentation is under the control of the Respondent.

1. June 20, 2001: At roll call, Complainant was assigned to the Lobby Control position, a task that requires computer training or skills. She made it known that she had no computer experience or experience with the other procedures this job required. Lt. Sousa, the same discriminatory actor charged in the original Charge, just laughed. She acknowledges that she understood the posted orders as to what she was supposed to do. However, her directions did not include instructions or directions as to *how* to do the different procedures, including computer usage, processing of money orders and mailing procedures. Lt. Sousa, who was aware of Complainant's delicate health condition, apparently did this deliberately for the purpose of creating a situation that was very stressful, and therefore potentially harmful, for Complainant. There were other officers on the Roll Call who were available and properly trained or otherwise qualified for the Lobby Control position but were not selected.

2. June 20, 2001: At approximately 7:55 am, Complainant was at the Lobby Post checking bags. Counselor Patterson, another corrections officer, accused Complainant of checking his bag and no one else's for the purpose of harassing him. After Complainant

2

explained that she tries to get everyone's bags, Mr. Patterson walked away calling Complainant a "fucking asshole." This violates the Governor's Decree regarding intimidation and violence in the workplace.

3. <u>March 29, 2002</u>: Lt. Sousa complained to Complainant about not signing the back of the logbook, notwithstanding that she demonstrated she had appropriately signed it. Lt. Sousa's false charge was for the purpose of creating a pretext to bring a complaint against Complainant.

4. <u>April 22, 2002</u>: At approximately 5:50 to 5:55 a.m., Lt. Sousa made a tour of Complainant's work unit and entered into her "bubble," the cubicle where she was assigned. After an unpleasant exchange during which Lt. Sousa was unnecessarily rude and sarcastic, Complainant and Lt. Sousa engaged in a conversation regarding the original incident complained of, relating back to March 9, 2001. Complainant asked Lt. Sousa why he had lied about what happened when asked about it at the Step III Grievance hearing. Lt. Sousa cursed at Complainant. They began arguing, at which point Complainant asked Lt. Sousa to leave and turned her back away from Lt. Sousa. After leaving, Lt. Sousa returned and accused Complainant of "assaulting" him by hitting him with the door as he left. Complainant denies any such action and alleges that Lt. Sousa invented this incident for the purpose of creating a pretext for disciplinary action against Complainant. Mary Hainett, R.N. found "No marks or bruises noted" when she examined Lt. Sousa in Medical. Lt. Sousa, without authorization from his supervisor, Captain VanOudenhove, called the State Police to investigate this incident. Captain

Murphy and Connecticut State Police Trooper Hall reviewed the South Block Unit videotape, which did not substantiate Lt. Sousa's account of this incident. After numerous checks during the alleged time frame of the incident, Captain Murphy states in his report that there was no visual evidence of the alleged incident. It was determined that charges for assault were unsubstantiated.

    5. <u>June 7, 2002</u>: Counselor Patterson and Complainant went through the Warden's corridor door at the same time. It was unavoidable to brush against each other. Counselor Patterson accused Complainant of intentionally bumping into him and threatened to press charges for assault. This accusation and Counselor Patterson's belligerent manner caused Complainant's blood pressure to escalate, resulting in her being escorted to the hospital by ambulance. Complainant alleges that this was an attempt by Counselor Patterson to retaliate against Complainant for having made a written report regarding the incident noted above on June 20, 2001.

    6. <u>July 24, 2002</u>: Complainant was denied overtime and the call record book was marked "no contact" during the second shift. Complainant denies that anyone attempted to contact her for the above stated shift and that she was available and willing to work the shift. She has requested that the phone log be checked to verify that anyone attempted to contact her. She has yet to hear back on that report. She alleges that Lt. Sousa deliberately chose not to give her the opportunity to work this shift for retaliatory reasons.

7. <u>August 13, 2002</u>: On her first day back on the Post 3&4 Control after being assigned elsewhere for a couple of years, Complainant heard a buzzer go off but, upon checking the panel, she saw that no light was on. While trying to determine what the buzzer indicated, she received a call from an officer that someone was at the gate. She buzzed Lt. Sousa and another person through the 931 door and the 922 door. Lt. Sousa asked her if there was any reason the buzzer wasn't working, or if she was having trouble with the button. Lt. Sousa then told Complainant that he wanted an incident report completed as to why Medina and he had to wait. Complainant contends that when she had worked this post before, all the equipment worked. This being her first day back, she was not aware of it being broken. Complainant alleges that Lt. Sousa's exaggerated report of this incident was in retaliation for her previous grievances against him and a pretext for discipline against Complainant.

CONCLUSION

Complainant alleges that the initial incident on March 9, 2001, complained of in the original Charge, constituted a discriminatory employment practice and that the subsequent incidents complained of above constituted either additional discriminatory acts and/or retaliatory acts against the Complainant for engaging in the protected activity of making complaints about such discriminatory acts, all of which constitute unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. §§

1981 and 1983; the Connecticut Fair Employment Practices Act, §§ 46a-51 *et seq.* of the Connecticut General Statues, as amended; and the prohibition against intimidation based on bigotry or bias, §§ 53a-181j, 181k, 181l and 52-571c of the Connecticut General Statutes, as amended. The disparate treatment of white officers, together with a substantiated history of similar grievances by black officers, created an inference that such discriminatory and retaliatory practices were racially motivated.

                Respectfully submitted,

                FOR THE COMPLAINANT
                BRENDA J. LEWIS

                Lowell L. Peterson
                Community Law Practice, LLC
                2065-A Main Street
                Hartford, CT 06120
                (860) 728-3788
                (860) 728-3755 (fax)
                lpeterson@clpllc.com
                CT Juris No. 418994
                Federal CT 22165

CERTIFICATION OF SERVICE

I certify that the above Amended Charge was served by first class mail, postage prepaid, to the following counsel of record on this 30th day of September 2002:

FOR THE RESPONDENT:

Beth Margulies, Esq.
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

FOR THE COMMISSION:

Feng En, Kenneth
Federal Investigator
U.S. Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building, Room 475
Boston, MA 02203-0506

_____
Lowell L. Peterson
Commissioner of the Superior Court, Connecticut