UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| BRENDA LEWIS, | : | | |
| | : | | |
| Plaintiff, | : | No. | 3:02cv2304 (MRK) |
| | : | | |
| v. | : | | |
| | : | | |
| STATE OF CONNECTICUT, | : | | |
| DEPARTMENT OF CORRECTION, | : | | |
| ET AL., | : | | |
| | : | | |
| Defendants. | : | | |

**ORDER**

Presently pending before this Court is Plaintiff's Motion for Leave to File Fifth Amended Complaint [doc. # 96]. Allegedly, the purpose of the amended complaint is to conform the pleadings to Plaintiff's withdrawal of this action with respect to all defendants except the State and Erik Sousa, and to the withdrawal of certain other counts ostensibly to conform the complaint to the Court's summary judgment decision [doc. # 83]. If that is all Plaintiff had sought to do, the amended complaint would be unobjectionable, albeit unnecessary. However, as Defendants point out, Plaintiff has sought to do much more than that. *See* Defendants' Objections to Fifth Amended Complaint [doc. # 97].

This case is set to have its final pretrial on September 2, 2005, and to begin trial on September 12, 2005; discovery is long completed. Yet, in her proposed amended complaint, filed less than two months before trial, Plaintiff seeks to assert new claims and allegations against Defendants. While leave to amend is generally freely granted, Fed.R.Civ.P. 15(a), that is not the

1

case when the amendment is proposed on the eve of trial and asserts new claims that would require the reopening of discovery and the delay of trial, all to the prejudice of the opposing party. *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (noting that "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action," and "[a] proposed amendment ... [is] especially prejudicial ... [when] discovery ha[s] already been completed ..." (internal quotation marks and citations omitted); *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir.1995) (affirming denial of leave to amend requested two and one-half years after the commencement of action and three months prior to trial).

      Accordingly, Plaintiff's Motion for Leave to File Fifth Amended Complaint [doc. # 96] is DENIED.  In denying leave to amend, the Court does not intend to take a position on what facts Ms. Lewis will be entitled to adduce in support of her claims at trial.  The Court rules only that this latest amendment to an oft-amended complaint, filed on the eve of trial and long after the close of discovery, is not appropriate.

                              IT IS SO ORDERED,

                      /s/      Mark R. Kravitz
                          United States District Judge

Dated at New Haven, Connecticut: August 22, 2005