# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRENDA J. LEWIS,** | : | **CIVIL ACTION CASE NO.** |
| *Plaintiff*, | : | |
| v. | : | **302 CV 2304 (MRK)** |
| **STATE OF CONNECTICUT,** | : | |
| **DEPARTMENT OF CORRECTION** | : | |
| *et al.,* | : | |
| *Defendants* | : | **AUGUST 26, 2005** |

### PLAINTIFF'S SUPPLEMENTAL TRIAL MEMORANDUM

By conference with counsel for both parties on August 12, 2005, the Court in the captioned matter, Hon. Mark R. Kravitz, J., directed the Plaintiff to file her Supplemental Memorandum Of Law In Support Of Plaintiff's Objection To Defendants' Motion In Limine [Offers Of Proof] on or before August 19, 2005, and Defendants to file their rebuttal thereto on or before August 26, 2005. Both parties have complied with these requests. Defendants have also filed their Motion To Amend Witness List, dated August 23, 2005.

In addition, the Court directed that, by no later than August 26, 2005, the parties were to confer and report to the Court with respect to: (i) a good faith attempt to eliminate objections regarding their respective witness and exhibit lists; (ii) a mutually agreeable summary of the case to be presented to the jury at the commencement of trial; (iii) objections to each party's proposed jury instructions; and (iv) objections to each party's proposed verdict forms. This Supplemental Trial Memorandum is offered in compliance with that request, with respect to the Plaintiff.

**(1)    PLAINTIFF'S WITNESSES and EXHIBITS**

Based on the development of evidence in the case, and exchanges with the Defendants, the Plaintiff hereby agrees to withdraw the following names from her list of witnesses provided at ¶ 8 of the parties' Joint Trial Memorandum, dated July 15, 2005:

>   Correction Officer Patricia Gonzales
>   Lieutenant Jacqueline Foster-Eady
>   Correction Officer Stephen Mannette
>   Correction Officer David Milewski
>   Correction Officer Garland May
>   Correction Officer Marion Baker
>   Correction Officer Debra Sholes
>   Correction Officer Carlos Garcia
>   Captain Michael Madden
>   Lieutenant James Wilkins
>   Correction Officer Teresa Stewart
>   Expert Witness Steven M. Horowitz, M.D.

[Plaintiff will also agree not to call Lieutenant Anna Dorozko and Deputy Warden Peter Murphy, **provided that** these are witnesses called by the Defendants and that Plaintiff will be given opportunity to conduct **direct examination** at that time. If Plaintiff will be limited to cross-examination only when these witnesses are called by the Defendants, or they are not called by Defendants at all, Plaintiff reserves the right to call them in the presentation of her case.]

For essentially the same reasons, Plaintiff also agrees to withdraw the following documents from her List Of Exhibits Expected To Be Used At Trial, provided as Exhibit A to the parties' Joint Trial Memorandum:

>   21    CHRO Complaint of Bruce Denby
>   23    Incident Report dated 10-31-01 of P. Gonzales re Erik Sousa

| | |
|---|---|
| 24 | Incident Report dated 4-7-02 of Carlos Garcia re Erik Sousa |
| 47 | Six-page Incident Report prepared by Lt. J. F. Eady, dated 5/15/01 |

Reports relating to medical relief numbered:

| | |
|---|---|
| 48 | CFSS 1 Steven Mannette |
| 49 | C/O Patricia Gonzales |
| 50 | C/O David Milewski |
| 51 | C/O Garland May |
| 52 | C/O Marion Baker |
| 53 | C/O Debra Sholes |

Plaintiff further states that she raises no objections to proposed rebuttal witnesses provided by Defendants' Motion To Amend Witness List, dated August 23, 2005, and will waive her prior objections to the following witnesses identified by Defendants in the parties' Joint Trial Memorandum:

> Officer Angel Medina, Jr.
>
> Lt. Jeffrey Devore
>
> Salvatore Pitruzzello – **provided that the Court determines to allow Plaintiff to present the testimony proffered by Plaintiff's minority co-workers**

Plaintiff continues her objections previously raised by Motion In Limine to the testimony of:

> Correctional Counselor David Patterson
>
> Major Neal Kearney
>
> Officer David Grant
>
> Officer Lamel L. Smith
>
> Kyle Godding

**(2)** <u>CASE SUMMARY</u>:

The parties have agreed to a brief introduction of the case to the jury in substantially the following form:

This is an employment discrimination case brought under certain federal statutes prohibiting racially discriminatory employment practices in the workplace. The Plaintiff Brenda Lewis is an African American Correction Officer employed by the Defendant State of Connecticut Department of Correction ("DOC"). She claims that she was subjected to a racially hostile work environment by the DOC and by a member of management in the DOC, Defendant Erik Sousa. Defendants deny that Plaintiff experienced a racially hostile work environment.

