UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRENDA LEWIS,<br>    *Plaintiff* | : CIVIL ACTION CASE NO.<br>: 3:02CV2304(JCH) |
| v. | : |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF CORRECTION,<br>ET AL.<br>    *Defendants* | :<br>:<br>:<br>: AUGUST 29, 2003 |

**PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANTS' AMENDED
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 33 and 34, the Plaintiff herewith answers, or objects to for cause stated, the following Interrogatories under oath, and produces documents responsive to the following Requests for Production.

**DEFINITIONS**

A.    The terms, "she," "her," "hers" or "Plaintiff('s)," or terms of similar import, refer to Brenda J. Lewis and include any of her agents, attorneys, representatives, and all other persons acting, understood to act, or purporting to act on her behalf or under her direction and control.

B.    *DOC, Department* or the *State* means the defendant the State of Connecticut Department of Correction.

C.    *Named Defendants* mean all designated Defendants named in Plaintiff's suit.

D.    *Parties.* The terms "Plaintiff" and "Defendant(s)," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the indicated party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

DEFENDANT(S) EXHIBIT ___A___

[Plaintiff anticipates withdrawing paragraph 38 of the Complaint in that, upon further reflection, it is her recollection that such warnings regarding possible retaliation were made by co-workers, none of whom are a defendant in this action, and cannot be attributed to DOC management.]

19. With regard to the allegations that "Defendants have failed intentionally, utterly, uniformly and repeatedly to enforce or comply with these Administrative Directive requirements," as set out in pars. 37, 40, 42, 44, 46, and 48 of the Second Amended Complaint, please identify which particular Defendants are meant to be included in the broad usage of the term "Defendants" and in what manner each defendant failed to do so.

ANSWER:

Defendants Kruk, Murphy and Collins, in particular have disregarded reports and allegations made concerning the conduct of Defendant Sousa. The names of Defendants Murphy and Collins specifically appear as "courtesy copies" on a significant number of incident reports or investigations. Affirmative action policy would have required the knowledge and appropriate response of Defendant Kruk.

20. With regard to par. 49 of the Second Amended Complaint, please identify the complainants and describe the subject matter of any and all complaints of racial discrimination brought against Lt. Sousa and your source for such information and belief.

ANSWER:

Other specific complainants regarding claims of racial discrimination by Defendant Sousa include:
Eunice Smith (African American woman)
Errol Goodison (African American man)
Patricia Gonzales (Hispanic woman)
Ossie Channer (African American man)
Carlos Garcia (Hispanic man)
Harris Porter (African American man)

15

   See Response to Request for Production # 2 for copies of letters or other forms of such complaints.

21. Please identify and describe in more detail Plaintiff's claims of unequal treatment under 42 U.S.C. § 1983, including, but not limited to, identifying those persons who were similarly situated, but not treated the same, which defendants performed the alleged acts of discrimination, dates and description of the alleged discriminatory acts, and any witnesses to such incidents.

   ANSWER:

   In particular, was an incident after Plaintiff's medical emergency in March 2001 that involved a white male officer (Captain Madden) who reported experiencing chest pains and was immediately relieved from duty.

   Plaintiff expects to provide further information regarding this Interrogatory as it becomes available.

22. Please identify how each Defendant knew of unlawful discrimination and how and when each defendant deliberately failed to investigate, address, prevent or punish racial and gender discrimination in DOC from Aug. 1989 to the present.

   ANSWER:

   Objection: This Interrogatory is overly broad in that it exceeds the scope of Plaintiff's Complaint by attempting to require her to document all incidents of racial or gender discrimination for the period from 1989 to the present. To the extent that the question pertains to the period since March 2001, Plaintiff relies on her answer to Interrogatory # 19.

23. Please identify the persons and documents, and state the facts derived therefrom, supporting plaintiff's "information and belief" as referenced in par. 50 of the Second Amended Complaint.

   ANSWER: