**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BRENDA LEWIS, | : | CIVIL NO. 3:02CV2304 (MRK) |
| *Plaintiff,* | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF CORRECTION, | | |
| ET AL., | : | |
| *Defendants.* | : | September 2, 2005 |

**DEFENDANTS' COMMENTS AND OBJECTIONS**
**TO COURT'S PRELIMINARY JURY INSTRUCTIONS**

The defendants hereby submit their comments and objections to the following preliminary jury instructions proposed by the court.

<u>Page 6 of Preliminary Jury Instructions</u>: Second Full Paragraph, last sentence, p. 6: "burden of proof" should replace "burden or proof." Oppsing counsel agrees to this change.

<u>Page 7 of Preliminary Jury Instructions</u>: Last Sentence: "and by a Lieutenant in the DOC" should replace "by a member of management in the DOC." In the labor relations field, the term manager usually connotes a non-unionized position whereas a supervisor is sometimes a unionized position. It would be prejudicial for the jury to be introduced to the case with Lt. Sousa described as management, especially if they will be deciding whether in fact he constitutes a "supervisor" for purposes of triggering the *Farragher* affirmative defense. Opposing counsel has no objection to this change.

<u>Page 8 of Preliminary Jury Instructions, Second Bullet</u>: Defendants object consistent with their objection to plaintiff's jury instructions. They respectfully offer the following substitution:

>In this regard, consider whether Lieutenant Sousa engaged in *racially* hostile conduct *on the basis of her race* that was so severe and pervasive so as to alter the terms of Officer Lewis's employment.

Defendants request deletion of phrase "motivating factor" as they know of no hostile work environment case that involves the language "motivating factor." "On the basis of her race" has been used by the Second Circuit in <u>Cruz v. coach Stores, Inc.</u>, 202 F.3d 560 (2d Cir. 2000) citing cf. <u>Richardson v. N.Y. State Dept. of Correctional Serv.</u>, 180 F.3d 426, 439 (2d Cir. 1999). Opposing counsel has no objection to deleting "motivating factor" language. Defendants request inclusion of "racially" again prior to "hostile conduct" because defendants know of no case in which a hostile work environment was found to exist which did not involve at least one action or epithet of an overt racial character directed toward plaintiff. Opposing counsel disagrees with the insertion of "racially" because he thinks it misleads the jury as to whether they can find facially neutral conduct to be racially motivated. Defendants disagree with plaintiff's position because race-neutral hostile conduct by itself directed toward plaintiff cannot be used to support a hostile environment claim. Cf. <u>Farpella-Crosby v. Horizon Health Care</u>, 97 F.3d 803, 806 n.2 (5th Cir. 1996) (in context of sexually hostile work environment claim); see also <u>Alfano v. Costello</u>, 294 F.3d 365, 374 (2d Cir. 2002).

<u>Page 8 of Preliminary Instructions, Fifth Bullet</u>: I understand that this bullet conflates the co-worker liability (first clause) and supervisory liability (second clause) issues but it omits the critical second prong to the Farragher affirmative defense which is "whether plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." It would be prejudicial to have the jury start thinking about only one of the issues related to the

2

affirmative defense and not the other.  Defendants respectfully request that language be added to reflect the second prong as set out above.  Opposing counsel has no objection to including the second prong of the <u>Farragher</u> defense.

<span style="text-decoration: underline">Page 9 of Preliminary Instructions, SECOND par</span>:  "she" should replace "it" and "her" should replace "its;" THIRD par:  Defendant should be made plural in first two lines and "their" should replace "its;" FOURTH par:  The plural (Defendants') should replace the singular possessive.   Opposing counsel agrees.

<span style="text-decoration: underline">Page 8 of Preliminary Instructions, Following Sixth Bullet</span>:  Defendants object to omission of qualified immunity language.  Court has alerted jury to *Farragher* defense available to DOC under Title VII, but not the qualified immunity defense for Lt. Sousa under § 1983.  Defendants respectfully request that the following language be inserted as a sixth bullet.

> \*    Whether Lt. Sousa did not know what he did was in violation of federal law and if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

Opposing counsel has no objection to the inclusion of qualified immunity language.

3

DEFENDANTS.
DEPARTMENT OF ORRECTION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By:_____
    Beth Z. Margulies
    Assistant Attorney General
    55 Elm Street, P.O. Box 120
    Hartford, CT  06141-0120
    Tel:  (860) 808-5340
    Fax. (860) 808-5383
    Federal Bar No. ct08469
    Email:  Beth.Margulies@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Objections  to Preliminary Jury Instructions was mailed, United States mail first class, postage prepaid, this 2nd day September, 2005, to the following:

Lowell L. Peterson, Esq.
Community Law Practice, LLC
2065-A Main Street
Hartford, CT  06120
Tel.: (860) 728-3788
Fax: (860) 728-3755

                                                   _____
                                                   Beth Z. Margulies
                                                   Assistant Attorney General