UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRENDA J. LEWIS,** | : | CIVIL ACTION CASE NO. |
| *Plaintiff*, | : | |
| v. | : | 302 CV 2304 (MRK) |
| **STATE OF CONNECTICUT,** | : | |
| **DEPARTMENT OF CORRECTION** | : | |
| *et al.,* | : | |
| *Defendants* | : | SEPTEMBER 6, 2005 |

**PLAINTIFF'S AMENDED JURY CHARGE**

The following proposed amendments to Plaintiff's previously submitted proposed jury instructions are offered solely with respect to changes required by her Trial Brief submitted herewith regarding the question:

Whether Defendant Sousa's relationship to Plaintiff was that of her "supervisor" for purposes of imputing vicarious liability to her employer, Defendant DOC, under principles applicable to Title VII is a question for the jury or the Court.

A.   **Title VII – Hostile Work Environment (as to Defendant DOC)**

Plaintiff's first claim is that the defendant Department of Correction either created or allowed to exist a racially hostile work environment in violation of Title VII. To prevail on a racially hostile work environment claim, plaintiff must initially prove that she is a member of a protected class. I will instruct you that, as a matter of law, plaintiff Lewis meets that threshold qualification.

As a member of a protected class, plaintiff must also prove the following additional elements by a preponderance of the evidence:

(1) That she was subjected to verbal or physical conduct of a harassing nature;
**[Defendants have stated this element as requiring that the conduct be shown to be of a "racial" nature. Plaintiff objects to that wording for reasons briefed separately.]**

1

(2)   That such conduct was sufficiently severe or pervasive to unreasonably interfere with her work performance, to alter the conditions of her employment or to create an objectively abusive working environment; and that she subjectively perceived the working environment as abusive or harassing;

(3) That the conduct was directed at her because of her race; and

(4) That there is a basis for imputing the conduct at issue to her employer.

[DISCUSSION OF ELEMENTS 1-3 OMITTED FROM AMENDMENT]

**4.     Conduct Attributable to the Defendant DOC**

Finally, in regard to fourth element of the test, the plaintiff must show a specific basis for imputing the hostile work environment to her employer, the defendant DOC.  In other words, if plaintiff first establishes that Defendant Erik Sousa was the individual actor who subjected her to a racially hostile work environment, is there a reason we can say that the defendant DOC is liable for the conduct of Defendant Sousa?

The legal status of defendant Sousa's working relationship to the plaintiff is critical to the determination of whether the defendant DOC may be held liable for his conduct under the Title VII claim against the DOC.

The starting point for analyzing employer vicarious liability in a Title VII hostile work environment action is to determine whether the person who allegedly created that environment, in this case Defendant Erik Sousa, is properly characterized as having been the plaintiff's "supervisor."

I am instructing you that Defendant Sousa may be classified as having been the plaintiff's supervisor only if you find something more than mere evidence that he occupied a place in the agency chain of command that was of higher rank than hers.  *Mack,* 326 F.3d at 124, *citing Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 758 (1998).

However, it is *not* necessary for you to find that Defendant Sousa had the authority to impose tangible employee actions on the plaintiff. By tangible employee actions, I mean the authority to take such actions as hire and fire, promote or demote, suspend, transfer, terminate or impose other disciplinary actions. The supervisory employee requirement does *not* require that Defendant Sousa was an agent of the Defendant DOC for these purposes.

The evidence that will allow you to find that Defendant Sousa was plaintiff's supervisor must prove either one of two factors, that is, whether: (a) Defendant Sousa had the authority to undertake *or* recommend tangible employment decisions affecting the plaintiff; *or* (b) he had authority to direct the plaintiff's daily work activities. *Mack*, 326 F.3d at 127, *citing EEOC Enforcement Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors*, 8 FEP Manual (BNA) 405: 7654 (1999), *emphasis in original.*

If you determine, based on your application of the law as I have instructed you to the facts as you have found them, that Defendant Erik Sousa was *not* the plaintiff's supervisor at the times relevant to her complaint, then you may not hold the Defendant DOC liable for his conduct *unless* plaintiff meets the additional burden of proving, by a preponderance of the evidence, that the Defendant DOC either did know or reasonably should have known about Defendant Sousa's harassing conduct and failed to take appropriate remedial or corrective steps to prevent its recurrence.

If you find that Defendant Sousa *was* a supervisor, the next question to be considered is whether he imposed upon her a tangible employment action, described previously as hiring, firing, promotion, demotion, suspension, termination or disciplinary action of any kind. In this case, I am instructing you that the parties have stipulated to their agreement that Defendant

Sousa did *not* subject the plaintiff to a tangible employment action and, therefore, that question is removed from your consideration.

In a case such as this where there has been no tangible employment action, but if you find that Defendant Sousa was a supervisor, there is a presumption of employer liability that is rebuttable by the Defendants' presentation of an "affirmative defense." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); and *Faragher v. City of Boca Raton,* 524 U.S. 775, 807 (1998).

The effect of this burden on the Defendant DOC is that you *must* find it liable for the harassing conduct of defendant Sousa *unless* you find by a preponderance of the evidence that (a) the employer DOC exercised reasonable care to prevent and promptly correct any discriminatory behavior *and* (b) the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid the harm otherwise.

When an employer has the duty to adopt and enforce policies that prohibit racially discriminatory employment practices, they must be regularly and uniformly enforced.  If they are not, it may be reasonable for a complainant to lack confidence in such procedures.  In such a case, an employee's failure to use procedures that he or she reasonably believes to be ineffective is not unreasonable.

You should consider all the evidence and circumstances in this case to determine: whether the defendant DOC has proved by a preponderance of the evidence that it had an effective and uniformly enforced policy in place for the prevention of workplace discrimination; *and* whether defendant DOC has proved by a preponderance of the evidence that plaintiff failed to take advantage of the opportunities provided to her to protect herself from discrimination; and, if so, whether defendant has proved by a preponderance of the evidence that her failure to do so

4

was unreasonable. If you find (1) that the plaintiff was subjected to a racially hostile environment *and* (2) that defendant DOC had no effective, uniformly enforced policy in place for its prevention, *or* that defendant DOC *did* have such a policy in place but plaintiff's failure to implement or rely on such policy was reasonable, your verdict must be for the plaintiff on this claim.

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998); *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) and *Mack v. Otis Elevator Co*., 326 F.23d 116, 122 (2d Cir. 2003).

Respectfully Submitted,

                    PLAINTIFF,
                    BRENDA LEWIS


By: _____
      Lowell L. Peterson
      Community Law Practice, LLC
      Federal Bar # ct-22165
      2065-A Main Street
      Hartford, CT 06120
      Tel: (860) 728-3788
      Fax: (860) 728-3755
      Email: lpeterson@clpllc.com

## **CERTIFICATION**

I certify that a copy of the foregoing Plaintiff's Amended Jury Charge was delivered by hand in open court to counsel of record for all Defendants on September 6, 2005.

_____
Lowell L. Peterson, Esq.
Community Law Practice, LLC
Federal Bar ID # ct-22165
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755
E-mail:  lpeterson@clpllc.com