# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA J. LEWIS, | : | CIVIL ACTION CASE NO. |
| *Plaintiff*, | : | |
| v. | : | 3:02CV 2304 (MRK) |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION | : | |
| ET AL., | : | |
| *Defendants* | : | SEPTEMBER 6, 2005 |

### DEFENDANTS' MEMORANDUM OF LAW
### ON TRIAL ISSUES

**Issue 1:** **Whether The Court Or The Jury Determines If Erik Sousa Was A Supervisor?**

It is axiomatic that where factual disputes exist, it is the role of the jury to determine those facts. In *Catone v. Spielmann*, 149 F.3d 156 (2d Cir. 1998), the Second Circuit held that denial of summary judgment on a due process claim based on qualified immunity was not immediately appealable in that case because factual disputes existed with regard to whether or not the plaintiff was a "deputy," (which position did not entitle her to a pre-termination hearing), and whether the defendant knew or reasonably should have known that she was a deputy. See also Clinton's Ditch Cooperative Co. v. NLRB, 778 F.2d 132 (2d Cir. 1985) (whether employer possesses sufficient control over employees to qualify as a joint employer "is essentially a factual issue.") quoting Boire v Greyhound Corp., 376 U.S. 473, 481 (1964). Similarly, where one of the issues in dispute in Maestas v. Lujan, 351 F.3d 1001, 1009 (10th Cir. 2003) was whether the defendant was the plaintiff's supervisor and that issue was germane to the qualified immunity defense, the court held it was a jury question. In contrast, where facts were uncontested as to

whether the authority given by the employer to the employee enabled or materially augmented the ability of the latter to create a hostile work environment for his subordinates, the court determined as a matter of law that the employee was a supervisor. Mack v. Otis Elevator, 326 F.3d 116, 125, 127 (2d Cir. 2003). However, because the stipulations in our case do not establish all the facts necessary to determine whether Erik Sousa is a supervisor or not,[1] the defendants now think the jury should decide any outstanding facts, and whether based on those facts, Erik Sousa should be considered the plaintiff's supervisor.

**Issue 2:** **Whether the State of Mind Component to a 42 U.S.C. § 1981 Claim Includes Recklessness To Establish Liability?**

Section 42 U.S.C. § 1983 does not contain a particular state of mind requirement; instead, one is supposed to look to the particular statute or constitutional provision involved to determine the appropriate state of mind component. Parratt v. Taylor, 451 U.S. 527, 534-5 (1981). In Jones v. R.R. Donnelley & Son Co., 541 U.S. 369, 378-82 (2004), the Supreme Court held that liability under 42 U.S.C. § 1981 required proof of discriminatory intent, that is, § 1981 could only be violated by purposeful discrimination (like the Equal Protection clause). Id. at 391.

In addition, there is no mention of recklessness in cases that set forth the "intentional" standard for establishing liability in 42 U.S.C. § 1981 cases. E.g., Juarez v. ACS Government Solutions Group, 314 F.3d 1243, 1246 (10th Cir 2003); Swinton v. Potomac Co., 270 F.3d 794, 806 (9th Cir. 2001); Pavon v. Swift Transportation, 1

---

[1] Some of the issues of fact that remain include how often Sousa and Lewis's shifts overlapped, for what period of time, whether when they overlapped and other Lieutenants were on the job whether he was in charge, whether he had authority and opportunity to give her daily assignments.

92 F.3d 902, 908 (9th Cir. 1999) ("[t]o establish a claim under § 1981 the plaintiff must prove that he or she was subjected to intentional discrimination based upon his or her race….."); Erebia v. Chrysler Plastaic Products Co., 772 F.2d 1250, 1257 (6th Cir. 1985) citing General Building Contractors Assoc v. Penn., 458 U.S. 375, 391 (1982) (other cite omitted).  Malice or reckless indifference to federally protected rights is a consideration only with regard to awarding punitive damages. Smith v. Wade, 461 U.S. 30, 56 (1983); Juarez, 314 F.3d at 1247.

