## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRENDA J. LEWIS,** | : | **CIVIL ACTION CASE NO.** |
| *Plaintiff*, | : | |
| v. | : | 302 CV 2304 (MRK) |
| **STATE OF CONNECTICUT,** | : | |
| **DEPARTMENT OF CORRECTION** | : | |
| *et al.,* | : | |
| *Defendants* | : | **SEPTEMBER 9, 2005** |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' <u>REQUEST FOR LIMITING INSTRUCTIONS</u>

Plaintiff does not object, in substance, to the limiting instructions submitted to the Court for its consideration on September 6, 2005, inasmuch as they reflect agreements of the parties on the record.

However, Plaintiff requests the following changes in wording for the reasons given:

(1) DEFENDANTS' LIMITING INSTRUCTION

You will hear~~some~~ medical testimony in this case on the limited issue of the plaintiff's damages. You may not ~~consider this medical evidence, nor~~ base any decision in this case~~,~~ upon conclusions you may draw about ~~the~~ medical judgments <u>that may or may not have been</u> made by defendant Erik Sousa. He is not a physician and it was not his role to make medical decisions as to the cause of the plaintiff's condition on March 9, 2001. ~~This case only involves a claim for an allegedly racially hostile work environment.~~

**Plaintiff's reasoning for suggested changes: The word "some" is superfluous. The phrase "You may not consider this medical evidence," even though meant to be disjunctive with "base any decision" is confusing and, standing alone, incorrect. The phrase "the medical**

1

**judgments made by defendant Erik Sousa" implies that he made any medical judgments, a fact not in evidence. The final phrase regarding the substance of the case is redundant of other instructions and has nothing to do with the medical testimony.**

(2)   DEFENDANTS' LIMITING INSTRUCTION

You will hear~~some~~ testimony from some of plaintiff's witnesses, other than herself, about incidents allegedly involving defendant Sousa and allegedly reported to DOC. Such testimony is not being offered to prove that the incidents complained about actually occurred. Rather, they are offered ~~solely in an attempt to establish notice to the employer.~~ for the purpose of establishing whether the defendant employer knew or had reason to know that such complaints were submitted.

**Plaintiff's reasoning for suggested changes: It is more accurate to describe the testimony as that of "some of" plaintiff's witnesses. There is a question of fact not only regarding whether the incidents involved defendant Sousa but also about whether they were in fact reported. The language referring to the reason for the testimony is more consistent with the purpose for which it is offered.**

Respectfully Submitted,

PLAINTIFF,
BRENDA LEWIS


By: _____
Lowell L. Peterson
Community Law Practice, LLC
Federal Bar ID # ct-22165
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755
E-mail:  lpeterson@clpllc.com

2

## CERTIFICATION

I certify that a copy of the foregoing Plaintiff's Objection To Defendants' Request For Limiting Instructions was delivered by hand to the following counsel of record for all Defendants on September 9, 2005.

> Beth Z. Margulies
> Assistant Attorney General
> Joseph A. Jordano
> Assistant Attorney General
> 55 Elm Street, P.O. Box 120
> Hartford, CT 06141-1020

> _____
> Lowell L. Peterson
> Community Law Practice, LLC
> Federal Bar ID # ct-22165
> 2065-A Main Street
> Hartford, CT  06120
> Tel.: 728-3788
> Fax: 728-3755
> E-mail:  lpeterson@clpllc.com