# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRENDA J. LEWIS,** | : | **CIVIL ACTION CASE NO.** |
| *Plaintiff*, | : | |
| v. | : | 302 CV 2304 (MRK) |
| **STATE OF CONNECTICUT,** | : | |
| **DEPARTMENT OF CORRECTION** | : | |
| *et al.*, | : | |
| *Defendants* | : | **SEPTEMBER 9, 2005** |

## PLAINTIFF'S COMMENTS ON JURY INSTRUCTIONS

Plaintiff respectfully submits the following comments on the DRAFT Jury Instructions provided by the Court for consideration by the parties, dated September 6, 2005:

Page 6, Line 20; and Page 18, Line 4:   "Department of Corrections" should read "Department of Correction."

**Reason:   Clerical change only to conform to actual departmental name.**

Page 7, Line 7:   Delete the word "to."

**Reason:   Clerical change only for grammatical accuracy.**

Page 8, Line 20:   "counts" should read "count."

**Reason:   Clerical change only for agreement in number of subject and verb.**

Page 17, Line 9:   Should read, "If **you find that** a witness…"

**Reason:   As written might be taken to imply that untruthful testimony must be proved by contradictory evidence rather than permissibly inferred from conduct and demeanor.**

Page 19, Line 4:   Should read, "… employer to **create, or allow to exist,** a hostile work environment…"

**Reason:   As written might be taken to imply that the jury must find that DOC is required to have affirmatively caused the hostile work environment rather than merely tolerating or condoning it.**

1

Page 21, Line 4:   Should read, "… the conduct was **sufficiently** severe or pervasive."

**Reason:    Not enough merely that the jury finds the conduct was severe or pervasive, but must have been severe or pervasive enough to have altered the working environment.**

Page 22, Line 15:   Insert, "**Under the circumstances of this case, where the Plaintiff experienced no tangible employment action (such as termination, demotion, suspension or unfavorable transfer), a**n employer is not …"

**Reason:    More consistent with *Ellerth/Faragher* where the employer *is* deemed automatically liable if the harasser was a supervisor *and* there was a tangible employment action.**

Page 22, Line 18:   Insert, "**The defendant DOC *may* be held liable for the abusive conduct of defendant Sousa in either case (whether you find he was a supervisor or co-worker), but the test you must apply is different.**"

Delete, "Therefore, in order to hold the DOC liable you must first decide whether Lieutenant Sousa was Officer Lewis' supervisor."

**Reason:    As written may be taken to imply that the jury can find DOC liable *only* if it first finds that Sousa was a supervisor, which is not entirely accurate.**

Page 23, Line 9:   Insert, "increased the ability of the **harassing** employee to create a hostile working environment."

**Reason:    To clarify that the "employee" to whom such authority was (or was not) given refers to Sousa, not Lewis.**

Page 23, Line 11:   Insert, "You may find that Defendant Sousa was Officer Lewis's supervisor only if you find something more than mere evidence that he occupied a place in the agency chain of command that was of higher rank than hers. However, it is *not* necessary for you to find that Defendant Sousa had the authority to impose tangible employment actions on the Plaintiff, such as the authority to hire or fire, promote or demote, suspend, transfer, terminate or impose other disciplinary actions. The evidence that will allow you to find that Defendant Sousa was Plaintiff's supervisor must prove either one of two factors, that is, whether: (a) Defendant Sousa had the authority to undertake *or* recommend tangible employment decisions affecting the plaintiff; *or* (b) he had the authority to direct the Plaintiff's daily work activities."

**Reason:    Sets forth somewhat more completely the *Mack* test for when the jury may find that a given defendant was a plaintiff's supervisor.**

Page 24, Line 1:   Should read, "(ii) DOC knew, **or reasonably should have known,** about the abusive conduct …"

**Reason:   A more complete statement of the test.**

Page 26, Line 3:   Should read, "… environment claim **individually** against Lieutenant Sousa …"

**Reason:   Clarification only.**

Page 28, Lines 1 and 2:   Should read, "**lieutenant** in his position …"

**Reason:   "Correction officer" is a term of art applicable at the time to only non-union staff.**

Page 30, Line 8:   Should read, "… disregard his **or her** argument …"

**Reason:   In recognition that AAG Margulies may make this argument as well as AAG Jordano.**

Page 31, Line 2:   Should read, "… emotional harm to **her** proximately caused …"

**Reason:   Refers back to the subject, Officer Lewis.**

Page 32, Line 11; Page 33, Lines 5, 7 and 10:   Delete, "either" Plaintiff (or Plaintiff's).

**Reason:   There is only one Plaintiff.**

Page 33, Lines 6 and 8:   Should read, "**statutory**" instead of "constitutional."

**Reason:   Plaintiff is complaining that she was deprived of her rights under § 1981, not under the constitution.**

Page 33, Line 16:   Delete, "rights **and safety** of others.

**Reason:   The test, particularly in this case, does not require a showing that Defendant Sousa acted in disregard of Officer Lewis's safety.**

Page 38, Line 19:   Should read, "… to see if there **are** any additional instructions …"

**Reason:   A grammatical change only.**

3

Respectfully Submitted,

          PLAINTIFF,
          BRENDA LEWIS

By: _____
     Lowell L. Peterson
     Community Law Practice, LLC
     Federal Bar # ct-22165
     2065-A Main Street
     Hartford, CT 06120
     Tel: (860) 728-3788
     Fax: (860) 728-3755
     Email: lpeterson@clpllc.com

## **CERTIFICATION**

I certify that a copy of the foregoing Plaintiff's Comments On Jury Instructions was delivered by hand to the following counsel of record for all Defendants on September 9, 2005.

     Beth Z. Margulies
     Assistant Attorney General
     Joseph A. Jordano
     Assistant Attorney General
     55 Elm Street, P.O. Box 120
     Hartford, CT 06141-1020

_____
Lowell L. Peterson
Community Law Practice, LLC
Federal Bar ID # ct-22165
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755
E-mail: lpeterson@clpllc.com