UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA LEWIS, | : | CASE NO.  3:02CV2304(MRK) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CORRECTION, ET AL. | : | |
| *Defendants* | : | SEPTEMBER 9, 2005 |

## DEFENDANTS' OBJECTIONS TO COURT'S
## JURY INSTRUCTIONS AND VERDICT FORM

**(1)  COURT'S FINAL JURY INSTRUCTIONS**

Page 20, lines 8 and 10:  Defendants object and ask the court to insert the word "racially" in front of "hostile or abusive" as stated in prior objection to plaintiff's proposed jury instruction and court's preliminary instruction.

Page 20, lines 7 and 10:  Defendants object and ask the court to insert the word "racially" in front of "hostile."  Title VII is not a civility code and does not prohibit general harassment, hostility, or abuse.

Page 20, line 13:  Defendants object and ask the court to insert the phrase "witnessed by Officer Lewis and related to her" after "evidence of a general work atmosphere."  Perry v. Allen, 115 F.3d 143, 146-7 (2d Cir. 1997).

Page 21, line 8:  Defendants object and ask the court to insert the word "racially" in front of "harassing."

Page 21, line 9:  Defendants object to the omission and ask the court to insert the instruction that the "conduct must be extreme to amount to a change in the terms and conditions of employment."  Farragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

Defendants also object to no instruction in this section that "Solely race-neutral conduct can not by itself establish a racially hostile work environment." (Defendants have found no case in which none of the incidents or statements were of a racial nature and yet a hostile work environment was concluded.)

<u>Page 22, line 13</u>:  Defendants object and ask the court to insert "racially" in front of hostile work environment.

<u>Page 23, line 20 and Page 24, line 1</u>:  Defendants object and ask the court to insert "racial/racially" in front of abuse/abusive respectively.

<u>Page 24, line 5</u>:  Defendants object and request the court to insert "racially" in front of hostile work environment.  <u>Farragher</u>, 524 U.S. at 807 ("for an actionable hostile environment")

<u>Page 24, line 12</u>:  Defendants object to the omission of their language proposed on p. 12 of their initial proposed jury instructions, last 7 lines, and page 13, top three lines, that relate to the existence of anti-harassment policy being an important factor to consider in regard to satisfying the first element, and language related to plaintiff's fears that her claims would not be taken seriously as insufficient to overcome second element and duty to mitigate harm otherwise.

<u>Page 26, line 12</u>:  Defendants object to language of "substantial or motivating factor" for reasons stated in their objections to plaintiff's proposed jury instructions.  The "based on race" language should be and has been in other spots replacing it by the court.

<u>Page 27, line 1-5</u>:  Defendants object to the omission of the incorporation of the Title VII standard for hostile work environment first element as set forth by the court in regard to pgs. 19-21 as the court has only incorporated references to second and third elements.

Page 32, line 5:  Defendants object to the omission of an instruction on Mitigation of Damages as set forth in defendants' proposed jury instruction, pg. 24.

Page 32, line 8:  Defendants object to the provision for requiring or permitting nominal damages under Title VII and 42 U.S.C. § 1981 for the reasons stated in defendants prior objections in their memorandum of law on trial issues.  The Second Circuit's holding in Cush-Crawford v. Adchem Corp., 271 F.3d 352 (2d Cir. 2001) holds that neither compensatory or nominal damages are required before issuing punitive damages. Therefore, there can be no requirement that a court impose them.

Page 33, lines 6 and 8:  Defendants object to use of term "constitutional" and request that it be replaced by "statutory."

Page 33, lines 5 and 7 and 10:  Defendants object and request the deletion of "either" as there is only one 1981 claim against Sousa under § 1981.

Page 33, line 18-19:  Defendants object to the law as stated; it is inconsistent with Cush-Crawford, supra.


## (2)  VERDICT FORM

Page 5, line 9:  Defendants object to the use of the phrase "substantial or motivating factor" for the same reasons as stated in their objections to plaintiff's proposed jury instructions.  Language here should reflect same standard as for Title VII as stated on p. 2, line 9 – "based on Officer Lewis' race."

Defendant's Proposed Instruction:  "Lieutenant Sousa's conduct was based on Officer Lewis' race."

