UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRENDA LEWIS,                                  :         CASE NO. 3:02CV2304(MRK)

    Plaintiff

v.

STATE OF CONNECTICUT
DEPARTMENT OF CORRECTION,
ET AL.,
    Defendants                             :         SEPTEMBER 12, 2005

## DEFENDANTS' SUPPLEMENTAL OBJECTION
## TO JURY INSTRUCTION

    The defendants hereby submit this supplemental objection to the court's jury instruction so that it may properly reflect case law and be consistent with their objections to the Verdict Form. More specifically, with regard to the discussion of qualified immunity on page 27, lines 17-21 and page 28, lines 1-5, the defendants adhere to their objections to the Verdict Form. The presently drafted instructions do not reflect the law of qualified immunity as set forth in *Anderson v. Creighton*, 483 U.S. 635, 639-641 (1987) and *Hanrahan v. Doling*, 331 F.3d 93, 97-98 (2d Cir. 2003). A defendant's subjective belief about the conduct is no longer relevant. *Id.* After there is a finding that defendant violated federal law, it must be determined whether a reasonable Lieutenant could have believed that his actions were lawful. *Anderson*, 438 U.S.at 641. Personal liability "turns on the "objective legal reasonableness" of the action, *Harlow*, 457 U.S. at 819, assessed in light of the legal rules that were "clearly established" at the time it was taken. *Id.*, at 818." *Anderson*, 483 U.S. at 639. Therefore, defendants object to the use

of the terms "competent" instead of "reasonable" and "correction officer" instead of "Lieutenant." Defendants further object to the use "unaware of federal law" because it should specify "clearly established law."

<u>Defendants' Proposed Modification based on *Anderson*, 438 U.S. at 641</u>:

      To prevail on this defense Lt. Sousa must prove by a preponderance of the evidence that at the time of the unlawful conduct, a reasonable Lieutenant could have believed the conduct to be lawful in light of clearly established law. The contours of the clearly established right must be sufficiently clear that a reasonable Lieutenant would understand that what he was doing violates that right. If Lt. Sousa proves this defense, then your verdict must be for Lt. Sousa, even if you previously found that he had violated Officer Lewis' rights.

The defendants also ask that similar changes be made in the preliminary jury instructions to reflect the proper state of qualified immunity law, such as "whether Lt. Sousa disregarded clearly established rights of which a reasonable Lt. would have known."

                                      DEFENDANTS

                                      RICHARD BLUMENTHAL
                                      ATTORNEY GENERAL

By:   _____
      Beth Z. Margulies ct 08469
      Attorney General's Office
      Assistant Attorney General
      P.O. Box 120
      Hartford, CT 06101
      860-808-5340 (tel)
      860-808-5383 (fax)
      hat Beth.Margulies@PO.state.ct.us

CERTIFICATION

I hereby certify that the foregoing Defendants' Supplemental Objection to Jury Instructions was hand delivered to Atty. Lowell Peterson, the 12th day of Sept. 2005.

_____
Beth Z. Margulies
Assistant Attorney General