UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA LEWIS | : | CIV. NO. 3:02CV2304(MRK) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |

STATE OF CONNECTICUT
DEPARTMENT OF CORRECTION, ET AL.
    *Defendants*     :     November 7, 2005

### MOTION FOR RECONSIDERATION ON COURT RULING ON DEFENDANTS' MOTION FOR COSTS

The defendants move the court for reconsideration of the Clerk's Ruling on Bill of Costs dated November 3, 2005 on Defendants' motion for costs as follows:

**Fees for Court Reporters**. The Clerk's ruling denies defendants' motion for costs in the amount of $887.50 for the deposition transcripts of Erik Sousa and Peter Murphy. The clerk's ruling on p. 3 states, "There is no reflection in the court records that these deposition transcripts were used in support of defendants' motion for summary judgment and both of these witnesses testified for the plaintiff[1] at trial. Therefore the claims for these depositions are disallowed without prejudice to renewal within ten (10) days upon a showing as to how these depositions were necessarily obtained for the preparation of the case and not for the convenience of counsel." The ruling disallowing the claims of these deposition transcripts is flawed for the following reasons.

Both Erik Sousa and Peter Murphy were named party-defendants in their individual capacities at the commencement of this lawsuit. Peter Murphy was dismissed after receiving a favorable summary judgment ruling. Erik Sousa remained a named defendant throughout trial and received a defendants' verdict. The cost of these deposition transcripts must be allowable

---

[1] Defendants, not plaintiffs, called both these witnesses to testify on behalf of the defendants.

inasmuch as the plaintiff took both their depositions. The cost of these depositions were unavoidable and the state is entitled to recover their costs of $517.50 and $380.00, respectively.

The statutory authority for recovery of deposition costs is found in 28 U.S.C. § 1920(2) which provides: "A judge or clerk of any court of the United States may tax as costs the following: …(2) Fees of the court reporter for all or any part of the stenographic transcript <u>necessarily obtained for use in the case</u>…." (Emphasis added.) Local Rule 54(c)(ii) more specifically states in pertinent part: "The cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, <u>or if they are necessarily obtained for the preparation of the case</u> and not for the convenience of counsel." (Emphasis added.)

Defendants' counsel used these depositions in preparation of summary judgment as well as in preparing these two witnesses for trial, and their depositions were accordingly "necessarily obtained for the preparation of the case." <u>Arlio v. Lively</u>, 2005 U.S. Dist. LEXIS 22090 (2005) (attached hereto) ("client's deposition testimony is a reasonably necessary step in preparing that client to testify at trial and in preparing examination of other witnesses….)" Contrary to the clerk's statement on p. 3 of its ruling on Defendants' Motion for Costs dated Nov. 3, 2005, it was the defendants who called these two witnesses to testify at trial, not the plaintiffs. These two individuals, one of whom remained a named defendant in his individual capacity at time of trial,[2] presented the majority of the defendants' case, and adequate preparation for trial could not have been accomplished without a thorough review of these depositions. In addition, the fact that the undersigned counsel chose to present the facts and documents by way of affidavits rather than the depositions themselves does not detract from the fact that a comprehensive review of these

---

[2] It is of no significance that Peter Murphy was no longer a party at time of trial due to the granting of summary judgment because "counsel in a case cannot be compelled to anticipate the success of a pre-trial hearing and risk his client's interests by waiting until after the pre-trial hearing before securing testimony by deposition." <u>Federal Deposit Ins.. Corp. v. Fruit Growers Service Co</u>., 2 F.R.D. 131 (E.D. Washington, N.D. 1941).

depositions was an essential part of formulating the affidavits of Erik Sousa and Peter Murphy.[3] The depositions were necessarily obtained and certainly not for the convenience of defendants' counsel.  Barile v. Armstrong, 2005 U.S. Dist. LEXIS 22794 (D. Conn. 2005) (attached hereto) (where deponent was a party to the case, the court found he was deposed out of necessity and thus, cost of deposition transcript was recoverable).  See also, Curacao Trading Co. v. Federal Ins. Co., 137 F.2d 911 (2d Cir. 1943) ("the order retaxing the costs to the plaintiff on a deposition which was not used was not erroneous. [citation omitted.]").

WHEREFORE, the defendants respectfully request that the Court reconsider the ruling of the clerk issued on November 3, 2005 and allow the additional costs in the amount of $887.50 as illustrated above.[4]

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Beth Z. Margulies
Assistant Attorney General
Federal Bar No. ct08469
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail: Beth.Margulies@po.state.ct.us

---

[3] Affidavits provide an efficient means of melding not only the person's testimony as drawn out by the plaintiff's counsel, but also affords the means of setting forth additional testimony and foundation for documents not necessarily part of the deposition as offered by the defendants. Duplication of filing testimony as found in deposition pages was avoided.  Defendants were also called to review the depositions further when preparing their reply brief as plaintiff had attached excerpts from their depositions as Exhibits O and P to plaintiff's Rule 56(a)2 and 3 Statement.

[4] Documents supporting these costs have already been filed with the original motion for costs.

**CERTIFICATION**

I hereby certify that a copy of the foregoing Motion for Reconsideration on Ruling on Motion for Costs was mailed, U.S. mail first class postage prepaid, this 7th day of November, 2005 to all counsel of record:

>Lowell L. Peterson, Esq.
>Community Law Practice, LLC
>2065-A Main Street
>Hartford, CT  06120
>Tel.: 728-3788
>Fax: 728-3755
>lpeterson@clpllc.com

_____
Beth Z. Margulies
Assistant Attorney General