KEITH BARILE v. JOHN ARMSTRONG, ET AL.
CIV. NO. 3:00CV2253 (HBF)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2005 U.S. Dist. LEXIS 22794

September 29, 2005, Decided

CASE SUMMARY:

PROCEDURAL POSTURE: A jury returned a verdict in favor of defendants, and judgment was entered. Defendants filed a motion for costs together with a bill of costs and exhibits. Plaintiff failed to file an objection.

OVERVIEW: Although plaintiff was granted in forma pauperis status, plaintiff did not claim an inability to pay costs, and in fact, failed to object to defendants' motion for costs. Thus, pursuant to U.S. Dist. Ct., D. Conn., Civ. R. 54, the motion was granted for the costs related to the deposition of plaintiff because as a party to the case, he was deposed out of necessity, and for the deposition costs of eleven other witnesses because one was identified as a trial witness by plaintiff and the others had first-hand knowledge of the facts and issues in the case, and they were all deposed out of necessity. The costs of witness fees for a non-party witness's attendance at his deposition and trial were awarded together with the costs of service of process of a subpoena for his deposition.

OUTCOME: The court granted costs against plaintiff and in favor of defendants in the sum of $2,607.15.

CORE TERMS: deposition transcript, deposition, invoice, entitled to recover, prevailing, present record, deposed, attendance, condensed, multipage, delivery, recoverable, reporter, mileage, appearance, deny a motion, witness fees, indigency, taxation, above-named, calculated, first-hand, deferred

LexisNexis(R) Headnotes

Civil Procedure: Costs & Attorney Fees
[HN1] *Fed. R. Civ. P. 54(d)* generally governs the taxation of costs against an unsuccessful litigant. *28 U.S.C.S. § 1915* et seq., governs taxation of costs relative to suits by prisoners. *28 U.S.C.S. § 1915*(f)(1) provides that judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings.

Civil Procedure: Costs & Attorney Fees: Litigation Costs
[HN2] A district court may deny a motion for costs based on a litigant's indigency, but indigency per se does not automatically preclude an award of costs. Nor is a district court required to deny a motion for costs solely because the suit was brought in good faith, without frivolity. Whether to grant or deny a motion for costs is within the sound discretion of the district court.

Civil Procedure: Costs & Attorney Fees: Litigation Costs
[HN3] The cost of the original and one copy of deposition transcripts are recoverable if they are necessarily obtained for the preparation of the case and not for the convenience of counsel. U.S. Dist. Ct., D. Conn., Civ. R. 54(c)(2)(ii). Court reporter's fees are taxed at the prevailing page rate pursuant to U.S. Dist. Ct., D. Conn., Civ. R. 80. Maximum transcript rates for an original and one copy are $3.75 per page. In addition, appearance fees of the court reporter at the deposition are taxable as costs. U.S. Dist., D. Conn., Civ. R. 54(c)(2)(ii).

Civil Procedure: Costs & Attorney Fees: Litigation Costs
[HN4] Nothing in U.S. Dist. Ct., D. Conn., Civ. R. 54(c) indicates that the defendants are entitled to recover the expense of a multipage condensed version of a deposition transcript.

Civil Procedure: Costs & Attorney Fees: Litigation Costs
[HN5] Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial, and witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. U.S. Dist. Ct., D. Conn., Civ. R. 54(c)(4)(I). Under U.S. Dist. Ct., D. Conn., Civ. R. 54(c)(2)(ii), fees for nonparty deponents, including mileage and subsistence, are taxable at the same rate as for attendance at trial, where the deposition is a taxable cost. Pursuant to 42 U.S.C.S. § 1821(b), a witness is to be paid an attendance fee of $40.00 per day for each day's attendance and for the time necessarily occupied in going to and returning from the place of attendance. Mileage is taxable at the statutory rate. U.S. Dist. Ct., D. Conn., Civ. R. 54(c)(4)(iii).

Civil Procedure: Costs & Attorney Fees: Litigation Costs
[HN6] The costs of service of process for discovery subpoenas are recoverable. U.S. Dist. Ct., D. Conn., Civ. R. 54(c)(1).

COUNSEL: [*1] For Keith Lawrence Barile, Plaintiff: Daniel J. Richert, Pillsbury Winthrop Shaw Pittman LLP-CA, Palo Alto, CA; Henry K. Snyder, Pillsbury Winthrop Shaw Pittman LLP-NYC, New York, NY; Kenneth A. Newby, Pillsbury Winthrop Shaw Pittman LLP-NYC, New York, NY.

For Drummond, C/O, Ind, Channer, C/O, Ind, Jennifer Johnson, Nurse, Ind, Robin, Nurse, Ind, Tony, Nurse, Ind, Olzta, Lieutenant, Ind, Coutan, Lieutenant, Ind, Kurtz, Counselor, Ind, Defendants: Lynn D. Wittenbrink, Attorney General's Office, Hartford, CT; Steven R. Strom, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT.