**(3)**   <u>Plaintiff's Objections to Defendants' Proposed Jury Instructions</u>

Section I of Plaintiff's proposed jury instructions is denominated "General Principles" and is further divided among subheadings for: (A) Finding the Facts; (B) Rules of Law; (C) Bench Conferences and Objections; (D) Direct and Circumstantial Evidence; (E) Witnesses; and (F) Standard of Proof. Although not structured quite so formally and containing inconsequential differences in wording, the introductory section of Defendants' proposed jury instructions is substantially the same and Plaintiff has no serious objection, although an admitted preference for her presentation.

Section II of Plaintiff's proposed jury instructions is denominated "Substance of Claims" and attempts, in brief fashion, to orient the jury to the subtle distinctions between the application of Title VII to the Defendant DOC and §§ 1981/1983 to Defendant Sousa. Plaintiff continues to argue the advantage of this introduction that is absent from the Defendants' instructions.

Most substantively, in the discussion of Plaintiff's Title VII claims against the DOC, the parties disagree as to the articulation of the required elements of Plaintiff's claim. Plaintiff phrased the elements she must prove by a preponderance of the evidence as follows:

(1) That she was subjected to verbal or physical conduct of a harassing nature that was sufficiently severe or pervasive to unreasonably interfere with her work performance, to alter the conditions of her employment and to create an abusive working environment; and that she subjectively perceived the working environment as abusive or harassing;

**Plaintiff concedes that her construction of this element unnecessarily confuses and conjoins what could better be presented as two separate elements, as the Defendants have done, and as follows:**
**(1) That she was subjected to verbal or physical conduct of a harassing nature;**
**[Defendants, however, have stated this element as requiring that the conduct be shown to be of a "racial" nature. Plaintiff objects to that wording for reasons stated below.]**
**(2) That such conduct was sufficiently severe or pervasive to unreasonably interfere with her work performance, to alter the conditions of her employment and to create an objectively abusive working environment; and that she subjectively perceived the working environment as abusive or harassing;**
**[Defendants phrased this element as only, "the conduct was severe or pervasive enough to create [a] hostile work environment." Plaintiff urges that her version is a more complete and accurate statement of the law.]**

(2) **[or (3) as amended]** That her race was a motivating factor in subjecting her to this conduct **[Defendants state it as, "the conduct was directed at her because of her race."]**; and

(3) **[or (4) as amended]** That there is a basis for imputing the conduct at issue to her employer **[Defendants state this element in the same way.]**

For their statement of the elements, including their suggestion that the first element requires a showing of conduct that is specifically "racial" in nature, the Defendants claim to rely

5

on the authority of *Alfano v. Costello*, 294 F.3d 365 (2d Cir. 2002). This reliance, however, is misplaced. Agreeing for the sake of this discussion that the elements of a hostile work environment claim based on gender discrimination would otherwise be comparable to those of one based on race, it is important to note that the *Alfano* does *not* set out anywhere in its text the four elements as proposed by the Defendants. In fact, the only reference in the entire case to setting out the requirements for a hostile work environment claim occurs under the heading of "Governing Legal Principles" at page 373 of the decision and describes them as follows:

> A hostile work environment claim requires a showing (1) that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and (2) that a specific basis exists for imputing the objectionable conduct to the employer.

*Citing Perry v. Ethan Allan, Inc.*, 115 F. 3d 143, 149 (2d. Cir. 1997).

Obviously, Plaintiff in the present case does not point to this language in an effort to suggest that she does not have the burden of showing racial animus. She has stated as the third element of her claim that she must show race as a motivating factor for the alleged harassing conduct. "[I]t is 'axiomatic' that in order to establish a sex[or race]-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex [or race]." *Id.* at 374, internal citations omitted.

But, contrary to the implication of Defendants, *Alfano* stands for the proposition that the harassing conduct *per se* does *not* have to be of a facially racial (or sexual) nature, so long as a plaintiff meets his or her burden otherwise, by evidence of the "totality of the circumstances," to demonstrate that the conduct was racially motivated. *Id.* at 376.

In the *Alfano* case, that plaintiff had introduced at the trial level evidence of twelve incidents of conduct that she described as contributing to her hostile work environment, although only four of those were explicitly sexual on their face. *Id.* at 370 – 71. Over objections of the

6

defendants, the district court allowed the jury to consider all twelve incidents as they applied to the plaintiff's hostile work environment claim. Plaintiff prevailed at the trial level and, on appeal, the defendants argued that the eight incidents which were not facially sexual in nature should have been removed from consideration by the jury. The appellate court disagreed. Although this decision did reverse the trial court's decision, it did so on the basis of the sufficiency of the evidence to demonstrate a sufficiently severe and pervasive hostility in the working environment – not on the basis that the evidence should have been excluded.