      The defendants do not find any basis to include a "reckless disregard" standard with an "intentional" standard in order to establish liability when the Supreme Court has specifically differentiated between these two standards of proof.  E.g., Smith v. Wade, 461 U.S. 30, 49-50 (1983) (in context of punitive damages standards holding, Court recognized that intent standard may be easier to understand and apply and that standard of liability in the first instance may be different than standard for punitive damages;).
*A fortiorari*, the Defendants also object to a state of mind requirement, which includes "negligence."  Negligent performance does not constitute liability under 42 US.C. § 1983. Daniels v. Williams, 474 U.S. 327 (1986).

**Issue 3:**     **Whether Nominal Damages Are Contemplated Under Title VII or 42 U.S.C. § 1981?**

      Nothing in Title VII, 42 U.S.C. § 1981, or § 1981a requires the awarding of nominal damages. Buckner v. Franco, Inc., 1999 U.S. App. LEXIS 7369 *8 (6th Cir. 1999) (see attached).  In fact, damages (economic and emotional distress damages) under Title VII and § 1981 must be actual, not presumed or speculative damages. McIntosh v. Irving Trust Co., 887 F.Supp.662, 664-69 (S.D.N.Y. (1995).  The caselaw suggests that nominal damages are

appropriate in the context of a constitutional violation, not a statutory violation, when a plaintiff cannot prove actual injury. E.g., Carey v. Piphus, 435 U.S. 247 (1978) (nominal damages are permitted under § 1983 in regard to constitutional violations without a showing of actual injury); Buckner, 1999 U.S. App. LEXIS 7369 *9-11 and n. 1.[2]  We are not faced with a constitutional claim in this case. The plaintiff's recovery is limited to the statutory recovery scheme set out in Title VII and § 1981 and caselaw requiring actual proven damages. Therefore, there should be no instruction regarding nominal damages if there are no actual proven damages.

**Other Issues:** The Defendants leave for a Rule 50 argument the issues on (a) whether filing of grievances and incident reports can establish plaintiff's reasonable utilization of the agency's procedure to report discrimination complaints; and (b) whether facially neural incidents can together support a racially hostile work environment.

    Witness List Modification

    The Defendants have provided opposing counsel notice that they may still call Lt. Barnette at trial from their list (contrary to their position stated at argument for motion in limine and pretrial), but that they will probably not call Capt. Madden.

                               DEFENDANTS,
                               DEPARTMENT OF CORRECTION,
                               ET AL.

---

[2] The holding in Cush-Crawford necessarily recognizes no requirement for an instruction on nominal damages because it found that compensatory or nominal damages are not a prerequisite to an award of punitive damages under Title VII against private actors. 271 F.3d 352 (2d Cir. 2001) (jury awarded zero compensatory damages, but awarded punitive damages). Therefore, the Cush-Crawford v. Adchem Corp. case, , must be read to disapprove implicitly Judge Breiant's jury instruction in Pino v. Locascio, 101 F.3d 235 (2d Cir. 1996) wherein he instructed a jury, over the defendant's objection, that it must award $1.00 in nominal damages where a plaintiff has proven discrimination but no damages - although the precise issue of the appropriateness of nominal damages per se was not addressed on either appeal.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By:_____
  Beth Z. Margulies
  Assistant Attorney General
  Federal Bar # ct08469
  55 Elm Street, P.O. Box 120
  Hartford, CT 06141-1020
  Tel.: (860) 808-5340
  Fax: (860) 808-5383
  E-mail:
  Beth.Margulies@po.state.ct.us

## **CERTIFICATION**

I hereby certify that, on Sept. 6, 2005, I hand delivered the Defendants' Memorandum of Law on Trial Issues to Attorney Lowell Peterson, Community Law Practice, LLC, 2065-A Main St, Hartford, CT 06120; tel: 860-728-3788; fax: 860-728-3755.

_____
Beth Z. Margulies
Assistant Attorney General