Page 6, line 3, question 4:  Question 4 should be deleted.  Upon reviewing the relevant case law, defendants have found that subjective beliefs about lawfulness are irrelevant.

The test is the objective legal reasonableness assessed in light of legal rules that were "clearly established" at time action taken.  Anderson v. Creighton, 483 U.S. 635, 641 (1987); Hanrahan v. Doling, 331 F.3d 93 (2d Cir. 2003).

Page 6, question 5:  The Defendant objects to the present wording and requests that "reasonable" be substituted for "competent" and  "Correction Lieutenant" be substituted for "correction officer," and that "clearly established" be added in front of "federal law" as required by Supreme Court precedent.  Anderson v. Creighton, 483 U.S. at 639-640; Hanrahan v. Doling, 331 F.3d 93 (2d Cir. 2003).

Defendant's Proposed Instruction:  "At the time of the harassing conduct, a reasonable state Correction Lieutenant in his position could not have been expected to know that such conduct violated "clearly established" federal law?"

Lines 10 – 15 would need to be changed accordingly to delete reference to Ques. 4.

Page 7, line 13, line 14:  The Defendants object in that it presumes that plaintiff has proven non-economic damages.  The Defendants request that the court insert in the first sentence the phrase "if you find she has proven by a preponderance of the evidence" in front of "non-economic damages."  Similarly, in the second sentence defendants request that the court insert the phrase "she has not proven damages by the preponderance of the evidence or" after "but you find."  Buckner v. Franco, 1999 U.S. App. LEXIS 7369 (6th Cir. 1999) (if jury "does not conclude that plaintiff has proven that she has suffered compensatory damages, you may enter zero….") (attached to previous objection to preliminary instructions.)  In addition, the proximate cause standard should be included.

Defendants' Proposed Instruction:  "Please fill in a dollar amount for Officer Lewis, *if you find she has proven, by a preponderance of the evidence*, non-economic

damages *proximately caused by Lt. Sousa*.  If you find in favor of Officer Lewis on either of her claims in this case, but you find *she has not proven damages proximately caused by Lt. Sousa by a preponderance of the evidence or* that her damages have no monetary value, then mark a zero next to Non-economic Damages.

Page 7, lines 20-25:  Defendants object to providing the plaintiff with nominal damages at all for violations under Title VII & § 1981, for reasons stated in their Memorandum of Law on Trial Issues.  The Second Circuit's holding in Cush-Crawford v. Adchem Corp, 271 F.3d 352 (2d Cir. 2001), holds that nominal damages are not *required* before getting punitive damages.  Therefore, if nominal damages are not required, the *court* has no authority to impose them.  Assuming arguendo that the court will go on to permit nominal damages in this case over the defendants' objection, an instruction should provide that the *jury may* impose nominal damages in the amount of $1.00, as opposed to $10.00.  (Even in the setting of a constitutional deprivation without injury, the Supreme Court only recognized $1.00 as an appropriate amount.  See Carey v. Piphus, 435 U.S. 247, 267 (1978)).

Page 7, line 31:  Defendant objects to the word "constitutional" and ask that it be replaced with the word "statutory" as there is no constitutional claim in this case.

Defendant's Proposed Instruction:  "Do you find that Lt. Sousa acted willfully, maliciously, or in reckless disregard of Officer Lewis' statutory rights?"

DEFENDANTS,
DOC AND ERIK SOUSA

By:    _____

Beth Z. Margulies
Assistant Attorney General
Federal Bar # ct08469
55 Elm Street, P.O. Box 120
Hartford, CT 06141-1020
Tel.: (860) 808-5340
Fax:  (860) 808-5383
E-mail: Beth.Margulies@po.state.ct.us

## **CERTIFICATION**

I hereby certify that pursuant to §5(b) of the Federal Rules of Civil

Procedure, a copy of the foregoing Defendants' Objections to Court's Jury Instructions

and Verdict Form was mailed, first class, postage pre-paid, this 9th day of September,

2005 to:

Lowell L. Peterson, Esq.
Community Law Practice, LLC
2065-A Main Street
Hartford, CT  06120
Tel.: 728-3788
Fax: 728-3755

_____
Beth Z. Margulies
Assistant Attorney General