JUDGES: HOLLY B. FITZSIMMONS, UNITED STATES MAGISTRATE JUDGE.

OPINIONBY: HOLLY B. FITZSIMMONS

OPINION: RULING ON DEFENDANTS' MOTION FOR COSTS [DOC. # 156]

On November 9, 2004, plaintiff was ordered by the Court to pay $500.00 as security for costs. [Doc. # 109]. Upon plaintiff's request, payment of this $500.00 security was deferred until after the court ruled on plaintiff's Motion to Set Aside the Order Granting the Motion for Security for Costs. [Doc. # 114]. The defendants then requested that any ruling regarding costs be deferred until after trial. [Doc. # 135].

On[*2] February 4, 2005, the jury returned a verdict in favor of Defendants, [Doc. # 153], and judgment entered on February 8, 2005. [Doc. # 154]. On February 18, 2005, Defendants filed a Motion for Costs together with a Bill of Costs and exhibits. [Docs. # 156 and 157]. Plaintiff has failed to file an objection.

[HN1] Fed. R. Civ. P. Rule 54(d) generally governs the taxation of costs against an unsuccessful litigant. Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001). 28 U.S.C. § 1915, et seq., governs taxation of costs relative to suits by prisoners. 28 U.S.C. § 1915(f)(1) provides that "judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings ...."

However, [HN2] a district court may deny a motion for costs based on a litigant's indigency, but "indigency per se does not automatically preclude an award of costs." Whitfield, 241 F.3d at 270, citing McGill v. Faulkner, 18 F.3d 456, 459-60 (7th Cir. 1994). Nor is a district court required to deny a motion for costs solely because the suit was brought in[*3] good faith, without frivolity. Whitfield, 241 F.3d at 272, citing AeroTech, Inc. V. Estes, 110 F.3d 1523, 1527 (10th Cir. 1997). Whether to grant or deny a motion for costs is within the sound discretion of the district court. Whitfield, 241 F.3d at 269.

Although the plaintiff in this matter was granted in forma pauperis status, plaintiff has not claimed an inability to pay costs, and in fact, has failed to object to the defendants' motion for costs. For the reasons stated below, defendants' Motion for Costs is GRANTED.

Deposition of Keith Barile

Defendants submit a claim for the cost of the deposition transcript of Keith Barile in the amount of $525.30.

[HN3] The cost of the original and one copy of deposition transcripts are recoverable if they are necessarily obtained for the preparation of the case and not for the convenience of counsel. D. Conn. L. Civ. R. 54(c)(2)(ii). Court reporter's fees are taxed at the prevailing page rate pursuant to D. Conn. L. Civ. R. 80. Maximum transcript rates for an original and one copy are $3.75 per page. In addition, appearance fees of the court reporter at the deposition are [*4] taxable as costs. D. Conn. L. Civ. R. 54(c)(2)(ii).

Because Mr. Barile was a party to the case, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is recoverable.

Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page. The invoice indicates that this deposition transcript was 114 pages, which when calculated at $3.75 per page totals $427.50.

The invoice submitted also indicates that the court reporter charged an appearance fee of $75.00. Pursuant to D. Conn. L. Civ. R. 54(c)(2)(ii), defendants are entitled to recover this expense.

Deposition costs are awarded in the amount of $502.50 on the present record.

Deposition of Anthony Crumb

Defendants submit a claim for the cost of the deposition transcript of Anthony Crumb in the amount of $377.55.

Anthony Crumb was a trial witness for the plaintiff and was identified by the plaintiff as a witness to the alleged events. Consequently, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost. Accordingly, the Court will allow this cost up to the prevailing page[*5] rate of $3.75 per page. The invoice indicates that this deposition transcript was 69 pages, which when calculated at $3.75 per page totals $258.75.

The invoice submitted also indicates that the court reporter charged an appearance fee of $75.00. Pursuant to D. Conn. L. Civ. R. 54(c)(2)(ii), defendants are entitled to recover this expense.

Lastly, the invoice submitted indicates a "multipage condensed" version of the transcript at a cost of $30.00. [HN4] Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover this expense.

Costs are awarded in the amount of $333.75 on the present record.

Depositions of Ossie Channer, Robin Maciag, and Antonio Villarini

Defendants submit a claim for the cost of the deposition transcripts of Ossie Channer, Robin Maciag, and Antonio Villarini in the amount of $511.00.

Ossie Channer and Antonio Villarini were Correctional Officers at MacDougall/Walker Correctional Institution and Robin Maciag was a Registered Nurser for the Department of Corrections. As the above-named individuals had first-hand knowledge of the Department of Corrections policies and procedures applicable to this case, the Court[*6] finds that they were deposed out of necessity and, thus, the cost of the deposition transcripts are taxable costs. Accordingly, the Court will allow these costs up to the prevailing page rate of $3.75 per page. The invoice indicates that the deposition transcript for Ossie Channer was 105 pages, the deposition transcript for Robin Maciag was 73 pages, and the deposition transcript for Antonio Villarini was 35 pages -- for a total of 213 pages. The court reporter charged a rate of $2.00 per page, for a total of $426.00.