> Although we conclude that Alfano failed to demonstrate a sex-based hostile environment [because the twelve incidents taken together are insufficient as a matter of law to meet the threshold of severity or pervasiveness required for a hostile work environment], we reject (as the district court rejected) the argument that such a claim can be supported only by overtly sexual incidents. There is little question that incidents that are facially sex-neutral may sometimes be used to establish a course of sex-based discrimination – for example, where the same individual is accused of multiple acts of harassment, some overtly sexual and some not. … Facially neutral incidents may be included, of course, among the "totality of the circumstances" that courts consider in any hostile work environment claim, so long as a reasonable fact-finder could conclude that they were, in fact, based on sex. *But this requires some circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory.*

*Id.* at 375, 75 and 78 (*emphasis added*).

The requirement of finding racial animus is satisfied by the statement of the third element by both parties. It would be unduly burdensome on the Plaintiff to impose that requirement also on the first element.

As to the fourth element of the claim, a basis for imputing liability to the employer, although the parties have phrased their requirement regarding Sousa's status as a direct supervisor, or not, somewhat differently, the substance is the same with the effect that the *Ellerth/Faragher* affirmative defense is invoked if Sousa is determined to be a direct supervisor.

Plaintiff inserted her discussion of damages available under Title VII immediately following the discussion of the Title VII claim rather than, as Defendants have done, putting it at

the end of the §§ 1981/1983 discussion. It seems more appropriate and less confusing here. Also, Defendants specifically enumerated in their discussion of damages that Plaintiff may have only one recovery and that there are no punitive damages available under Title VII. Plaintiff does not object to these distinctions.

As to the discussion of Plaintiff's §§ 1981/1983 claims, the distinctions between Plaintiff and Defendants are virtually all form and little substance. Plaintiff included an introductory statement regarding the purpose and function of § 1983 that she considers helpful, but omitted by Defendants. Defendants included a discussion of Plaintiff's burden of proof that seems redundant of the introductory discussion, but is harmless. Defendants correctly insert an instruction regarding the element of personal involvement, to which Plaintiff has no objection. The parties' discussion of the "under color of state law" and deprivation of rights requirements are virtually identical.

There *is* one significant difference between the parties in their discussion of the required state of mind of the Defendant Sousa. On page 18 of their proposed instructions, Defendants script the Court as stating, "I instruct you that, to establish a claim under § 1983, the plaintiff must show that the defendant acted intentionally." Although, at page 19, Defendants also address the definition of "requisite recklessness," the first instruction is misleading and should be stated, as Plaintiff has done, that the state of mind requirement is met by intentional *or* reckless conduct on the part of Defendant Sousa (not merely "the defendant," which could also be confusing).

The parties' discussion of qualified immunity is almost indistinguishable, and they are in agreement as to their explanation of damages available under § 1983.

Finally, Defendants add a section in their instructions on the Plaintiff's duty to have mitigated her damages. Plaintiff does not object.

**(4)** <u>Plaintiff's Objections to Defendants' Proposed Verdict Forms</u>

As to Defendants' Jury Form 1, regarding Title VII claims, it is substantially the same as Plaintiff's proposed form and Plaintiff raises no objection.

As to Defendants' Jury Form 2, regarding §§ 1981/1983 claims, the differences are substantial: Defendants include Title VII language regarding the hostile work environment claim that is the crux of the Plaintiff's case, but strangely omit any of the required findings regarding acting under color of state law; depriving Plaintiff of rights, privileges, or immunities secured by § 1981; requisite state of mind; or proximate cause. Plaintiff also objects to the simplistic statement of Defendant's proposed finding regarding qualified immunity without requiring the jury to find that the specific content of that affirmative defense is present.

Respectfully Submitted,

                              PLAINTIFF,
                              BRENDA LEWIS

By: _____
     Lowell L. Peterson
     Community Law Practice, LLC
     Federal Bar ID # ct-22165
     2065-A Main Street
     Hartford, CT  06120
     Tel.: 728-3788
     Fax: 728-3755
     E-mail:  lpeterson@clpllc.com

## CERTIFICATION

I certify that a copy of the foregoing Plaintiff's Supplemental Trial Memorandum was delivered by hand to the following counsel of record on August 26, 2005.

>Joseph A. Jordano, Esq.
>Assistant Attorney General
>Beth Z. Margulies, Esq.
>Assistant Attorney General
>55 Elm Street, P.O. Box 120
>Hartford, CT 06141-1020

>_____
>Lowell L. Peterson
>Community Law Practice, LLC
>Federal Bar ID # ct-22165
>2065-A Main Street
>Hartford, CT  06120
>Tel.: 728-3788
>Fax: 728-3755
>E-mail:  lpeterson@clpllc.com