The invoice submitted also indicates "multipage condensed" versions of the transcripts at a cost of $75.00, together with a delivery charge of $10.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of $426.00 on the present record.

Deposition of Barry Drummond

Defendants submit a claim for the cost of the deposition transcript of Barry Drummond in the amount of $367.82.

Barry Drummond, a Correctional Officer at the HCC in Hartford, Connecticut, was an expert/fact witness as to Department of Correction policies and procedures applicable to this dispute. [*7] Consequently, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost. Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page. The invoice indicates that the deposition transcript for Mr. Drummond was 155 pages, at cost of $2.00 per page, for a total of $310.00.

The invoice submitted also indicates a "multipage condensed" version of the transcript at a cost of $25.00, together with a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of $310.00 on the present record.

Deposition of Jennifer B. Gavin

Defendants submit a claim for the cost of the deposition transcript of Jennifer B. Gavin in the amount of $115.54. Jennifer Gavin, a Registered Nurse and Nurse Consultant for the Department of Corrections, was a witness as to plaintiff's condition, medical records, and Correctional policy and procedures. The Court finds that she was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost. Accordingly,

the Court[*8] will allow this cost up to the prevailing page rate of $3.75 per page. The invoice indicates that the deposition transcript for Ms. Gavin was 36 pages, at a cost of $2.00 per page, for a total of $72.00.

The invoice submitted also indicates a "multipage condensed" version of the transcript at a cost of $25.00, together with a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of $72.00 on the present record.

Depositions of Kenneth Olszta, Sharon Brown, Fred Kurtz, Theresa Pemberton, and Stacy Smith

Defendants submit a claim for the cost of the deposition transcripts of Kenneth Olszta, Sharon Brown, Fred Kurtz, Theresa Pemberton, and Stacy Smith in the amount of $627.00.

Mr. Olszta is the Lieutenant who investigated this dispute; Ms. Brown is a Nurse Correctional Supervisor with knowledge of the medical grievance process; Mr. Kurtz is a former retired employee of the HCC in Hartford, Connecticut testifying relative to log book policies and procedures; and Ms. Pemberton and Ms. Smith are Counselor Supervisors at the York Correctional Institute[*9] in Niantic, Connecticut. As the above-named individuals had first-hand knowledge of issues applicable to this case, the Court finds that they were deposed out of necessity and, thus, the cost of the deposition transcripts are a taxable cost. Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page. The invoice indicates that the deposition transcript for Mr. Olszta was 118 pages; the deposition transcript for Ms. Brown was 26 pages; the deposition transcript for Mr. Kurtz was 26 pages; the deposition transcript of Ms. Pemberton was 35 pages; and the deposition transcript of Ms. Smith was 40 pages -- for a total of 245 pages. The court reporter charged a rate of $2.00 per page for a total of $490.00.

The invoice submitted also indicates "multipage condensed" versions of the transcripts at a cost of $125.00, together with a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of $490.00 on the present record.

Deposition of James McKenna

Defendants submit a claim for the cost of the deposition transcript of Dr. [*10] James McKenna in the amount of $168.54.

Dr. McKenna was an expert/fact witness as to the type of injury sustained by plaintiff and the claims made by plaintiff. The Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost. Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page. The invoice indicates that the deposition transcript for Mr. McKenna was 61 pages, at a cost of $2.00 per page, for a total of $122.00.

The invoice submitted also indicates a "multipage condensed" version of the transcripts at a cost of $25.00, together with a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of $122.00 on the present record.

Deposition of Frederick Levesque

Defendants submit a claim for the cost of the deposition transcript of Fred Levesque in the amount of $375.00.

Mr. Levesque, Director of Offender Classification and Population Management at MacDougall/Walker Correctional Institution, testified as to his observations and review of plaintiff's file as[*11] well as to Department of Correction policies and procedures. Therefore, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost. Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page. The invoice indicates that the deposition transcript for Mr. McKenna was 72 pages. At the prevailing rate of $3.75, the total recoverable cost is $270.00.

The invoice submitted also indicates a "multipage condensed" version of the transcript at a cost of $25.00; an e-mail charge of $25.00; and a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of $270.00 on the present record.

Witness Fee for Anthony Crumb

Defendants submit a claim for witness fees for Anthony Crumb, the plaintiff's witness, who testified at a deposition and at trial.

[HN5] Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial, and witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. D. Conn. L. Civ. [*12] R. 54(c)(4)(I). Under D. Conn. L. Civ. R. 54(c)(2)(ii), fees for nonparty deponents, including mileage and subsistence, are taxable at the same rate as for attendance at trial, where the deposition is a taxable cost. Pursuant to *28 U.S.C. § 1821(b)*, a witness is to be paid an attendance fee of $40.00 per day for each day's attendance and for the time necessarily occupied in going to and returning from the place of attendance. Mileage is taxable at the statutory rate. D. Conn. L. Civ. R. 54(c)(4)(iii).

Defendants submit a check issued to Mr. Crumb on August 24, 2004 in the amount of $52.00 together with a Marshal's Invoice for Service in the amount of $40.90.
```
Transcript/Appearance Fees
of the Court Reporter         $ 2,526.25
Fees for Witnesses            $    80.90
TOTAL                         $ 2,607.15
```

SO ORDERED at Bridgeport this 29th day of September, 2005.

The statutory attendance fee of $40.00 per day is allowed. The defendants, however, failed to submit an invoice indicating the mileage and/or cost to Mr. Crumb to attend the deposition. Accordingly, defendants are entitled to witness fees of $40 at the present time. If the defendants determine the cost for mileage paid to Mr. Crumb, the parties may petition the Court for further review in the event of a dispute as to the amount of this cost.

Additionally, [HN6] the costs of service of process for[*13] discovery subpoenas are recoverable. D. Conn. L. Civ. R. 54(c)(1). The defendants have submitted a Marshal's invoice in the amount of $40.90. Therefore, costs are awarded for the appearance of Mr. Crumb at his scheduled deposition total $80.90.

Summary

For the reasons previously stated, Defendants' bill of costs is allowed as follows:

HOLLY B. FITZSIMMONS

UNITED STATES MAGISTRATE JUDGE

JAMES ARLIO, Plaintiff, v. MARLIN J. LIVELY, Defendant.
CIV. NO. 3:03CV2013 (JBA)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2005 U.S. Dist. LEXIS 22090

September 28, 2005, Decided

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff police officer filed an action against defendant former police chief, alleging that the police chief violated his rights under the First and Fourteenth Amendments to the U.S. Constitution and committed intentional infliction of emotional distress. A jury awarded the officer $150,000 in noneconomic damages and $100,000 in punitive damages, and the police chief filed motions for a directed verdict and a new trial.

OVERVIEW: The officer claimed that the police chief falsely accused him of sleeping on the job and summarily suspended him from his job in retaliation for support he gave to an opposing political candidate, and that he was not allowed to test for promotion and suffered humiliation. A jury returned a verdict in favor of the officer on his claims that the police chief violated his rights under the First and Fourteenth Amendments and committed intentional infliction of emotional distress, and although it did not award economic damages, the jury awarded noneconomic damages and punitive damages. The district court held that (1) the jury's verdict negated a finding that the police chief acted reasonably, and the chief was not entitled to qualified immunity; (2) the jury's verdict awarding the officer $100,000 in noneconomic damages and $150,000 in punitive damages was within the realm of rationality, similar to awards in other cases, and did not shock the court's conscience; and (3) the officer was entitled to an award of attorney fees and costs, pursuant to *42 U.S.C.S. § 1988,* because he was the prevailing party.

OUTCOME: The court denied the police chief's motions for a directed verdict and for a new trial, granted the officer's motion for an award of attorney fees and costs, and awarded the officer $81,453 in attorney fees and costs.

CORE TERMS: retaliation, punitive damages, new trial, matter of law, excessive, emotional distress, motive, qualified immunity, jury charge, compensatory damages, propensity, motivation, intentional infliction of emotional distress, embarrassment, non-economic, suspending, suspension, subjective, probative, expedited, suspended, sleeping, promoted, prong, police officers, preparing, infliction of emotional distress, employment discrimination, punitive damages awarded, government official

LexisNexis(R) Headnotes

Constitutional Law: Civil Rights Enforcement: Civil Rights Act of 1871: Coverage
Constitutional Law: Civil Rights Enforcement: Immunity: Public Officials
[HN1] It can never be objectively reasonable for a government official to act with an intent that is prohibited by law. Therefore, the standard for qualified immunity in a First Amendment retaliation case is a subjective one, and it turns on an issue of fact, namely, the defendant's motive.

Civil Procedure: Relief From Judgment: Relief Generally
Torts: Damages: Compensatory Damages
[HN2] When evaluating an award of compensatory damages, a court may order a new trial only when the verdict is irrational or so high as to shock the judicial conscience. In order to determine whether a particular award is excessive, courts have found it useful to review awards in other cases involving similar injuries, while bearing in mind that any given judgment depends on a unique set of facts and circumstances.

Constitutional Law: Procedural Due Process: Scope of Protection

Case 3:02-cv-02304-MRK   Document 151-2   Filed 11/08/2005   Page 7 of 11

Page 317
2005 U.S. Dist. LEXIS 22090, *

Torts: Damages: Compensatory Damages
Torts: Damages: Punitive Damages
[HN3] The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor. The factors to be considered in determining excessiveness of punitive damages are the degree of reprehensibility of the defendant's misconduct, the disparity between compensatory and punitive damages awarded, and the difference between punitive damages awarded and the civil penalties authorized or imposed in comparable cases.

Evidence: Relevance: Relevant Evidence
Labor & Employment Law: Discrimination: Disparate Treatment: Burden Shifting Analysis
[HN4] The case law supports admission of testimony by other similarly-situated employees in statutory employment discrimination cases, where the plaintiff similarly must prove discriminatory motive or intent. It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group. More specifically, because an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial.

Civil Procedure: Costs & Attorney Fees: Litigation Costs
Civil Procedure: Costs & Attorney Fees: Attorney Fees
Constitutional Law: Civil Rights Enforcement: Costs & Attorney Fees
[HN5] A plaintiff who is a prevailing party in a civil rights case, is entitled to an award of reasonable attorney fees and costs. *42 U.S.C.S. § 1988.*

Civil Procedure: Costs & Attorney Fees: Litigation Costs
[HN6] Under U.S. Dist. Ct., D. Conn., Civ. R. 54(c)(2)(ii), a party may recover the cost of obtaining his or her deposition transcript if, among other reasons, the transcript is necessarily obtained for the preparation of the case and not for the convenience of counsel. Obtaining a client's deposition testimony is a reasonably necessary step in preparing that client to testify at trial and in preparing the examination of other witnesses, including the defendant, whose testimony is anticipated to bear on the same subject matter as covered in plaintiff's deposition. Similarly, copying costs are taxable only if counsel can demonstrate that copies were necessarily obtained for use in the case. U.S. Dist. Ct., D. Conn., Civ. R. 54(c)(3)(i).

COUNSEL: [*1] For James Arlio, Plaintiff: Karen Lee Torre, New Haven, CT.

For Martin J. Lively, Defendant: Colleen D. Fries, James E. Coyne, Coyne, von Kuhn, Brady & Fries, Stratford, CT.

For Chris Snyder, Movant: Brian C. Roche, Thomas F. Maxwell, Jr., Pullman & Comley, Bridgeport, CT.

JUDGES: JANET BOND ARTERTON, U.S.D.J.

OPINIONBY: JANET BOND ARTERTON

OPINION: RULING ON POST-TRIAL MOTIONS

[DOCS. # # 63, 65, 66, 68, 76, 77]

Plaintiff James Arlio, a police Sergeant for the Town of Trumbull, alleged that Marlin Lively, the former Chief of Police, retaliated against him for exercising his *First Amendment* rights, and violated his *Fourteenth Amendment* right to due process of law, by summarily suspending him on trumped-up charges of sleeping on the job and thereby sabotaging his chance to be promoted to Lieutenant. At trial, held May 3-9, 2005, the jury found the defendant liable on both of the constitutional claims as well as a state law claim of intentional infliction of emotional distress. The jury found that the plaintiff had failed to prove that he would have been promoted to Lieutenant but for the defendant's unconstitutional conduct, and thus awarded no economic damages, but[*2] awarded $150,000 in non-economic damages and $100,000 in punitive damages. See Verdict Form [Doc. # 58].

Defendant now challenges the jury verdict on a number of grounds. He seeks judgment as a matter of law on the basis of qualified immunity [Doc. # 63] and excessive damages [Doc. # 65]. He further seeks a new trial [Doc. # 66] on the ground that the Court erred in permitting certain other Trumbull police officers to testify concerning Lively's retaliation against them and in admitting evidence of previous labor arbitration proceedings between the parties in this case. For the reasons that follow, defendant's motions will be denied.

Case 3:02-cv-02304-MRK    Document 151-2    Filed 11/08/2005    Page 8 of 11

Page 318
2005 U.S. Dist. LEXIS 22090, *

Additionally, plaintiff seeks attorney fees as the prevailing party in this case, and his motion will be granted as set forth below.

I. Defendant's Renewed Motion for Judgment as a Matter of Law

Defendant seeks judgment as a matter of law on the basis that he is entitled to qualified immunity. Defendant argues, citing *Saucier v. Katz, 533 U.S. 194, 201, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001)*, and *Lennon v Miller, 66 F.3d 416, 421 (2d Cir. 1995)*, that a government official performing a discretionary function[*3] is shielded from *§ 1983* liability if he reasonably believed, in light of clearly established law, that his conduct was lawful. He asserts in a conclusory fashion, without citing to any trial evidence, that "this court should make the legal determination that the defendant is entitled to qualified immunity since it is clear that a reasonable officer could have believed that the defendant's actions were lawful...." Def. Mem. of Law [Doc. # 64] at 3.

The defendant misapprehends the standard for qualified immunity in a *First Amendment* retaliation case. Because malicious intent is an element of the plaintiff's claim in such a case, [HN1] "it can never be objectively reasonable for a government official to act with the intent that is prohibited by law." *Locurto v. Safir, 264 F.3d 154, 169 (2d Cir. 2001)*. Therefore the standard is a subjective one and "turns on an issue of fact," namely the defendant's motive. *Id. at 170*.

The jury in this case found that by suspending the plaintiff because of his protected political activity, defendant Lively wilfully violated the plaintiff's *First Amendment* rights. Therefore the jury necessarily found that Lively acted with[*4] a constitutionally prohibited retaliatory motive. The jury also found that Lively committed the state law tort of intentional infliction of emotional distress, which involves "extreme and outrageous" conduct exceeding "all possible bounds of decency, [so as] to be regarded as atrocious, and utterly intolerable in a civilized community." *Appleton v. Bd. of Educ., 254 Conn. 205, 210-11, 757 A.2d 1059 (2000)*. Given these jury findings, and given that the defendant cites no evidence supporting his argument, the Court cannot find that Lively acted reasonably as a matter of law. Therefore his motion for judgment on the ground of qualified immunity must be denied.

II. Damages

Defendant moves for judgment as a matter of law, see Def. Mot. [Doc. # 65], and for a new trial [Doc. # 66] on the grounds that the award of $150,000 in non-economic damages and $100,000 in punitive damages "is clearly excessive and not supported by the evidence." Def. Mem. [Doc. # 67] at 4. His memorandum of law simply restates defendant's conclusory position that the damages awarded against him were excessive, without providing legal arguments or citations. Defendant does[*5] not seek to have the damages awards reduced.

[HN2] When evaluating an award of compensatory damages, a court "may order a new trial only when the verdict is irrational or so high as to shock the judicial conscience ... ." *Nairn v. Nat'l R.R. Passenger Corp., 837 F.2d 565, 567 (2d Cir. 1988)*. "In order to determine whether a particular award is excessive, courts have found it useful to review awards in other cases involving similar injuries, while bearing in mind that any given judgment depends on a unique set of facts and circumstances." *Id. at 568*.

The award of $150,000 in compensatory damages to plaintiff Arlio cannot be said to be irrational. Although the jury did not find that Arlio would have been promoted to Lieutenant but for the suspension, and consequently did not award economic damages, the jury was instructed that it could award non-economic damages for "emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future." Jury Charge [Doc. # ] at 36. Arlio testified that he suffered embarrassment[*6] and humiliation due to the extensive local press coverage of Lively's accusation that Arlio was sleeping on the job. He further testified that this embarrassment is ongoing, as his coworkers and other members of the community still tease him about the incident. Arlio also stated that he suffered anxiety during the time Lively suspended him without a hearing, because of his uncertainty about whether he would be able to take the Lieutenant test or whether he would even get his job back. The jury found that Lively's actions against Arlio violated Arlio's *First Amendment* rights because they were motivated by political animus, and also that they constituted the state law tort of intentional infliction of emotional distress. Thus an award of damages for emotional distress is consistent with the jury's verdict in plaintiff's favor on these claims.

Second, the jury's award is well within the realm of recently-affirmed damages awards in *First Amendment* cases seeking compensation for emotional distress. See, e.g., *Gonzalez v. Bratton, 147 F. Supp. 2d 180 (S.D.N.Y. 2001)* ($250,000 verdict for emotional distress not excessive in light of evidence of ongoing sex-based[*7] harassment and retaliation, including defendant's acts of filing false disciplinary reports against plaintiff, leading to plaintiff's constructive discharge); *Phillips v. Bowen, 115 F. Supp. 2d 303 (N.D.N.Y. 2000)* (emotional distress

verdict of $400,000 upheld on jury verdict finding *First Amendment* retaliation against sheriff's department employee); *Mihalick v. Town of Simsbury, 37 F. Supp. 2d 125 (D. Conn. 1999)* (remittitur of damages ordered to $150,000 where plaintiff prevailed on claims for violation of *First* and *Fourth Amendment* rights and intentional infliction of emotional distress). While Plaintiff's memorandum of law in opposition to defendant's motion for a new trial [Doc. # 75] contains an extensive list of other similar cases with verdicts in this range, defendant cites no contrary evidence or cases. The compensatory damages award of $150,000 therefore is within the realm of rationality and similarity to awards in other cases, and does not shock the judicial conscience.

Similarly, the Court concludes that the jury's assessment of $100,000 in punitive damages is well within constitutional bounds. [HN3] "The *Due Process Clause of the Fourteenth*[*8] *Amendment* prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor." *State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 155 L. Ed. 2d 585, 123 S. Ct. 1513 (2003)*. The factors to be considered in determining excessiveness of punitive damages are the degree of reprehensibility of the defendant's misconduct; the disparity between compensatory and punitive damages awarded; and the difference between punitive damages awarded and the civil penalties authorized or imposed in comparable cases. *Id. at 418* (citing *BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 575, 134 L. Ed. 2d 809, 116 S. Ct. 1589 (1996))*.

Regarding the first prong, the evidence adduced at trial showed reprehensible conduct amounting not only to a violation of Arlio's constitutional rights but also intentional infliction of emotional distress. Arlio showed that the defendant engaged in a malicious campaign to tarnish his name and reputation based on Arlio's support for an opposing political candidate. Such efforts to chill *First Amendment* expression indeed could be considered reprehensible. Additionally, Arlio adduced undisputed evidence that Lively summarily suspended [*9]him from his job without offering a prior opportunity for Arlio to dispute Lively's accusation of sleeping on the job, and then persisted in ignoring Arlio at a subsequent public meeting. The violation of Arlio's due process rights was blatant.

Under the second prong of *Gore*, the assessment of $100,000 in punitive damages was less than the compensatory damages awarded, and thus well within the Supreme Court's direction that the ratio should not exceed "a single-digit." *State Farm, 538 U.S. at 425*. The third prong of the Gore test, requiring comparison between punitive damages and civil penalties, leads to the same conclusion, because the assessment of $100,000 is well within the range of compensatory damages awards in similar cases, as discussed above.

The Court therefore finds that the compensatory and punitive damages awards imposed by the jury were not excessive and were in accordance with governing law. Thus defendant's motions for a directed verdict and a new trial on this basis are denied.

III. Motion for New Trial

A. Testimony of Trumbull Police Officers

Defendant moves for a new trial on the ground that the Court erred in admitting[*10] the testimony of Officers Targowski, Hammel, Harry and Cifatte of the Trumbull Police Department, concerning acts of politically-motivated retaliation committed against them by defendant Lively. Defendant asserts that this was "propensity" evidence prohibited by *Fed. R. Evid. 404(b)* and was more prejudicial than probative. Def. Mem. of Law at 2.

However, as the Court held in denying defendant's motion in limine to exclude this testimony, Lively's specific intent and motive for disciplining Arlio was an element of Arlio's *First Amendment* retaliation claim. The evidence of Lively's treatment of similarly-situated police officers was probative of Lively's motivation for his adverse treatment of plaintiff, and thus was relevant and offered for a proper purpose under *Fed. R. Evid. 404(b)*.

*Rosa v. Town of East Hartford, 2005 U.S. Dist. LEXIS 5302, No. 3:00cv1367(AHN), 2005 WL 752206 (D. Conn. Mar. 31, 2005)*, relied on by the defendant, is distinguishable. The plaintiff in that case asserted a claim for unreasonable force, and as the court held, "the subjective motivations of an individual officer have no bearing on whether the[*11] force used to effectuate an arrest was reasonable under *§ 1983*." *Id. at *3*. Therefore the court excluded evidence of other situations where the defendant had used a police dog to make an arrest. By contrast, defendant Lively's subjective motivation or retaliatory intent was a key element that plaintiff Arlio was required to prove at trial. Defendant argues that the dissimilarity of the other officers' testimony regarding the time and circumstances of prior acts of retaliation rendered the officers' testimony merely evidence of Lively's "propensity to discipline officers who supported the Democratic party." Def. Mem. at 2. Defendant attempts to draw too fine a line between motivation to discipline officers of a particular persuasion and impermissible propensity evidence.

[HN4] The case law supports admission of testimony by other similarly-situated employees in statutory employment discrimination cases, where the plaintiff similarly must prove discriminatory motive or intent. "It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind[*12] firing an employee who is a member of that group." *Heyne v. Caruso, 69 F.3d 1475, 1479 (9th Cir. 1995)*; see also *Ansell v. Green Acres Contracting Co., 347 F.3d 515, 521 (3d Cir. 2003)* ("Other acts are admissible under *Rule 404(b)* in the employment discrimination context for the proper purpose of establishing negative discriminatory intent."). More specifically, "because an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial." *Phillip v. ANR Freight Sys., Inc., 945 F.2d 1054, 1056 (8th Cir. 1991)* (quoting *Hawkins v. Hennepin Technical Ctr., 900 F.2d 153, 154 (8th Cir.)*, cert. denied, *498 U.S. 854, 112 L. Ed. 2d 116, 111 S. Ct. 150 (1990)*).

Finally, the disputed testimony of the Trumbull police officers was more probative than prejudicial under *Rule 403*. Any "unduly inflammatory" effect of this testimony, Def. Mem. of Law at 3, was cured by the Court's limiting instruction during trial and in the jury charge:

On the *First[*13] Amendment* retaliation count, in which plaintiff Arlio alleges that the defendant suspended him because of what plaintiff claims was defendant's bias against officers perceived to be affiliated with the Police Union and the Trumbull Democratic Party, you have heard the testimony of Officers Edward Targowski, Kevin Hammel, Michael Harry, and Richard Cifatte. This testimony was permitted only on the issue of defendant Lively's motive in disciplining plaintiff Arlio. It is to be considered only on this issue and not as showing any propensity of the defendant to act in any particular way. In other words, it is only permitted to be considered as to whether the defendant was politically motivated in suspending Arlio.

Jury Charge [Doc. # 55] at 16. The jury is presumed to follow its instructions.

Additionally, contrary to defendant's argument, the officers' testimony was permitted under the terms of their 2002 settlement agreement with the Town of Trumbull. See Def. Mem. of Law, Ex. B. As defendant acknowledges, the agreement contains an exception "as otherwise provided by law or judicial process," id. at P6, which clearly applies to witnesses subpoenaed to testify at this[*14] trial. Having found their testimony relevant and proper for the limited purpose offered, it was not "merely an opportunity for the officers to once again reiterate the claims made in their complaint which was conditionally settled." Def. Mem. at 3. Preclusion of the other officers' testimony at Arlio's trial would have been antithetical to public justice because it would have permitted a private agreement to override a judicial subpoena.

B. Labor Arbitration Decision

Defendant contends that the Court "erred in allowing the jury to hear any reference to the fact that the plaintiff filed a grievance which was upheld by the State Labor Board," Def. Mem. at 4, on the grounds of irrelevance and unfair prejudice under *Fed. R. Evid. 402* and *403*. The jury was charged that they were "not to consider [the] board's decision except for the explanation as to why the plaintiff is not seeking damages for any lost wages he may [have] incurred during the time of his suspension." Jury Charge at 15-16. Further, the jury was entitled to consider the evidence that, due to the suspension imposed by Lively, plaintiff had to[*15] pursue another adversarial proceeding to recover, belatedly, unpaid salary and benefits.

IV. Plaintiff's Motion for Attorney Fees and Costs

[HN5] As a prevailing party in a civil rights case, plaintiff is entitled to an award of reasonable attorney fees and costs. *42 U.S.C. § 1988*. Plaintiff has filed a motion seeking an award of $68,985 in attorney fees and $1,387.44 in costs through the time of trial [Doc. # 68], and a supplemental motion for $11,310 in fees for post-judgment proceedings [Doc. # 77]. n1 Plaintiff's counsel requests a rate of $300/hour for her time. Defendant does not object to this rate, and on the basis of the supporting affidavits, the Court finds it reasonable in light of counsel's experience. Therefore the requested attorney fees are granted in the amount of $80,295.

------------------Footnotes------------------

n1 Plaintiff's motion for leave to file an amended affidavit in support of these motions [Doc. # 76] is GRANTED, and the affidavit is made part of the record.

---------------End Footnotes---------------

Defendant objects[*16] to plaintiff's request for the cost of plaintiff's deposition transcript. [HN6] Under D. Conn. L. Civ. R. 54(c)(2)(ii), a party may recover such costs if, among other reasons, the transcript is "necessarily obtained for the preparation of the case and not for the convenience of counsel." Obtaining a client's deposition testimony is a reasonably necessary step in preparing that client to testify at trial and in preparing the examination of other witnesses, including the defendant, whose testimony is anticipated to bear on the same subject matter as covered in plaintiff's deposition. Therefore this cost is recoverable.

Similarly, copying costs are "taxable only if counsel can demonstrate that ... copies were necessarily obtained for use in the case." Id. at 54(c)(3)(i). As it is this Court's preference that counsel provide jurors with exhibit books for their use during trial, plaintiff's request for such copying expenses is granted over defendant's objection.

Plaintiff's request for costs of an expedited transcript of a January 2005 status conference are disallowed under Local Rule 54(c)(7)(iv) as having been "produced for the convenience of counsel." The request for an expedited transcript[*17] of the hearing on the *Rule 50* motion is similarly denied, and only regular transcript rates ($3.30/page) are recoverable. The transcript was needed to aid in preparing plaintiff's opposition brief to defendant's renewed motion for judgment as a matter of law, but plaintiff sought neither an extension of time to permit regular transcript receipt, nor requested leave to incur expedited transcript costs and obtain recovery thereof.

Finally, defendant's objection is sustained as to the cost of attempted service of a subpoena on Attorney Floyd Dugas, who did not testify at trial. See D. Conn. L. Civ. R. 54(c)(1), (permitting "service fees for ... subpoenas for nonparty witnesses testifying at trial."). In sum, plaintiff is awarded costs in the amount of $1,158.89.

V. Conclusion

Accordingly, defendant's post-trial motions [Docs. # # 63, 65, 66] are DENIED. Plaintiff's motions [Docs. # # 68, 76, 77] for costs and fees are GRANTED in the total amount of $81,453.89, and an amended judgment shall issue accordingly.

IT IS SO ORDERED.

/s/

JANET BOND ARTERTON, U.S.D.J.

Dated at New Haven, Connecticut, September 28, 2005[*18].